1  REGINALD D. STEER (SBN 56324)
   rsteer@akingump.com
2  MARIA ELLINIKOS (SBN 235528)
   mellinikos@akingump.com
3  ANDREW CHO (SBN 240957)
   acho@akingump.com
4  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   580 California Street, 15th Floor
5  San Francisco, California 94104-1036
   Telephone:    415-765-9500
6  Facsimile:    415-765-9501

7  Attorneys for Specially Appearing Defendant
   Candover Investments PLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OLIVER HILSENRATH,<br><br>              Plaintiffs,<br><br>v.<br><br>EQUITY TRUST (JERSEY) LIMITED, CANDOVER INVESTMENTS PLC AND DOES 1-10,<br><br>              Defendants. | Case No. 07-4162 (WHA)<br><br>**NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS**<br><br>Date:    October 18, 2007<br>Time:    8:00 a.m.<br>Ctrm:    9, 19th floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 18, 2007 at 8:00 a.m. or as soon thereafter as the matter may be heard, before the Honorable William H. Alsup of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, specially appearing Defendant Candover Investments PLC will and hereby does move to dismiss the Complaint


of Plaintiff Oliver Hilsenrath ("Plaintiff") for lack of personal jurisdiction and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5).

This Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declarations of Andrew Moberly and Maria Ellinikos filed herewith, the pleadings, records and papers on file in this action, such other papers as may be filed at or before the hearing, oral arguments of counsel and any other matters properly before the Court.

## ISSUES TO BE DECIDED

1. Does Candover Investments PLC have sufficient minimum contacts with California to warrant this Court's exercise of general personal jurisdiction?

2. Did Candover Investments PLC purposefully avail itself of the privilege of conducting activities in California out of which Plaintiff's claims arise, such that it would be reasonable for this Court to exercise specific personal jurisdiction over Candover Investments PLC?

3. Do Plaintiff's allegations establish that this Court's jurisdiction over Candover Investments PLC is proper under the "alter ego" doctrine?

4. Does Candover Investments PLC have sufficient national contacts to support this Court's exercise of jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2)?

5. Does Plaintiff's service of process on Candover Investments PLC comply with the Hague Convention and Federal Rule of Civil Procedure 4?

I.   INTRODUCTION ............................................................................................................1

II.  STATEMENT OF FACTS ..............................................................................................2

III. ARGUMENT ...................................................................................................................5

  A. This Court Cannot Exercise Personal Jurisdiction Over Candover Investments
     PLC Because Candover Investments PLC Lacks The Requisite Contacts With
     California .................................................................................................................5

     1. Legal Standard ..................................................................................................5

     2. General Jurisdiction Does Not Exist.................................................................6

     3. Specific Jurisdiction Does Not Exist ................................................................7

     4. Other Entities' Contacts With California Do Not Subject Candover
        Investments PLC to Personal Jurisdiction .......................................................9

  B. This Court Cannot Exercise Personal Jurisdiction Over Candover Investments
     PLC Pursuant to Rule 4(b)(2) Because Candover Investments PLC Does Not
     Have The Requisite Minimum Contacts with The United States .........................10

  C. The Court Lacks Jurisdiction Over Candover Investments PLC For the
     Independent Reason That Plaintiff Failed To Properly Serve Candover
     Investments PLC ...................................................................................................13

IV.  CONCLUSION..............................................................................................................14

# TABLE OF AUTHORITIES

## CASES

Abrams Shell v. Shell Oil Co.,
 165 F. Supp. 2d 1096 (C.D. Cal. 2001) .......................................................................... 6

Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.,
 1 F.3d 848 (9th Cir. 1993) .......................................................................................... 7, 8

Asahi Metal Industry Co., Ltd. v. Superior Court,"
 480 U.S. 102 (1987) ........................................................................................................ 9

Bancroft & Masters, Inc. v. Augusta National Inc.,
 223 F.3d 1082 (9th Cir. 2000), overruled on other grounds by
 Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,
 433 F.3d 1199, 1207 (9th Cir. 2006) .......................................................................... 7, 8

Brand v. Menlove Dodge,
 796 F.2d 1070 (9th Cir. 1986) ........................................................................................ 9

Brockmeyer v. May,
 383 F.3d 798 (9th Cir. 2004) .................................................................................. 14, 15

Consolidated Development Corp. v. Sherritt,
 216 F.3d 1286 (11th Cir. 2000) ............................................................................... 12, 13

Data Discount, Inc. v. Systems Technology Associates, Inc.,
 557 F.2d 1280 (9th Cir. 1977) ........................................................................................ 7

Doe v. Unocal Corp.,
 248 F.3d 915 (9th Cir. 2001) ................................................................................... 12, 13

Fireman's Fund Insurance Co. v. National Bank,
 103 F.3d 888 (9th Cir. 1996) .......................................................................................... 6

Floyveyor International Ltd. v. Superior Ct.,
 59 Cal. App. 4th 789 (1997) ......................................................................................... 14

Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,
 284 F.3d 1114 (9th Cir. 2002) ................................................................................. 12, 13

Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,
 784 F.2d 1392 (9th Cir. 1986) ........................................................................................ 6

Hilsenrath, et al. v. Equity Trust, et al., United States District Court,
 Northern District of California, San Francisco Division, Case No. C-07-3312 ............... 5

Hilsenrath, et al. v. Nixon Peabody LLP, et al., United States District Court,
 Northern District of California, San Francisco Division, Case No. C-07-3193 ............... 5

Hirsh v. Blue Cross, Blue Shield of Kansas City,
 800 F.2d 1474 (9th Cir. 1986) .................................................................................... 6, 8

Holland America Line Inc. v. Wartsila N.A., Inc.,
 485 F.3d 450 (9th Cir. 2007) ........................................................................................ 13

1
NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER
INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
INSUFFICIENT SERVICE OF PROCESS

Insurance Co. of N. America v. Marina Salina Cruz,
    649 F.2d 1266 (9th Cir. 1981) .......................................................................... 9

International Shoe Co. v. Washington,
    326 U.S. 310 (1945) ........................................................................................ 6

Janvrin, et al. v. Hilsenrath, et al., United States District Court,
    Northern District of California, Oakland Division, Case No. C-02-1068 ........ 5

Kott v. Superior Court,
    45 Cal. App. 4th 1126 (1996) ........................................................................ 14

Ochoa v. J.B. Martin & Sons Farms, Inc.,
    287 F.3d 1182 (9th Cir. 2002) ........................................................................ 9

Omni Capital Intern. v. Rudolf Wolff & Co., Ltd.,
    484 U.S. 97 (1987) ........................................................................................ 14

Pebble Beach Co. v. Caddy,
    453 F.3d 1151 (9th Cir. 2006) ................................................................. 11, 12

Rae Systems, Inc. v. TSA Systems, Ltd.,
    2005 U.S. Dist. LEXIS 39450 (N.D. Cal. June 24, 2005) ...................... 10, 11

Rano v. Sipa Press, Inc.,
    987 F.2d 580 (9th Cir. 1993) .......................................................................... 9

Rocke v. Canadian Automobile Sport Club,
    660 F.2d 395 (9th Cir. 1981) .......................................................................... 9

Sonora Diamond Corp. v. Superior Court,
    83 Cal. App. 4th 523 (2000) .................................................................... 10, 11

Tuazon v. R.J. Reynolds Tobacco Co.,
    433 F.3d 1163 (9th Cir. 2006) .................................................................... 7, 8

Volkswagenwerk Aktiengesellschaft v. Schlunk,
    486 U.S. 694 (1988) ...................................................................................... 14

**STATUTES**

Rule 4(f)(3)). Id. at 808 ............................................................................................ 15

Rule 4 ................................................................................................................ 14, 15

Rule 4(b)(2) ............................................................................................................ 11

Rule 4(f)(2)(C)(ii) ................................................................................................... 15

Rule 4(f)(3) ............................................................................................................. 15

Rule 4(k)(2) ..................................................................................................... 11, 12,
................................................................................................................................ 13, 14

Rule 12(b)(2) ............................................................................................................ 5

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER
INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
INSUFFICIENT SERVICE OF PROCESS

supra Section III.A.2 ..........................................................................................................

## UNRECOGNIZED

The entries below, although they look like citations, could not be fully processed, since they did not contain any reporters built into the Full Authority dictionary.

658 U.N.T.S. 163, T.I.A.S. No. 6638, 28 U.S.C.A.
(Appendix following Fed. R. Civ. Proc. 4 (2007) .......................................................... 14

Comp. ¶¶ 29-63), ........................................................................................................ 10

Cal. Code Civ. Proc. § 410.10 ......................................................................................... 6

Equity Trust. Compl. ¶¶ 16, 40, 47-48 ...................................................................... 5, 6

Federal Rule of Civil Procedure 4(k)(2) ..................................................................... 1, 3

Federal Rules of Civil Procedure 12(b)(2) ...................................................................... 1

Hague Convention and Federal Rule of Civil Procedure 4 ........................................ 1, 3

infra p. 3 ........................................................................................................................... 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

This action is Plaintiff's second attempt (see infra p. 3) to force a British holding company, Candover Investments PLC, to come to California to defend claims arising out of the allegedly wrongful acts committed by an entirely separate entity. There is no basis for this Court to assert personal jurisdiction over Candover Investments PLC because: (1) Candover Investments PLC has no contacts with the State of California or the United States in the aggregate that would justify this Court's exercise of personal jurisdiction over it; (2) Candover Investments PLC had nothing whatsoever to do with the allegedly wrongful acts that give rise to this lawsuit; and (3) Plaintiff's service of process on Candover Investments PLC was insufficient.

Plaintiff cannot establish that this Court has personal jurisdiction over Candover Investments PLC. Candover Investments PLC does not have substantial or systematic and continuous contacts with California or the United States sufficient for this Court's exercise of general personal jurisdiction. Plaintiff does not allege otherwise. Moreover, it would not be reasonable for this Court to require Candover Investments PLC, a British company, to defend itself in a foreign forum in which Candover Investments PLC does not conduct business. Second, Candover Investments PLC conducted no activities in California or the United States that could support this Court's exercise of specific personal jurisdiction. Candover Investments PLC has not purposefully availed itself of the privileges of conducting business in California or the United States, nor, more importantly, do Plaintiff's claims arise out of any act by Candover Investments PLC. Indeed, Plaintiff does not directly attribute a single allegedly wrongful act to Candover Investments PLC.

Instead, Plaintiff alleges once again that Candover Investments PLC controls Equity Trust (Jersey) Limited ("Equity Trust") and should therefore be held liable for the allegedly wrongful acts Equity Trust committed between 1997 and 2007. However, Candover Investments PLC is just an investor in Equity Trust Holdings SARL, a holding company which owns an indirect interest in Equity Trust, and Candover Investments PLC first acquired its approximately 5% interest in Equity Trust Holdings SARL in May 2003 – more than six years after Plaintiff hired Equity Trust to manage his

<u>assets and the majority of the acts complained of allegedly occurred</u>.  Moreover, Candover Investments PLC does not control Equity Trust.  Indeed, Plaintiff alleges no facts, nor can he, that would even suggest that Candover Investments PLC controls Equity Trust.

Similarly, Plaintiff's allegation that Candover Investments PLC controls numerous unidentified businesses in the United States adds nothing to the jurisdictional analysis.  Plaintiff provides no facts supporting this assertion nor connects any acts by Candover Investments PLC in its alleged exercise of control over these unidentified businesses to Plaintiff's claims.  Thus, Plaintiff does not, and cannot, establish that Candover Investments PLC has the requisite national contacts to support an assertion of either general or specific jurisdiction over Candover Investments PLC pursuant to Federal Rule of Civil Procedure 4(k)(2).

Finally, Plaintiff's attempt to serve his summons and complaint on Candover Investments PLC, a British company located in England via Federal Express is invalid under the Hague Convention and Federal Rule of Civil Procedure 4 ("Rule 4").  Absent proper service, the Court has no basis upon which to exercise jurisdiction over Candover Investments PLC.

In sum, Plaintiff's vague and conclusory allegations of control do not establish this Court's jurisdiction over Candover Investments PLC.  Nor can the Court exercise personal jurisdiction over Candover Investments PLC absent proper service of the summons and complaint, which Plaintiff failed to accomplish.  Accordingly, the Court should dismiss Plaintiff's claims against Candover Investments PLC pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and insufficient service of process.

## II.   STATEMENT OF FACTS

Candover Investments PLC is a British holding company that organizes and invests in large European buyouts.  Declaration of Andrew Moberly ("Moberly Decl."), ¶ 2.  Its principal place of business is in the United Kingdom; it does not maintain an office, mailing address or any employees in California or elsewhere in the United States.  Id.  Candover Investments PLC has not designated an agent for service of process in California or elsewhere in the United States.  Id. at ¶ 3.  It is not registered or licensed to do business in California or elsewhere in the United States.  Id. at ¶ 4.

1  Candover Investments PLC does not conduct any business in California or elsewhere in the United
2  States. Id. at ¶ 5. Nor does it maintain bank accounts, own any real property or pay taxes in California
3  or elsewhere in the United States. Id. at ¶¶ 6-8.
4    Candover Investments PLC does not own a controlling interest in any company incorporated or
5  organized in the United States. Id. at ¶ 9. Candover Investments PLC does not participate in the
6  management of any company incorporated or organized in the United States. Id. at ¶ 10.
7    Of its direct investments, only one – a passive investment in Lombard Investments Inc., an
8  international private equity manager with offices in San Francisco, Bangkok and Hong Kong – is
9  incorporated in California. Id. at ¶ 11. Moreover, Candover Investments PLC has only three other
10 direct investments in the United States, none of which constitute controlling interests. Id. at ¶ 12.
11 Candover Investments PLC owns an 8.5% (fully diluted) passive interest in Dakota, Minnesota &
12 Eastern Railroad Corporation ("DMERC"). Id. The rights of Candover Investments PLC as a
13 DMERC shareholder are no greater than those of other DMERC shareholders. Id. Stephen Curran, a
14 director of Candover Investments PLC, is a non-executive member of DMERC's Board of Directors.
15 Candover Investments PLC also owns very small passive interests in Geocapital Partners, LLC and
16 Extraprise Group, Inc. Id.
17   Apart from these investments, the only other activity of Candover Investments PLC in the
18 United States is in connection with its recent private placement bond issue to investors in the United
19 States. Id. at ¶ 13. In June 2007, Candover Investments PLC participated in a road show in the United
20 States in connection with this bond issue. Id.
21   In May 2003, Candover Investments PLC acquired a 5.2% interest in Equity Trust Holdings
22 SARL, a Luxembourg holding company which owns an indirect interest in Equity Trust. Id. at ¶ 14.
23 Although Plaintiff alleges that Candover Investments PLC controls Equity Trust (see e.g. Compl. ¶ 16),
24 Candover Investments PLC does not even hold a direct interest in Equity Trust, and its interest in
25 Equity Trust Holdings SARL has never exceeded 5.5%. Moberly Decl., at ¶ 14. Moreover, the rights
26 of Candover Investments PLC as an Equity Trust Holdings SARL shareholder are equal to, and no
27 greater than, those accorded to any other shareholders of Equity Trust Holdings SARL. Id.
28

3
NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER
INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
INSUFFICIENT SERVICE OF PROCESS

Plaintiff is a private individual who was the founder, Chairman and Chief Executive Officer of US Wireless Corporation ("USWC"), which is now defunct. Compl. ¶ 14. In 2003, Plaintiff was indicted for defrauding USWC shareholders, and recently reached an agreement with the United States Attorney General pursuant to which he was sentenced on July 9, 2007 to 5 years' probation and 12 months of home confinement. See Declaration of Maria Ellinikos, Ex. 1. Since Plaintiff's indictment, he has filed two actions[1] which Judge Claudia Wilken related to an earlier action[2] in which Plaintiff is a counterclaimant. In these actions, Plaintiff has sought to hold others responsible for his fate. In Equity Trust I, Plaintiff dragged Candover Investments PLC into the fray, alleging that numerous defendants, including Equity Trust and Candover Investments PLC, committed acts between 2000 and 2002 which somehow resulted in USWC's decision to fire Mr. Hilsenrath's and USWC's bankruptcy. Candover Investments PLC moved to dismiss Plaintiff's complaint in Equity Trust I for lack of personal jurisdiction pursuant to Rule 12(b)(2), and a hearing has been set for September 27, 2007.[3]

Plaintiff now purports to allege additional claims against Equity Trust and Candover Investments PLC in the instant action, claiming that Equity Trust is somehow responsible for his conviction, and that Candover Investments PLC controls Equity Trust. Compl. ¶¶ 16, 40, 47-48.

Candover Investments PLC received Plaintiff's complaint and papers via federal express on August 16, 2007 in London, England. Moberly Decl., ¶ 15. The Federal Express International Air Waybill for Plaintiff's complaint and papers indicates that the Federal Express shipment was sent by Plaintiff Oliver Hilsenrath from his residence at 822 Eastbrook Court, Danville, California, 94506. Id. at ¶ 15, Ex. 1.

---

[1] Hilsenrath, et al. v. Nixon Peabody LLP, et al., United States District Court, Northern District of California, San Francisco Division, Case No. C-07-3193 CW (filed June 18, 2007); Hilsenrath, et al. v. Equity Trust, et al., United States District Court, Northern District of California, San Francisco Division, Case No. C-07-3312 CW (filed June 25, 2007) (hereinafter "Equity Trust I").

[2] Janvrin, et al. v. Hilsenrath, et al., United States District Court, Northern District of California, Oakland Division, Case No. C-02-1068 CW (filed March 5, 2002) (hereinafter "Janvrin").

[3] Candover Investments PLC moved to relate the instant action to Janvrin and Equity Trust I because the parties involved are substantially the same and all the actions concern the same alleged series of events. The motion is pending before Judge Wilken.

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

Cal. 2001). Here, Plaintiff has not, and cannot, meet his burden with respect to this Court's exercise of either general or specific personal jurisdiction over Candover Investments PLC.

### 2. General Jurisdiction Does Not Exist

General jurisdiction arises where a non-resident defendant's contacts with the forum state are "substantial" or "continuous and systematic" such that it is reasonable to exercise personal jurisdiction even when the cause of action is not specifically related to these contacts. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

To determine whether general jurisdiction exists, federal courts engage in a two part test. First, the Court must determine whether "the defendant [has] the requisite contacts with the forum state to render it subject to [the forum's] jurisdiction." Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc., 1 F.3d 848, 851 (9th Cir. 1993). If the defendant has the requisite contacts, the Court must then determine whether the assertion of jurisdiction is reasonable. Id. With respect to the first element for establishing general jurisdiction, the standard is "fairly high" and "requires that the defendant's contacts be of the sort that approximate physical presence." Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000), overruled on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1207 (9th Cir. 2006); see also Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1169 (9th Cir. 2006) ("a defendant must not only step through the door, it must also sit down and make itself at home").

Courts conducting a general jurisdiction analysis consider a variety of factors to determine whether the defendant's presence in the forum is sufficient to trigger the exercise of jurisdiction. These factors include the following:

- Is the defendant incorporated in the forum state?
- Does the defendant maintain an office, mailing address or employees in the forum state?
- Is the defendant registered or licensed to do business in the forum state?
- Does the defendant conduct business in the forum state?
- Has the defendant designated an agent in the forum state for service of process?
- Does the defendant pay taxes in the forum state?

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

1  •  Does the defendant maintain bank accounts in the forum state?

2  •  Does the defendant own real property in the forum state?

Id.; Hirsh, 800 F.2d at 1478; Amoco Egypt Oil, 1 F.3d at 851n.2.

The response of Candover Investments PLC to each of these questions is "no." Candover Investments PLC is a British holding company with its principal place of business in the United Kingdom. Moberly Decl. ¶ 2. Candover Investments PLC does not have (and never had) an office, mailing address or any employees in California. Id. It is not registered or licensed to do business in California, does not conduct business in California and has not designated an agent for service of process in California. Id. at ¶¶ 3-5. Candover Investments PLC does not maintain bank accounts, own real property or pay taxes in California. Id. at ¶¶ 6-8.

Moreover, its passive investment in Lombard Investments Inc., an international private equity manager residing in California as well as Bangkok and Hong Kong, does not confer general jurisdiction over Candover Investments PLC. See Bancroft & Masters, 223 F.3d at 1086 ("engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders").

Because Plaintiff cannot meet the first element of this test, the Court need not even address whether the exercise of general jurisdiction would be reasonable. However, even if the Court did reach this element (which it should not), the assertion of personal jurisdiction over Candover Investments PLC is not reasonable for the reasons stated below in the discussion of specific jurisdiction.

In sum, Plaintiff can show no facts that would even suggest that Candover Investments PLC has or ever had the required contacts with California to establish general jurisdiction.

3.  Specific Jurisdiction Does Not Exist

Specific jurisdiction requires the following showing: (1) the non-resident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable i.e. comports

with "fair play and substantial justice." Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986); see also Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F.3d 1182 (9th Cir. 2002). Plaintiff has not (nor can it) make this showing for the reasons set forth below.

First, it would not be reasonable to exercise personal jurisdiction over Candover Investments PLC. The Ninth Circuit regards this as the most important of the three factors. See Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F.3d 1182, 1188n.2 (9th Cir. 2002). Among the factors courts consider in determining reasonableness are "the extent of the defendant's purposeful interjection into the forum state" and "the burden of defending in the forum state." Rocke v. Canadian Automobile Sport Club, 660 F.2d 395, 399 (9th Cir. 1981).

Here, there is no purposeful interjection in California; Candover Investments PLC does not conduct business in California. Moberly Decl., ¶ 5. This fact alone makes the exercise of jurisdiction unreasonable. See Ins. Co. of N. Am. v. Marina Salina Cruz, 649 F.2d 1266, 1271 (9th Cir. 1981) ("The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated, and the less reasonable is its exercise."). Moreover, because Candover Investments PLC is based in the United Kingdom, it would be extremely burdensome for Candover Investments PLC to defend this litigation in California, where it has no contacts. This fact too weighs heavily against the exercise of jurisdiction. See Asahi Metal Industry Co., Ltd. v. Superior Court, 480 U.S. 102, 114 (1987) ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."); Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993) ("Litigation against an alien defendant requires a higher jurisdictional barrier than litigation against a citizen from a sister state.").

Second, Candover Investments PLC has never purposely directed its business activities towards California residents or otherwise availed itself of the privilege of conducting business in California. As discussed above, Candover Investments PLC does not conduct business in California. Moberly Decl. ¶ 5. Indeed, Plaintiff does not identify a single act that Candover Investments PLC committed in

California, let alone an act which justifies this Court's exercise of jurisdiction over Candover Investments PLC.

Finally, Plaintiff's claims do not arise out of any activities of Candover Investments PLC in California. Not only did Candover Investments PLC acquire its interest in Equity Trust Holdings SARL on May 21, 2003, more than six years after Plaintiff hired Equity Trust to manage his assets (Id. at ¶ 14) and the majority of the allegedly wrongful acts occurred (Comp. ¶¶ 29-63), but Plaintiff does not directly attribute a single wrongful act to Candover Investments PLC.

In sum, for this Court to have specific jurisdiction over Candover Investments PLC, Plaintiff must establish that it would be reasonable for this Court to exercise jurisdiction and that Candover Investments PLC directed an activity at California or its residents out of which Plaintiff's claims arise. Plaintiff has not, and cannot, satisfy these requirements.

### 4. Other Entities' Contacts With California Do Not Subject Candover Investments PLC to Personal Jurisdiction

As shown above, Candover Investments PLC does not have the requisite minimum contacts with California such that California could lawfully exercise jurisdiction over it. Plaintiff's attempt to sidestep this reality with conclusory allegations of control does not alter this result. Plaintiff cannot impute Equity Trust's alleged contacts to Candover Investments PLC to create personal jurisdiction under the alter ego doctrine.

Federal law provides that a court "may pierce the corporate veil jurisdictionally and attribute contacts accordingly" to exercise personal jurisdiction over a corporation if that corporation is the alter ego of another corporation. See Rae Systems, Inc. v. TSA Systems, Ltd., 2005 U.S. Dist. LEXIS 39450, *8 (N.D. Cal. June 24, 2005). "Under the alter ego doctrine, then, when the corporate form is used to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, the courts will ignore the corporate entity and deem the corporation's acts to be those of the persons or organizations actually controlling the corporation..." Sonora Diamond Corp. v. Superior Court, 83 Cal. App. 4th 523, 538 (2000). California law provides that the following two conditions must be met before the alter ego doctrine can be invoked: (1) "there must be such a unity of interest

9

and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist"; and (2) "there must be an inequitable result if the acts in question are treated as those of the corporation alone." Id. at 538. When applying the alter ego doctrine, courts consider the "commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other." Id. at 538-39.

Plaintiff does not allege that these factors are present here. Plaintiff merely alleges that Candover Investments PLC "controls Equity Trust [sic] since 2003 and exercises a controlling role over the management of Equity Trust." Compl. ¶ 16. However, "[a]t the pleading stage, conclusory allegations that a corporate entity is the alter ego of the defendant are insufficient to survive a motion to dismiss." Rae Systems, Inc., 2005 U.S. Dist. LEXIS 39450, at *9-10. Simply put, Plaintiff did not and cannot adequately allege that Candover Investments PLC is Equity Trust's alter ego such that this Court may exercise personal jurisdiction over Candover Investments PLC.

**B. This Court Cannot Exercise Personal Jurisdiction Over Candover Investments PLC Pursuant to Rule 4(b)(2) Because Candover Investments PLC Does Not Have The Requisite Minimum Contacts with The United States**

To establish personal jurisdiction under Rule 4(k)(2), a plaintiff must prove that: (1) his claims arise out of federal law; (2) the defendant is not subject to the personal jurisdiction of any state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction comports with due process. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1159 (9th Cir. 2006). Here, Plaintiff does not plead facts satisfying any of the three requirements. Plaintiff's complaint neither sets forth any federal law out of which his claims against Candover Investments PLC arise, nor alleges that Candover Investments PLC is not subject to the personal jurisdiction of any state court of general jurisdiction.

More importantly, however, even if Plaintiff did satisfy the first two requirements, Plaintiff does not and cannot establish that this Court's exercise of personal jurisdiction would comport with due process. The due process analysis is identical to the one discussed above when the forum was California, except here the relevant forum is the United States. Id. Thus, Plaintiff must show that the

10
NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

national contacts of Candover Investments PLC support the Court's exercise of personal jurisdiction. Id. at 1159; Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1126 (9th Cir. 2002). Here, Plaintiff's false and conclusory allegation that Candover Investments PLC "controls and co-manages numerous businesses with thousands of employees in the United States" (Compl. ¶ 88) falls far short of satisfying this requirement.[4]

First, Plaintiff's allegation does not add anything to the specific jurisdictional analysis because Plaintiff does not allege that his claims arise out of any acts by or contacts of Candover Investments PLC in the United States. See Pebble Beach, 453 F.3d at 1155 (to establish specific jurisdiction under Rule 4(k)(2), plaintiff must show that his claim arises out of or results from the defendant's forum-related activities) (citations omitted); Consolidated Development Corp. v. Sherritt, 216 F.3d 1286, 1292 (11th Cir. 2000) (where claims do not arise out of defendant's national contacts, there can be no specific jurisdiction).

Second, Plaintiff's false allegation does not establish that Candover Investments PLC has the requisite "substantial" or "continuous and systematic" national contacts to support this Court's exercise of general jurisdiction. Candover Investments PLC is a British holding company with its principal place of business in the United Kingdom. Moberly Decl. ¶ 2. Candover Investments PLC does not have (and never had) an office, mailing address or any employees in the United States. Id. It is not registered or licensed to do business in the United States, does not conduct business in the United States and has not designated an agent for service of process in the United States. Id. at ¶¶ 3-5. Candover Investments PLC does not maintain bank accounts, own real property or pay taxes in the United States. Id. at ¶¶ 6-8. Candover Investments PLC does not control, or participate in the management of, any companies incorporated or organized in the United States. Id. at ¶¶ 9-10.

The only direct contacts Candover Investments PLC has with the United States are in connection with its passive investments in four companies incorporated or organized in the United

---

[4] Significantly, if Plaintiff seeks to impute the contacts of the companies in which Candover Investments PLC invested to Candover Investments PLC, Rule 4(k)(2) cannot apply because Plaintiff would effectively be arguing that Candover Investments PLC is subject to the personal jurisdiction of all the courts where these companies could be sued. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001).

11
NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

States and a private placement bond issue it offered to American investors in June 2007. Moberly Decl. ¶¶ 11-13. Thus, in addition to its investment in Lombard Investments, Inc., Candover Investments PLC owns an 8.5% (fully diluted) interest in DMERC, and very small interests in Geocapital Partners, LLC and in Extraprise Group, Inc. Id. But, for the reasons discussed above, these passive investments do not constitute "substantial" or "continuous and systematic" activities in the United States, and do not therefore support the assertion of general jurisdiction. See supra Section III.A.2.

Nor does the activity of Candover Investments PLC in the United States in connection with its private placement bond issue. Moberly Decl., ¶ 13. Courts have consistently held that isolated incidents such as this one-time bond offering do not constitute the type of substantial or systematic and continuous contact needed to support this Court's assertion of general jurisdiction over Candover Investments PLC. See Consolidated Development Corp., 216 F.3d at 1293 (defendants' two bond offerings and appointment of agent for service of process in the United States did not exhibit the "sort of systematic business contacts with the forum that are consistent with the assertion of general personal jurisdiction"); Glencore, 284 F.3d 1114 at 1127 (defendant's seven shipments to the United States not sufficient to confer general jurisdiction over defendant); Holland America Line Inc. v. Wartsila N.A., Inc., 485 F.3d 450, 462 (9th Cir. 2007) (holding that one-time presentation at reception defendant sponsored does not support jurisdiction under Rule 4(k)(2)); Doe v. Unocal Corp., 248 F.3d at 922 (concluding that defendant's listing and promotion of sales of its stock in the United States does not confer jurisdiction under Rule 4(k)(2)). Moreover, the Ninth Circuit's recognition in Holland that in the few cases in which courts found jurisdiction pursuant to Rule 4(k)(2), the defendant had "extensive contacts" with the United States, further supports the conclusion that the four passive investments of Candover Investments PLC and one road show in the United States are too scant and transient to confer jurisdiction. Holland, 485 F.3d at 462.

Finally, even if the Court finds that Candover Investments PLC has sufficient national contacts to support the exercise of personal jurisdiction (which it should not), a reasonableness analysis would, for the reasons stated above, compel a contrary result. See supra Section III.A.3; Glencore, 284 F.3d at

12
NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

1127n7. This Court should not, therefore, exercise personal jurisdiction over Candover Investments PLC pursuant to Rule 4(k)(2).

### C. The Court Lacks Jurisdiction Over Candover Investments PLC For the Independent Reason That Plaintiff Failed To Properly Serve Candover Investments PLC

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of [process] must be satisfied." Omni Capital Intern. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Rule 4 governs service of process in federal district court and provides that a plaintiff may serve a foreign entity by any internationally agreed upon means, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extra-judicial Documents in Civil or Commercial Matters[5] ("Hague Convention"), or other means of service allowed by the applicable international agreement. Because Candover Investments PLC is a British company located in the United Kingdom, and the United Kingdom is a signatory to the Hague Convention, Plaintiff must serve Candover Investments PLC pursuant to the provisions of the Hague Convention.[6] See e.g. Floyveyor Int.'l Ltd. v. Superior Ct., 59 Cal. App. 4th 789, 794 (1997). Failure to comply with the Hague Convention renders service void, even if the defendant has actual notice of the lawsuit. Id.; Kott v. Superior Court, 45 Cal. App. 4th 1126, 1136 (1996). Moreover, Plaintiff bears the burden of establishing that service was valid. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

The Hague Convention authorizes service by a "Central Authority" in the United Kingdom or other permissible methods of serving documents not prohibited by the United Kingdom. Id. Here, Plaintiff did not attempt service through a Central Authority. Rather, Plaintiff sent the summons and complaint via Federal Express to Candover Investments PLC. See Moberly Decl. ¶ 15, Ex. 1. But this is similar to the method of service the Ninth Circuit held invalid under nearly identical circumstances in Brockmeyer. In Brockmeyer, the plaintiff tried to serve a British company by mailing the summons

---

[5] 20 U.S.T. 1361, 658 U.N.T.S. 163, T.I.A.S. No. 6638, 28 U.S.C.A. (Appendix following Fed. R. Civ. Proc. 4 (2007).

[6] The Hague Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988).

13
NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

and complaint from the United States to England. 383 F.3d at 799. The court noted that because the Hague Convention does not authorize service by international mail, such service must comply with Rule 4, which permits service by international mail if "sent by the clerk of the court, using a form of mail requiring a signed receipt" (Rule 4(f)(2)(C)(ii)) or if directed by the court (Rule 4(f)(3)). Id. at 808.

Plaintiff's method of service did not satisfy either of these requirements. First, as noted above, Plaintiff's complaint was not sent by the court clerk as required by Rule 4(f)(2)(C)(ii), but directly by Plaintiff. See Moberly Decl. ¶ 15, Ex. 1. Second, there is no indication that Plaintiff obtained the Court's permission pursuant to Rule 4(f)(3) to mail it directly to Candover Investments PLC. Accordingly, Plaintiff cannot establish sufficient service of process on Candover Investments PLC and the Court therefore lacks jurisdiction over it.

## IV. CONCLUSION

Candover Investments PLC respectfully submits that the Court should dismiss Plaintiff's claims against it because Candover Investments PLC lacks sufficient contacts with the State of California to warrant the exercise of jurisdiction and Plaintiff failed to serve Candover Investments PLC in accordance with the Hague Convention.

Dated: September 4, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP

By /s/
Maria Ellinikos
Attorneys for Specially Appearing Defendant
Candover Investments PLC

14
NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS