LATHAM & WATKINS LLP
  Peter A. Wald (Bar No. 85705)
  peter.wald@lw.com
  Darius Ogloza (Bar No. 176983)
  darius.ogloza@lw.com
  Sarah M. Ray (Bar No. 229670)
  sarah.ray@lw.com
  Jonathan F. Beardsley (Bar No. 240994)
  jonathan.beardsley@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone: +415.391.0600
Facsimile: +415.395.8095

Attorneys for Defendant
EQUITY TRUST (JERSEY) LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER HILSENRATH,<br><br>            Plaintiff,<br><br>     v.<br><br>EQUITY TRUST (JERSEY) LIMITED,<br>CANDOVER INVESTMENTS PLC, AND<br>DOES 1-10,<br><br>            Defendants. | CASE NO. C-07-4162 WHA<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EQUITY TRUST (JERSEY) LIMITED'S MOTION TO DISMISS COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF SERVICE OF PROCESS, AND *FORUM NON CONVENIENS*<br><br>Date:     October 18, 2007<br>Time:    8:00 a.m.<br>Place:   Courtroom 9, 19th Floor<br>Judge:  Honorable William H. Alsup<br><br>Complaint Filed: August 14, 2007 |

Case Number: C-07-4162 WHA
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

|  |  |  | Page |
|---|---|---|---|
| I. | | SUMMARY OF ARGUMENT ...................................................... | 1 |
| II. | | BACKGROUND FACTS ........................................................... | 2 |
| | A. | Equity Trust (Jersey) Limited's Contacts With California ................. | 2 |
| | B. | The Management Agreement and Settlement Agreement ..................... | 2 |
| | C. | The Complaint ........................................................... | 4 |
| III. | | ARGUMENT ................................................................ | 5 |
| | A. | Venue is Improper Based On the Management Agreement's and the Settlement Agreement's Forum Selection Clauses ........................ | 5 |
| | | 1. The Management Agreement's and the Settlement Agreement's Forum Selection Clauses Should be Enforced .................... | 5 |
| | | 2. Resolution of Plaintiff's Claim will Require Interpretation of the Management Agreement and the Settlement Agreement ........................................................ | 6 |
| | B. | Exercise of Personal Jurisdiction Over ETJL Is Improper ................. | 7 |
| | | 1. No General Jurisdiction Exists Over ETJL ...................... | 8 |
| | | 2. No Specific Jurisdiction Exists Over ETJL ...................... | 9 |
| | C. | Plaintiff's Service of ETJL Was Defective ............................... | 12 |
| | D. | Dismissal Is Appropriate Under The Doctrine Of *Forum Non Conveniens* ............................................................ | 13 |
| IV. | | CONCLUSION ............................................................. | 16 |

Case Number: C-07-4162 WHA
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

i

## CASES

*American Home Assur. Co. v. TGL Container Lines, Ltd.*

   347 F. Supp. 2d 749 (N.D. Cal. 2004) ........................................................... 5

*Arno v. Club Med, Inc.*

   22 F.3d 1464, 1467 (9th Cir. 1994) ............................................................. 16

*Asahi Metal Industry Co., Ltd. v. Superior Court*

   480 U.S. 102, 114 (1987) ........................................................................... 11

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*

   223 F.3d 1082, 1087 (9th Cir. 2000) ............................................................ 9

*Brockmeyer v. May*

   383 F.3d 798 (9th Cir. 2004) ................................................................. 1, 12

*Cheng v. Boeing Co.*

   708 F.2d 1406, 1411 (9th Cir. 1983) .......................................................... 14

*Core-Vent Corp. v. Nobel Indus. AB*

   11 F.3d 1482, 1485-1488 (9th Cir. 1993) ............................................... 1, 11

*Creative Technology, Ltd. v. Aztech System·PTE, Ltd.*

   61 F.3d 696, 702 (9th Cir. 1995) ............................................................... 14

*Doe v. American Nat'l Red Cross*

   112 F.3d 1048, 1051 & fn. 7 (9th Cir. 1997) .............................................. 10

*Doe v. Unocal Corp*

   27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998) ............................................... 8

*Doe v. Unocal Corp.*

   248 F.3d 915 (9th Cir. 2001) ...................................................................... 8

*FDIC v. British-American Ins. Co.*

   828 F.2d 1439, 1444 (9th Cir. 1987) .......................................................... 12

*Fields v. Sedgwick Associated Risks*, Ltd.

   796 F.2d 299, 302-03 (9th Cir. 1986) ........................................................ 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-4162 WHA
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

ii

Page(s)

*Flintkote Co. v. General Accident Assur. Co. of Canada*

    2004 WL 1977220, at *2 (N.D. Cal. Sept. 7, 2004) .............................................................. 8

*Hilsenrath v. Shepard*

    C-07-3586 (N.D. Cal. filed Jul. 11, 2007) ......................................................................... 10

*Indemnity Insurance Co. v. Schneider Freight USA, Inc.*

    2001 WL 1356247, at 5 (C.D. Cal. 2001) ............................................................................ 7

*International Shoe Co. v. Washington*

    326 U.S. 316 (1945) ............................................................................................................... 7

*Jackson v. Hayakawa*

    682 F.2d 1344, 1347 (9th Cir. 1982) ................................................................................... 13

*Jazini v. Nissan Motor Co., Ltd.*

    148 F.3d 181, 184, 186 (2d Cir. 1998) ................................................................................. 8

*Kovzac Ltd. v. Westway Trading Co.*

    No. Civ.A. 02-3702, 2003 WL 21459953 (E.D.La. June 19, 2003) .................................... 14

*KVOS, Inc. v. Assoc. Press*

    299 U.S. 269, 278 (1936) ...................................................................................................... 7

*Lueck v. Sundstrand Corp.*

    236 F.3d 1137, 1142-43 (9th Cir. 2001) ....................................................................... 13, 14

*M/S Bremen v. Zapata Offshore Co.*

    407 U.S. 1 (1972) .................................................................................................................. 1

*M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1 (1972) ............................................................ 5

*Manetti-Farrow, Inc. v. Gucci*

    858 F.2d 509 (9th Cir. 1988) ............................................................................................... 1

*Manetti-Farrow, Inc. v. Gucci*

    858 F.2d 509, 514 (9th Cir. 1988) ....................................................................................... 7

*Mayo Assoc. v. Union Bank of Switzerland*

    No. 97 Civ. 8835(AGS), 1998 WL 274283 (S.D.N.Y. May 27, 1998) ............................... 14

iii

Case Number: C-07-4162 WHA
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

Page(s)

McGlinchy v. Shell Chem Co.

    845 F.2d 802 (9th Cir. 1988) ........................................................................... 9, 10

Mississippi Publishing Corp. v. Murphree

    326 U.S. 438 .......................................................................................................... 12

Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.

    473 U.S. 614 (1985) ............................................................................................... 5

Murphy v. Schneider Nat'l, Inc.

    362 F.3d 1133 (9th Cir. 2004) ............................................................................. 5

Northrop Corp. v. Triad Int'l Mktg, S.A.

    811 F.2d 1265 (9th Cir. 1987) ............................................................................. 5

Omeluk v. Langsten Slip & Batbyggeri A/S

    52 F.3d 267, 270 (9th Cir. 1995) ..................................................................... 8, 9

Pacific Atl. Trading Co. v. M/V Main Express

    758 F.2d 1325, 1330 (9th Cir. 1985) ................................................................ 11

Peterson v. Kennedy

    771 F.2d 1244, 1262 (9th Cir. 1985) ................................................................ 10

Piper Aircraft v. Reyno

    454 U.S. 235, 254 n. 22 (1981).......................................................................... 13

Richards v. Lloyd's of London

    135 F.3d 1289 (9th Cir. 1998) ............................................................................. 5

Rocke v. Canadian Auto. Sport Club

    660 F.2d 395 (9th Cir. 1981) ......................................................................... 8, 12

Scherk v. Alberto-Culver Co.

    417 U.S. 506, 517 n.11 (1974)............................................................................. 6

Schwarzenegger v. Fred Martin Motor Co.

    374 F.3d 797, 801 (9th Cir. 2004) ...................................................................... 8

Seecom Network Services Corp. v. COLT Telecom

Case Number: C-07-4162 WHA
iv
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

Page(s)

2004 WL 1960174 (N.D. Cal. Sept. 3, 2004) ........................................................... 5

*Starlight Co., Inc. v. Arlington Plastics Mach, Inc.*

2001 WL 677908 (N.D. Cal. June 8, 2001) ............................................................. 5

**RULES**

Fed. R. Civ. P. 45 ........................................................................................................ 15

Federal Rule of Evidence 201 ....................................................................................... 2

FRCP  4(f)(3) ("Rule 4(f)(3) .......................................................................................... 13

FRCP 4(f)(2)(C)(ii) ..................................................................................................... 13

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-4162 WHA                                                             v
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    SUMMARY OF ARGUMENT

3        Plaintiff filed his claim in this Court despite clear forum selection clauses in a

4   Company Management Agreement ("Management Agreement") and in a Settlement agreement

5   ("Settlement Agreement") that require him to seek relief against ETJL in the Island of Jersey.

6   *See* Declaration of Philip Joseph Austin ("Austin Decl."), Exhs. F & G.  Under controlling

7   Supreme Court precedent, the Management Agreement's and the Settlement Agreement's forum

8   selection clauses mandate dismissal of plaintiff's complaint.  *See M/S Bremen v. Zapata Offshore*

9   *Co.,* 407 U.S. 1 (1972) (forum selection clauses in international contracts are presumptively

10  valid).  *See also Manetti-Farrow, Inc. v. Gucci,* 858 F.2d 509, 514 (9th Cir. 1988)  (forum

11  selection clause will apply to a tort claim when the resolution of the claim relates to

12  interpretation of the contract).

13        Alternatively, the complaint should be dismissed for lack of personal jurisdiction.

14  From the time it entered into business relations with the plaintiff, and at all times since, ETJL has

15  been a Jersey corporation lacking any substantial contact with California.  *See Core-Vent Corp.*

16  *v. Nobel Indus. AB,* 11 F.3d 1482 (9th Cir. 1993).  Indeed, plaintiff has failed to allege a single

17  contact with this forum to support exercise of personal jurisdiction over ETJL, and his purported

18  service of process on ETJL was fatally flawed.  *See Brockmeyer v. May,* 383 F.3d 798 (9th Cir.

19  2004).

20        Lastly, even if plaintiff had, or could, sufficiently plead facts to establish this as a

21  permissible forum for this dispute (which is not the case), this Court should reject, under the

22  *forum non conveniens* doctrine, plaintiff's attempt to litigate in the Northern District of

23  California this dispute over the administration of trust services provided to an Israeli citizen by a

24  Jersey-based trust company.  *See* Austin Decl., ¶12, Exhs. F & G; *Sussman v. Bank of Israel,* 801

25  F. Supp. 1068 (S.D.N.Y. 1992).  The Management Agreement, which sets forth the parties'

26  respective rights and duties relating to those trust services, provides that it "shall be governed by,

27  construed and interpreted in accordance with the laws of the Island of Jersey," the forum in

28  which these sophisticated parties agreed to resolve their disputes, where the alleged misconduct

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO
Case Number: C-07-4162 WHA                                        1
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1  occurred and where most material witnesses and documents can be found. Austin Decl., Exh. F.

2  **II.    BACKGROUND FACTS**

3      **A.    <u>Equity Trust (Jersey) Limited's Contacts With California</u>**

4          ETJL is a leading trust company providing trust and fiduciary services to high net

5  worth individuals, corporations and intermediaries. Austin Decl., ¶ 3. ETJL offers its clients

6  trust, estate planning, family office, structuring, investor support and other financial services.

7  *See id.* Although it has clients globally, ETJL has had limited contact with California. For

8  example, ETJL does not maintain offices or places of business in California and does not own or

9  lease any property here. *Id.*, ¶ 7. ETJL does not have any officers, employees, agents, or

10  maintain books or records in California. *Id.*, ¶ 8. Nor does it have bank accounts, telephone

11  directory listings or mailing addresses in the state. *Id.* ETJL does not direct any advertising of

12  its services toward California. *Id.*, ¶ 6. ETJL has never appointed an agent to receive service of

13  process in California, and, in fact, no ETJL employee has traveled to California for business

14  purposes in several years. *Id.*, ¶¶ 9, 10. Furthermore, at the time ETJL entered into contractual

15  relations with Mr. Hilsenrath, Mr. Hilsenrath was an Israeli citizen.[1] *See* Austin Decl., Exh. F;

16  *see also* Declaration of Jonathan F. Beardsley ("Beardsley Decl."), ¶ 2, Exh. A. Plaintiff himself

17  acknowledges that ETJL operates outside of the United States and has not acted in California.

18  Cmpl. ¶¶ 15, 22, 64.

19      **B.    <u>The Management Agreement and Settlement Agreement</u>**

20          ETJL does *not* provide tax or legal advice to its clients; nor does it maintain

21  beneficial ownership of any of the structures (i.e., trusts, corporations, partnerships, limited

---

23  [1]  Mr. Hilsenrath entered into a Management Agreement with ETJL (then called Matheson
24 Trust Company (Jersey) Limited) with his wife, Hana Hilsenrath, in 1999 as "Hana and
Oliver Hilsenrath of 58 Shimshon Street, Haifa, Israel." *See* Austin Decl., Exh. F. Oliver
25 Hilsenrath is presently engaged in as many as seven actions in the Northern District of
California. Mr. Hilsenrath has claimed Israeli citizenship and residency in numerous
recently-filed submissions with this Court in other pending cases. *See* Beardsley Decl., ¶¶ 2-
26 4, Exhs. A, B & C; *see also* Appendix A to this Motion. Pursuant to Federal Rule of
Evidence 201, these documents are matters of which a court must take judicial notice. FRE
27 201(d). Certified copies of the Hilsenrath filings are attached as exhibits to the concurrently-
filed Declaration of Jonathan F. Beardsley.
28

Case Number: C-07-4162 WHA           2
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1   liability companies, etc.) typically created during a client relationship. *See* Austin Decl., ¶¶ 3,

2   15, 16. ETJL's clients usually request administrative services for these structures—services

3   ETJL provides pursuant to Management Agreements which set forth the rights and duties that

4   govern legal relations with its clients. In August 1999, Mr. Hilsenrath and his wife, Hana

5   Hilsenrath, entered into a Management Agreement with ETJL as to Telecom Associates (T.A.)

6   Limited, a structure which plaintiff admits is implicated in this litigation. Austin Decl., Exh. F.

7   The Management Agreement binds ETJL to "provide directors" to the Hilsenrath structure, who,

8   in turn, are to "receive the advice and recommendations of the client." *Id.*, Exh. F, ¶ 1 (h)-(i).

9   The Management Agreement limits the liability of ETJL and its agents, providing that "the client

10  agrees":

> [n]either himself nor any third party of which he has control shall hold [ETJL] . . . responsible as a shareholder or as a director or other officer of the company, except in the case of fraud, wilful misconduct or gross negligence . . . and that furthermore he will indemnify [ETJL] . . . by reason of [ETJL] . . . acting or having acted . . . with regard to the affairs of the company . . . or by the provision by [ETJL] of such directors, shareholders, secretary or other officers . . . provided the same shall not be due to fraud, willful misconduct or gross negligence . . . .

16  *Id.*, Exh. F ¶ 3(b).

17         The Management Agreement also includes a forum selection and choice of law

18  clause requiring application of Jersey law and submission of disputes implicating the

19  Management Agreement to the Jersey courts. Specifically, the Management Agreement provides

20  as follows:

> 8. THIS AGREEMENT shall be governed by construed and interpreted in accordance with the laws of the Island of Jersey, and all parties shall submit to the jurisdiction of the courts of the said Island.

23  *See id.*, Exh. F, ¶ 8.

24         On June 18, 2001, Mr. Hilsenrath entered into a Settlement Agreement with

25  Insinger Trust Company Limited to form the Firefly Trust, a structure that plaintiff admits is

26  implicated in this litigation. Austin Decl. Exhibit G. The Settlement Agreement includes a

27  forum selection and choice of law clause requiring application of Jersey law and administration

28

Case Number: C-07-4162 WHA                    3
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1  of the Firefly Trust in the Jersey courts.

2     This Settlement is established under the laws of the Island of
   Jersey and subject to any change in the Proper Law of this
3     Settlement duly made according to the powers and provisions
   hereinafter declared the Proper Law of this Settlement shall be the
4     law of the Island of Jersey and  the Courts of the said Island shall
   be the forum for the administration hereof to whose non-exclusive
5     jurisdiction the Trustees shall be deemed to have submitted.

6  *See id.*, Exh. G, ¶ 2.

7    **C.**  **The Complaint**

8     The complaint as to ETJL alleges that ETJL acted in a manner that facilitated Mr.

9  Hilsenrath's indictment for mail fraud, wire fraud, securities fraud, conspiracy, aiding and

10  abetting and income tax evasion by the United States government.  *See* Cmpl. ¶¶ 40; 48; 58; 63.

11  Mr. Hilsenrath ultimately pleaded guilty to one count of securities fraud and one count of income

12  tax evasion.[2]  *See* Judgment in a Criminal Case in the matter of *United States v. Hilsenrath,*

13  Northern District No. CR-03-213, WHA; Beardsley Decl. Exh. D.  In support of his allegations,

14  Mr. Hilsenrath claims that ETJL breached duties owed to him by withholding Firefly Trust assets

15  that were in trust for him in Jersey pending the outcome of Mr. Hilsenrath's U.S. criminal case,

16  that ETJL destroyed Telecom Associates (T.A.) Limited records in its possession in Jersey, and

17  that one or more ETJL employees testified falsely as to ETJL's policy of not advising clients on

18  tax matters at a deposition taken on the Island of Jersey.  *See, e.g.,* Cmpl. ¶¶ 37-40; 42-43; 48-

19  49; 58; 63; *see also* Austin Decl. ¶¶ 3; Exhs F & G.  Mr. Hilsenrath appears to allege that these

20  actions hampered his legal defense of the criminal case brought against him by the United States.

21  *See, e.g.,* Cmpl. ¶¶ 40; 49; 63.

22  //

23  //

24  //

25  

26  [2]  The complaint implies that Mr. Hilsenrath was exonerated of the criminal charges. Cmpl. ¶
47.  In fact, Hilsenrath was sentenced on July 9, 2007 after pleading guilty to a count of
27  securities fraud and tax evasion relating to his use of offshore accounts.  *See* Beardsley Decl.,
¶¶ 6-7, Exh. E.
28  

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-4162 WHA    4
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

### III.    ARGUMENT

#### A.    <u>Venue is Improper Based On the Management Agreement's and the Settlement Agreement's Forum Selection Clauses</u>

In *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1 (1972) ("The *Bremen*"), the Supreme Court held that forum selection clauses in international contracts are presumptively valid. Since then, federal courts have consistently enforced such clauses. *See, e.g., Richards v. Lloyd's of London*, 135 F.3d 1289 (9th Cir. 1998); *American Home Assur. Co. v. TGL Container Lines, Ltd.*, 347 F. Supp. 2d 749 (N.D. Cal. 2004); *Seecom Network Servs. Corp. v. COLT Telecom*, 2004 WL 1960174 (N.D. Cal. Sept. 3, 2004); *Starlight Co., Inc. v. Arlington Plastics Mach, Inc.*, 2001 WL 677908 (N.D. Cal. June 8, 2001). A motion to dismiss for improper venue is the appropriate means for raising contractual forum selection rights. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133 (9th Cir. 2004). In considering such motions, courts may "consider facts outside the pleadings." *Seecom*, 2004 WL 1960174 (*citing Murphy*, 362 F.3d at 1137); *see also American Home*, 347 F. Supp. 2d at 755. Because the Management Agreement and the Settlement Agreement contain forum selection clauses that specify Jersey as the parties' selected forum, this forum is not a proper venue.

#### 1.    The Management Agreement's and the Settlement Agreement's Forum Selection Clauses Should be Enforced

In *Northrop Corp. v. Triad Int'l Mktg, S.A.*, the Ninth Circuit observed: "choice of law and choice of forum provisions in international commercial contracts are an almost indispensable precondition to achievement of the orderliness and predictability essential to any international business transaction, and should be enforced absent strong reasons to set them aside." 811 F.2d 1265, 1270 (9th Cir. 1987). In other words, "concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement, even assuming that a contrary result would be forthcoming in a domestic context." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 629 (1985). As the Supreme Court has explained, in the context of international commercial

Case Number: C-07-4162 WHA                                         5
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1  agreements, there is "no basis for a judgment that only United States laws and United States

2  courts should determine this controversy in the face of a solemn agreement between the parties

3  that such controversies be resolved elsewhere." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506,

4  517 n.11 (1974).

5          The enforcement of the Management Agreement's and the Settlement

6  Agreement's forum selection clauses is eminently reasonable in this case.  Despite Mr.

7  Hilsenrath's creative efforts to plead around these facts, the complaint's allegations that ETJL

8  improperly withheld the Firefly Trust assets, "destroyed" records maintained in Jersey relating to

9  the tax-exempt status of Telecom Associates (T.A.) Limited and sponsored false testimony in

10 Jersey as to tax advice given to clients all require recourse to Jersey law, which defines the

11 parties' respective rights and duties under the Management Agreement and Settlement

12 Agreement, as well as interpretation of the Management Agreement and Settlement Agreement,

13 which are themselves governed by Jersey law.  *See* Austin Decl., Exhs. F & G.  In short, Mr.

14 Hilsenrath's spurious constitutional claims require recourse in the first instance to Jersey law and

15 to the parties' rights and duties under the Management Agreement and Settlement Agreement: if

16 ETJL's conduct was consistent with Jersey law and with its rights and duties under the

17 Management Agreement and Settlement Agreement, then Mr. Hilsenrath's claims fail.  Under

18 these circumstances, enforcement of the forum selection clauses is manifestly appropriate and

19 reasonable.

20          Moreover, Mr. Hilsenrath is a sophisticated, highly educated party with equal

21 bargaining power who availed himself of the trust services provided by ETJL because Jersey is a

22 "stable, low-tax jurisdiction."  *See* Austin Decl., ¶ 12, Exh. E.  He should not now be heard to

23 complain that the forum he selected for resolution of the issues he now raises cannot offer him a

24 fair and adequate hearing.

25          **2.      Resolution of Plaintiff's Claim will Require Interpretation of the
                      Management Agreement and the Settlement Agreement**

26          The law is clear that a party "cannot avoid enforcement of the forum selection

27 clause merely by couching its claims in tort…."  *Indemnity Ins. Co. v. Schneider Freight USA*,

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-4162 WHA                                      6
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLANT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1   *Inc.*, 2001 WL 1356247, at 5 (C.D. Cal. 2001). Whether the forum selection clause will apply to

2   a tort claim "depends on whether resolution of the claim relates to interpretation of the contract."

3   *Manetti-Farrow, Inc. v. Gucci*, 858 F.2d 509, 514 (9th Cir. 1988). In *Manetti-Farrow*, the Ninth

4   Circuit enforced the forum selection clause before it, reasoning that each of plaintiff's tort claims

5   "relates in some way to rights and duties enumerated in the exclusive dealership contract" and,

6   therefore, "cannot be adjudicated without analyzing whether the parties were in compliance with

7   the contract." 858 F.2d at 514. *Manetti-Farrow* is controlling and dispositive. Although

8   couched in the language of tort, Mr. Hilsenrath's claim against ETJL necessarily "relates in some

9   way to the rights and duties" enumerated in the Management Agreement and the Settlement

10  Agreement he entered into with ETJL. In fact, at least six Management Agreement clauses are

11  directly implicated by Mr. Hilsenrath's allegation that ETJL destroyed documents relating to the

12  Management Agreement and falsely stated its policy against providing tax advice to clients: ¶

13  1(j) (maintenance of corporate records); ¶ 2(c) (actions in conflict with the laws of the Island of

14  Jersey); ¶ 3(b) (indemnity rights); ¶¶ 3(b) & (e) (requirement of proof of bad faith); ¶ 3(e)

15  (exculpation clause); ¶ 3(g) (requirement that client obtain appropriate advice on taxation); and ¶

16  5 (termination). Austin Decl., Exh. F. In addition, at least four Settlement Agreement clauses

17  are directly implicated by the allegation that ETJL improperly withheld the Firefly Trust assets

18  from Mr. Hilsenrath: ¶ 3 (administration of the trusts); ¶ 5 (Trustee possession of the Trust Fund

19  and income); ¶ 9 (Trustee power of exclusion); ¶ 14 (exercise of Trustee powers). Austin Decl.,

20  Exh. G. Because plaintiff's claim against ETJL relates to "the rights and duties enumerated" in

21  the Management Agreement and the Settlement Agreement, the parties' forum selection clauses

22  should be enforced.

23      **B.     Exercise of Personal Jurisdiction Over ETJL Is Improper**

24          This Court may not exercise jurisdiction over ETJL absent the existence of

25  sufficient minimum contacts with California such that "maintenance of the suit must not offend

26  traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*,

27  326 U.S. 310, 316 (1945) (citation omitted). It is plaintiff's burden to allege and establish facts

28  demonstrating personal jurisdiction. *KVOS, Inc. v. Assoc. Press*, 299 U.S. 269, 278 (1936).

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-4162 WHA                                    7
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1  Where, as here, plaintiff has failed to allege sufficient facts to establish a *prima facie* showing,

2  the case must be dismissed. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184, 186 (2d Cir.

3  1998).

4  California's long-arm statute, Code of Civil Procedure § 410.10, permits the

5  exercise of jurisdiction "on any basis not inconsistent with the Constitution of this state or of the

6  United States." Consequently, the inquiry turns on whether the assertion of jurisdiction comports

7  with due process. *Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395, 398 (9th Cir. 1981).

8  ETJL's lack of contacts with California in general, and in particular with respect to this action,

9  renders maintenance of this action unconstitutional.

### 1.    No General Jurisdiction Exists Over ETJL

11  Exercise of general jurisdiction over a non-resident firm requires contacts with the

12  forum that are so substantial, continuous, and systematic that the defendant should expect to be

13  haled into court on any cause of action. *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d

14  267, 270 (9th Cir. 1995). The contacts must be so pervasive as to "approximate a physical

15  presence within the state." *Flintkote Co. v. Gen. Accident Assur. Co. of Canada*, 2004 WL

16  1977220, at *2 (N.D. Cal. Sept. 7, 2004). It "is an exacting standard, as it should be, because a

17  finding of general jurisdiction permits a defendant to be haled into court in the forum state to

18  answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor*

19  *Co.*, 374 F.3d 797, 801 (9th Cir. 2004); *see also Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1181

20  (C.D. Cal. 1998) (*aff'd Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001)) (noting that the

21  Ninth Circuit extends general personal jurisdiction to foreign companies only in very limited

22  circumstances).

23  No such contacts exist in this case. Plaintiff's complaint describes ETJL as a

24  "foreign (non-US) corporation[] and foreign citizen[]," Cmpl. ¶ 22, which is "a Jersey/UK based

25  trust company." Cmpl. ¶ 15. ETJL was incorporated as a private company under the Companies

26  (Jersey) Law 1991. Austin Decl., ¶ 3. It is headquartered in Jersey on the Channel Islands of the

27  United Kingdom. *Id.* It does not have offices in California. *Id.*, ¶ 7. It owns no property in

28  California and does not advertise in California or in publications expected to reach California.

LATHAM&WATKINS™
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-4162 WHA                                                     8
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1   *Id.*, ¶¶ 6, 7.   It does not have any officers, employees or agents in California. *Id.*, ¶ 8.   In fact, no

2   ETJL employees conduct regular business trips to California. *Id.*, ¶ 10.

3               **2.    No Specific Jurisdiction Exists Over ETJL**

4               Demonstrating specific jurisdiction over a defendant requires showing that: (1)

5   defendant performed some act by which it "purposefully avail[ed] [it]sel[f] of the privilege of

6   conducting activities in the forum," *and* (2) plaintiff's claims "arise out of" or "result[] from" the

7   defendant's forum-related contacts – i.e., a nexus test, *and* (3) the forum's exercise of personal

8   jurisdiction in the particular case comports with "fair play and substantial justice."[3]   *Omeluk*, 52

9   F.3d at 270.   The complaint fails this three-part test.

10                  a.    ETJL Did Not "Purposefully Avail" Itself of the Forum's Benefits

11              The complaint's scant allegations of direct misconduct by ETJL confirm that

12  ETJL did not "purposefully avail" itself of this forum's benefits.   In fact, the allegations tend to

13  confirm that exercise of jurisdiction over ETJL by this Court is improper.   Specifically, ETJL

14  performed all services for Mr. Hilsenrath in Jersey, and these services bore no substantial

15  connection to California.   The complaint alleges that ETJL destroyed documents held in Jersey

16  relating to agreements to be interpreted according to Jersey law, that ETJL employees falsely

17  testified as to the policies of a Jersey-based company during interviews conducted in Jersey and

18  that ETJL improperly refused to release funds held in Jersey by a trust organized under and

19  controlled by Jersey law.

20              None of these alleged acts were "expressly aimed" at California residents.[4]   In

21  fact, during all relevant times, Mr. Hilsenrath considered himself to be an Israeli citizen with his

22  permanent home in Israel.   For example, when Mr. Hilsenrath entered into the Management

23

---

24  [3]   Where the court finds that plaintiff has not met the "purposeful availment" prong of the
25  three-part personal jurisdiction test, it need not even reach other prongs.   *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 817 (9th Cir. 1988).

26  [4]   The "expressly aiming" requirement is satisfied only when it is alleged that the nonresident
27  engaged in "wrongful conduct targeted at a plaintiff whom the defendant knows to be a
    *resident of the forum state.*" *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082,
    1087 (9th Cir. 2000) (italics added); *see also Schwarzenegger*, 374 F.3d at 804.

28

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO
Case Number: C-07-4162 WHA                                9
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1    Agreement with ETJL in 1999 he did so as "Oliver Hilsenrath of 58 Shimshon Street, Haifa,

2    Israel." *See* Austin Decl., Exh. F.  Additionally, as plaintiff admitted in a motion filed November

3    30, 2006 in a related case: "Oliver and Hana Hilsenrath … at all times relevant to [their proposed

4    cross-complaint alleging ETJL's purportedly wrongful disclosure of their financial information]

5    have maintained their domicile in Israel."[5]  *See* Beardsley Decl., ¶ 2, Exh. A.  In short, ETJL

6    could not have "expressly aimed" any conduct toward this forum when Mr. Hilsenrath himself

7    claimed to be Israeli during all relevant times.[6]  Exercising personal jurisdiction over ETJL under

8    these circumstances would be improper.  *See McGlinchy*, 845 F.2d 802 (no purposeful availment

9    where "substance of the relationship was formed" outside of California, "contract makes no

10   reference to California…either as [plaintiff's] place of residence or as a forum for dispute

11   settlement," "no authorized agents of [defendant] were alleged to have performed or executed

12   any portion of the contract in California," and other alleged acts within California "fail to state a

13   *prima facie* case").

14                              b.      Mr. Hilsenrath's Claim Does Not "Arise Out Of" Forum-Related

15                                      Activities

16            The Ninth Circuit has adopted a "but for" test for determining whether a

17   plaintiff's injury arises out of a defendant's forum-related activities.  *Doe v. American Nat'l Red*

18   *Cross*, 112 F.3d 1048, 1051 & n.7 (9th Cir. 1997).  Under this standard, a claim "arises out of" a

19   defendant's forum related activities if plaintiff would not have suffered loss but for defendant's

20   _____

21   [5]    The only apparent contact with California is an exchange of correspondence between ETJL
22          and Mr. Hilsenrath that occurred when the latter was present in California.  *See* Austin Decl.,
             ¶12, Exh. E.  These communications are not sufficient to satisfy the purposeful availment
23          test.  *See Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) ("use of the mails,
             telephone, or other international communications simply do not qualify as purposeful activity
24          invoking the benefits and protection of the [forum] state").  As noted in the text, Mr.
             Hilsenrath affirmed his status as an Israeli citizen and resident immediately after these
25          communications occurred.  *See* Austin Decl., Exh. F.

26   [6]    Mr. Hilsenrath continues to assert that he is domiciled in Israeli today.  In *Hilsenrath v.*
             *Shepard*, C-07-3586 (N.D. Cal. filed Jul. 11, 2007), a case filed on July 11, 2007, Mr.
27          Hilsenrath claims that he and his wife are "residents of Tel Aviv, Israel" that "presently
             reside in California *for the sole purpose of defending legal actions brought by the U.S.*
28          *government*."  Beardsley Decl., ¶ 8, Exh. F at ¶21 and n.1 (emphasis added).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-4162 WHA                                    10
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1    activities in the forum.  Here, because plaintiff cannot allege that ETJL performed any activities

2    within California, the complaint also fails this prong as well.

3                        c.    The Exercise of Specific Jurisdiction Over Equity Trust Would

4                              Not Be Reasonable

5            The Ninth Circuit employs a seven factor balancing test to determine whether

6    exercise of personal jurisdiction over a defendant would be reasonable.  *Core-Vent*, 11 F.3d at

7    1485-88.  Consideration of these factors confirms that exercise of personal jurisdiction over

8    ETJL is improper.

9            ***(1) The extent of ETJL's "purposeful interjection"*** – As shown above in the

10   "minimum contacts" analysis, there no purposeful interjection by ETJL into California.

11           ***(2) The burden on ETJL of defending in this forum*** – There is a heavy burden

12   on a defendant located in Jersey to defend actions taken seven years ago half-way across the

13   world in a forum in which it has no business presence.  *See Asahi Metal Industry Co., Ltd. v.*

14   *Superior Court*, 480 U.S. 102, 114 (1987) ("unique burdens" placed upon a foreign national

15   defending itself locally "should have significant weight" in assessing the "reasonableness" of a

16   local court's exercise of personal jurisdiction); *see also Pacific Atl. Trading Co. v. M/V Main*

17   *Express*, 758 F.2d 1325, 1330 (9th Cir. 1985) (burden on defendant is of paramount importance).

18           ***(3) The extent of conflict with the sovereignty of Jersey's courts*** – Clearly, the

19   courts of Jersey have a strong interest in adjudicating the issues in dispute here as they concern

20   Jersey trusts law as well as the relationship between a Jersey company and the beneficial owner

21   of structures created and administered by the Jersey company pursuant to agreements governed

22   by Jersey law.  *See Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 302-03 (9th Cir.

23   1986).

24           ***(4) California's interest in adjudicating the dispute*** –  California has no genuine

25   interest in the present dispute where as shown above, Mr. Hilsenrath was (and continues to be

26

27

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-4162 WHA                    11
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1  today) a foreign domicile[7] and California law has no application to any purported wrongdoing by

2  ETJL. *See FDIC v. British-American Ins. Co.*, 828 F.2d 1439, 1444 (9th Cir. 1987) (California's

3  interest in adjudicating is small where its law does not govern the dispute).

4      **(5) *The most efficient judicial resolution of the controversy* –** The availability of

5  evidence and witnesses clearly favors Jersey over California, as the defendant's operations are

6  located in Jersey, as well as any other witnesses. *See id.* Further, as the laws of Jersey govern

7  this dispute, resolution in a Jersey forum is clearly more efficient than engaging Jersey legal

8  experts to advise this Court on the laws of Jersey. *See Rocke*, 660 F.2d at 399 (Quebec is the

9  most efficient forum where Quebec law likely controls).

10      **(6) *Plaintiff's interest in convenient and effective relief and (7) the existence of***

11  ***an alternative forum* –** As the efficiencies favor litigating this matter in Jersey, plaintiff appears

12  to have selected a wholly unsuitable forum if his interest genuinely is in acquiring convenient

13  and effective relief. Not only does an alternative forum available to Mr. Hilsenrath exist, the

14  courts of Jersey, but Mr. Hilsenrath affirmatively chose Jersey's forum and laws to adjudicate his

15  disputes with ETJL at the time he contracted for trust services.

16      In sum, subjecting ETJL to the jurisdiction of this Court would be unreasonable in

17  light of controlling precedent.

18      **C.**    **Plaintiff's Service of ETJL Was Defective**

19      This Court lacks jurisdiction over ETJL for the independent reason that plaintiff's

20  service of process was insufficient. *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438,

21  444-45 (proper service of a summons is the basis by which a court asserts jurisdiction over the

22  person of the party being served). Plaintiff bears the burden of establishing that service was

23  properly effected. *Brockmeyer*, 383 F.3d at 801.

24      In *Brockmeyer*, the Ninth Circuit addressed whether service of a summons and

25  complaint by mail from the United States to the United Kingdom satisfies the requirements of

26   

---

27  [7]   Mr. Hilsenrath's transitory presence in California is to answer for Oliver Hilsenrath's

28      *admitted* criminal activity. Beardsley Decl., ¶¶ 6, 7, 12, Exhs. E, J.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-4162 WHA         12
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1   federal law.  The court held that because the Hague Convention does not authorize service by

2   international mail, "any service by mail … [i]s required to be performed in accordance with the

3   requirements of Rule 4(f)."  *Id.* at 808.  Specifically, service by international mail is permissible

4   only if it complies with the FRCP 4(f)(2)(C)(ii), "which requires that service be sent by the clerk

5   of the court, using a form of mail requiring a signed receipt" or with FRCP  4(f)(3) ("Rule

6   4(f)(3)"), "which requires that the mailing procedure have been specifically directed by the

7   district court."  *Id.* at 808-09.

8           Plaintiff attempted to serve ETJL by personally sending the summons and the

9   complaint through Federal Express.  Beardsley Decl., ¶ 8, Exh. F.  The notice was not sent by the

10  clerk of the district court, as required by *Brockmeyer*,  but was, instead, sent directly by plaintiff.

11  *See id.*  There is no indication that plaintiff obtained the Court's permission under Rule 4(f)(3) to

12  mail the summons and complaint directly to ETJL.  Accordingly, plaintiff's service of process on

13  ETJL is insufficient, and, as a result, this Court lacks jurisdiction over it for this independent

14  reason.  *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

15          **D.**    **Dismissal Is Appropriate Under The Doctrine Of *Forum Non Conveniens***

16          A Court may dismiss an action under the doctrine of *forum non conveniens*, upon

17  finding: (1) that an alternative forum exists; and (2) the balance of the "private interest" and

18  "public interest" factors weighs in favor of dismissing the action.  *Lueck v. Sundstrand Corp.*,

19  236 F.3d 1137, 1142-43 (9th Cir. 2001) (citations omitted).  The Management Agreement's and

20  the Settlement Agreement's forum selection clauses establish the availability of  an alternative

21  forum in Jersey, and the public and private interest factors favor Jersey as the proper forum for

22  addressing Mr. Hilsenrath's claim against ETJL.

23          An alternative forum ordinarily exists when the defendant is amenable to process,

24  unless the remedy offered by the other forum is clearly unsatisfactory.  *Piper Aircraft v. Reyno*,

25  454 U.S. 235, 254 n. 22 (1981).  ETJL is based in Jersey, organized under Jersey law, and is

26  amenable to process there.  Austin Decl., ¶¶ 3, 17.  Moreover, courts in the U.S. have on more

27  than one occasion concluded that the Jersey Royal Court is more than capable of providing

28  plaintiffs with an adequate remedy.  *See Kovzac Ltd. v. Westway Trading Co.*, No. Civ.A. 02-

Case Number: C-07-4162 WHA                    13
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1   3702, 2003 WL 21459953 (E.D. La. June 19, 2003); *Mayo Assoc. v. Union Bank of Switzerland*,

2   No. 97 Civ. 8835(AGS), 1998 WL 274283 (S.D.N.Y. May 27, 1998).  In fact, in *Mayo*

3   *Associates*, the Southern District of New York found that Jersey was a "sophisticated financial

4   and commercial legal regime" and concluded that Jersey law provided adequate redress for

5   plaintiffs' breach of fiduciary duty claims.  As the Ninth Circuit has held, the alternative forum

6   simply must "provide some potential avenue for redress."  *Creative Tech., Ltd. v. Aztech System*

7   *PTE, Ltd.*, 61 F.3d 696, 702 (9th Cir. 1995).  That avenue is available and should be pursued, in

8   Jersey.

9          The balance of private and public factors also weighs heavily in favor of Jersey.

10  The Ninth Circuit has identified the following relevant private interest factors:

11             (1) the residence of the parties and the witnesses; (2) the forum's
               convenience to the litigants; (3) access to physical evidence and
12             other sources of proof; (4) whether unwilling witnesses can be
               compelled to testify; (5) the cost of bringing witnesses to trial; (6)
13             the enforceability of the judgment; and (7) all other practical
               problems that make trial of a case easy, expeditious and
14             inexpensive.

15  The public interest factors include:

16             (1) local interest of lawsuit; (2) the court's familiarity with
               governing law; (3) burden on local courts and juries; (4)
17             congestion in the court; and (5) the costs of resolving a dispute
               unrelated to this forum.

18  *Lueck*, 236 F.3d at 1145, 1174 (citations omitted).

19         Each of the private interest factors counsels that Jersey is the proper forum for

20  this dispute.  Defendants in this case all reside outside the United States, and litigation here

21  would cause them not insignificant hardship.  Austin Decl., ¶¶ 17, 18.  The law is clear that

22  "[t]he presence of American plaintiffs . . . is not in and of itself sufficient to bar a district court

23  from dismissing a case on the ground of *forum non conveniens*."  *Cheng v. Boeing Co.*, 708 F.2d

24  1406, 1411 (9th Cir. 1983).  *Cheng's* mandate bears particular force here where plaintiff himself,

25  in this very district, is claiming *Israeli citizenship and residence* in another pending case where

26  doing so serves his strategic interests.  *See* Beardsley Decl., ¶ 2-4, 7, Exhs. A-C, E; *see also*

27  Appendix A.  As the Southern District of New York has concluded: "[w]here an American

28

Case Number: C-07-4162 WHA                    14
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1   plaintiff chooses to invest in a foreign country and then complains of fraudulent acts occurring

2   primarily in that country, the plaintiff's ability to rely upon citizenship as a talisman against

3   *forum non conveniens* dismissal is diminished." *Sussman v. Bank of Israel*, 801 F.Supp. 1068,

4   1073 (S.D.N.Y. 1992). In *Sussman*, plaintiff-investors in an Israeli bank sought damages for

5   alleged fraudulent activities committed by Israeli defendants in Israel. *Id.* at 1069. Although one

6   plaintiff was an American citizen residing in New York, the Southern District dismissed on

7   *forum non conveniens* grounds. *Id.* at 1079. The facts in *Sussman* certainly warrant dismissal

8   here, where Mr. Hilsenrath's presence in the U.S. is, by his own admission, solely for purposes

9   of defending related criminal and civil claims asserted by the U.S. government. *See* Beardsley

10  Decl., ¶ 7, Exh. E.

11          Because the core of plaintiff's case is the alleged destruction of documents being

12  held by ETJL in Jersey, the alleged false testimony of ETJL employees in meetings in Jersey and

13  the refusal to release funds located in Jersey (Cmpl. ¶ 63), the key witnesses and evidence are

14  located in Jersey. Few witnesses are located in California; most reside outside the Court's

15  subpoena power. *See* Fed. R. Civ. P. 45. Compelling discovery of third-party witnesses in

16  California would be cumbersome, expensive and time consuming.

17          The public interest factors also weigh heavily towards litigating in Jersey. The

18  Management Agreement signed by plaintiff and ETJL designate that "this agreement shall be

19  governed by, construed and interpreted in accordance with the laws of the Island of Jersey" and

20  the Settlement Agreement  signed by plaintiff and ETJL designate that "the Proper Law of this

21  Settlement shall be the law of the Island of Jersey and the Courts of the said Island shall be the

22  forum for the administration hereof." *See* Austin Decl., Exh. F, ¶ 8, Exh. G ¶ 2. Accordingly,

23  numerous key issues, including the scope of ETJL's duties to Mr. Hilsenrath, available defenses,

24  applicable statutes of limitations and ETJL's duties as trustee, among many others, will be

25  governed by Jersey law. As noted above, resolving plaintiff's claim against ETJL will require

26  application of Jersey law to at least six covenants set forth in the Management Agreement and to

27  at least four covenants set forth in the Settlement Agreement. *See* Austin Decl., Exhs. F & G.

28  Because ETJL is organized under the laws of Jersey, Jersey properly has a "vital interest" in

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-4162 WHA                                    15
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1   formulating policies that will greatly affect "investment and enterprise" within its borders. *Arno*

2   *v. Club Med, Inc.*, 22 F.3d 1464, 1467 (9th Cir. 1994).

3           In short, this forum should not bear the burden of resolving a dispute that has no

4   substantial connection to it, especially where, as here, the parties have contracted for such

5   disputes to be resolved elsewhere. Simply put, Jersey courts are better suited to apply

6   controlling Jersey law.

7   **IV.    CONCLUSION**

8           For the foregoing reasons, ETJL respectfully requests that this action be dismissed

9   for improper venue. Alternatively, the Court should dismiss this action for lack of proper

10  service, lack of jurisdiction over ETJL or based upon *forum non conveniens*.

11  Dated: September 6, 2007

12                                          Respectfully Submitted,

13                                          LATHAM & WATKINS LLP

14
                                           By   /s/ Jonathan Beardsley
15                                              ATTORNEYS FOR EQUITY TRUST
                                                (JERSEY) LIMITED
16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-4162 WHA                            16
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

# Appendix A

### Statements Regarding Citizenship and Domicile
### filed by plaintiffs in the Northern District of California.

---

**June 9, 2005**: "I am an Israeli citizen" with "my residence in Tel Aviv, Israel"

- *SEC v. Hilsenrath*, Case No. C-03-3252 WHA, Docket # 56: Declaration of Oliver Hilsenrath in Opposition to Plaintiff's Application for Entry of Default Judgment Against Hilsenrath.

**November 30, 2006**: "Oliver and Hana Hilsenrath at all time relevant to this counter-claim/third-party complaint have maintained their domicile in Israel."

- *Janvrin v. Hilsenraths*, Case No. C-02-1068 CW, Docket # 255, Motion for Leave to File Answer/Amended Counterclaim/Third Party Complaint; Memorandum of Points and Authorities in Support Thereof.

**January 26, 2007**: "I am an Israeli citizen, as is my wife and six children. We have a family home in Tel Aviv."

- *Janvrin v. Hilsenraths*, Case No. C-02-1068 CW, Docket # 261, Declaration of Oliver Hilsenrath in Support of Reply to Opposition to Motion for Leave to File Amended Pleadings.

**May 29, 2007**: "Hana and Oliver Hilsenrath, US citizens and residents of the state of California"; "Deference to the plaintiff's forum is a stronger consideration where the plaintiff is an American citizen…"

- *Hilsenraths v. The Swiss Confederation, et al.*, Case No. C-07-2782 WHA, Docket #1: Complaint for the Deprivation of Right for Liberty, of Right To Property, and of the Right to Civil Freedoms Granted by the 4th, 5th, and the 6th Amendment of the Constitution of the United States of America.

**June 18, 2007**: [Complaint failed to state the citizenship or residency of either plaintiff].

- *Hana and Oliver Hilsenrath v. Nixon Peabody et al*, Case No. C-07-3193 TEH, Docket # 2: Complaint for Malicious Prosecution, Civil Conspiracy and Extortion.

| **June 25, 2007:** "Plaintiffs are US citizens and residents of the northern district of California." |
|---|

- *Hana and Oliver Hilsenrath v. ETJL et al.,* Case No. C-07-3312 CRB, Docket # 1: Complaint for the Violation of the RICO Act, Harboring a Civil Conspiracy of Extortion, Invasion of Privacy, Aiding and Abetting a Malicious Prosecution.

| **July 11, 2007**: "Plaintiff Oliver Hilsenrath and Hana Hilsenrath are Israeli and United States Citizens and residents of Tel Aviv, Israel" that "temporarily reside in the State of California" for the "sole purpose of defending the U.S. government's action." |
|---|

- *Hilsenrath v. Shepard et al.,* Case No. C-07-3586 EDL, Docket # 1: Complaint for Malpractice, Negligence, Breach of "The Duty of Care", Aiding and Abetting Breach of Civil Rights Granted by the 4th, 5th, and the 6th Amendment of the Constitution.

| **July 16, 2007**: "On July 9, 2007, this Court issued its sentence. Oliver Hilsenrath opted to start the 12 months home confinement immediately with the intention to be free to leave the United States as soon as possible thereafter." |
|---|

- *United States v. Hilsenrath*, Case No. CR-03-213, WHA, Docket # 392: Motion to Correct Sentence Under *Rule* 35 And Application To Clarify Condition of Supervision.