**EXHIBIT A**



JC841

 States of Jersey

## COMPANIES (JERSEY) LAW 1991

# Certificate of Incorporation of a Limited Company

Registered Number    57583

### I HEREBY CERTIFY THAT

#### INTEGRO TRUST (JERSEY) LIMITED

is this day incorporated as a     private     company
under the Companies (Jersey) Law 1991

Dated this     28th     day of     January     199 4

*Deputy Registrar of Companies*

**EXHIBIT B**



States
of
Jersey

## COMPANIES (JERSEY) LAW 1991

## CERTIFICATE OF
## INCORPORATION ON CHANGE OF NAME
## OF A LIMITED COMPANY

Registered Number 57583

### I HEREBY CERTIFY THAT

**INTEGRO TRUST (JERSEY) LIMITED**

a private company incorporated under the Companies (Jersey) Law 1991, having changed its name by special resolution, has today been entered on the Register of Companies incorporated in Jersey as a private company having the name of

**INSINGER TRUST (JERSEY) LIMITED**

dated this 13th January 1998

Assistant Registrar of Companies

**EXHIBIT C**



# JERSEY FINANCIAL SERVICES COMMISSION

## COMPANIES (JERSEY) LAW 1991

## CERTIFICATE OF INCORPORATION ON CHANGE OF NAME OF A LIMITED COMPANY

Registered Number 57583

### I HEREBY CERTIFY THAT

**INSINGER TRUST (JERSEY) LIMITED**

a private company incorporated under the Companies (Jersey) Law 1991, having changed its name by special resolution, has today been entered on the Register of Companies incorporated in Jersey as a private company having the name of

**INSINGER de BEAUFORT TRUST (JERSEY) LIMITED**

dated this 20th day of July 2001

Deputy Registrar of Companies

# EXHIBIT D



# JERSEY FINANCIAL SERVICES COMMISSION

### COMPANIES (JERSEY) LAW 1991

## CERTIFICATE OF INCORPORATION

## CHANGE OF NAME OF A LIMITED COMPANY

**Registered Number 57583**

### I HEREBY CERTIFY THAT

### INSINGER DE BEAUFORT TRUST (JERSEY) LIMITED

a private company incorporated under the Companies (Jersey) Law 1991, having changed its name by special resolution, has today been entered on the Register of Companies incorporated in Jersey as a private company having the name of

## EQUITY TRUST (JERSEY) LIMITED

dated this 18th day of July 2003

*Julian Lamb*

Assistant Registrar of Companies

Under Article 13 of the Companies (Jersey) Law 1991 as amended, Jersey companies shall end (a) with the word "Limited" or the abbreviation "Ltd" or (b) with the words "avec responsabilité limitée" or the abbreviation "a.r.l". A company which uses (a) or (b) may, in setting out or using its name for any purpose under this law, do so in full or in the abbreviated form, as it prefers.

**EXHIBIT E**

 **Matheson Trust Company (Jersey) Limited**

A Member of the Jardine Matheson Group

---

P.O. Box 316
Jardine House
1 Wesley Street
St. Helier
Jersey JE4 8UD
Channel Islands

Telephone:  01534 888111
Facsimile:  01534 888118
Telex:      4192012JARJSY G

Dr Oliver Hilsenrath                                        14 May 1996
32 Essex Court
Round Hill Country Club                                     JHP/VJJ
Alamo
CA 94507
USA

Dear Dr Hilsenrath

I write with further reference to our recent telephone conversation and your fax of 11 May 1996. I am grateful for the information provided concerning your personal background.

As promised, I now have pleasure in providing you with some details regarding this company and the nature of our services.

As you will see from the enclosed brochure, this company is part of the Jardine Matheson Group of Trust Companies, which are geared to combine asset management in its broadest terms with asset protection arrangements through the use of trust and corporate structures established and administered from a stable, low tax jurisdiction. Our group consists of six principal operating companies, located in Jersey Channel Islands, Bermuda, British Virgin Islands, Hong Kong, Labuan, Malaysia and Mauritius through which we are able to provide effective arrangements for the protection and management of a world-wide asset base, having regard to the varying demands and concerns of our international clientele. These operating companies are owned by Jardine Matheson Trust Corporation, a British Virgin Island holding company, which in turn is a direct subsidiary of the Bermuda parent of the Jardine Matheson Group.

We believe that this ownership structure itself is of significant appeal and importance to our clients, given that it avoids any ultimate connection with the main jurisdictions such as, for example, the United States of America or the United Kingdom. We further believe that our international trading background affords a depth of commercial experience, understanding and support to our trust and financial services.

Our parent company, Jardine Matheson Holdings, is, as I am sure you appreciate, an international service-related company incorporated in Bermuda, and headquartered in Hong Kong. Founded in 1832, the group has extensive business interests world-wide, falling into five main areas of financial services, marketing and distribution, engineering and construction, property and hotels and transport services.

The facilities of the Trust Group are particularly directed towards those individuals, family groups and indeed private companies who hold investments and assets away from the home base. We often find that although there may well be a focus on the merits of investment diversification, less attention is given to the establishment of an effective and efficient holding structure that will provide long term protection.

A Trust Corporation registered in Jersey, Channel Islands. Registered No: 42712

- 2 -

Dr Oliver Hilsenrath

14 May 1996

Some of the aspects of trusts that are important in this respect are addressed in the accompanying paper which outlines the principal features of trusts and which may be of interest to you.

As you will see from our brochure, our services extend to the incorporation and management of companies established in a wide range of jurisdictions. Our facilities are provided for both investment holding and trading companies and in addition to the maintenance of the necessary statutory records will extend to the full management of the underlying affairs of the company.

Also enclosed is a Questionnaire and a Fee Schedule in connection with the incorporation and ongoing administration of a British Virgin Islands registered company. As I explained over the telephone, if we are required to provide full services, this will include the provision of three Directors, all of whom are directors of Matheson Trust Company (Jersey) Limited, the Company Secretary, Nominee Shareholders, the Registered Office in the BVI and Administrative Office here in Jersey. We will establish bank accounts in the name of the BVI company in whatever currencies are required, the authorised signatories of which will again be officers of Matheson Trust Company. It is not our policy to allow third parties to be signatories over bank accounts; neither do we entertain 'mixed' Boards of Directors. There are several reasons for adopting this policy but primarily, we take our responsibilities as directors of the company seriously and all major decisions regarding the company's activities, including the administration of its financial affairs must be clearly seen to rest with the Board.

In the circumstances you may well ask what recourse you would have if for any reason you were unhappy with our administration of the company's affairs at some future date. I would simply say that, as the actual beneficial owner of the company you have the necessary power to appoint alternative directors in place of our officers and instruct us to transfer the administration to another organisation. A copy of our standard Company Management Agreement is enclosed which I think you will agree clearly sets out both our responsibilities as the administrators of the company and what is required of you as the client.

I believe I also mentioned that the setting up costs and ongoing administration fees for either a Jersey registered or BVI registered company were broadly similar although there are no disclosure requirements in the BVI, whereas if we incorporate a Jersey company the name of the beneficial owner must be given to the local Financial Services Department. Nevertheless, this is not a matter of public record and at the end of the day the choice of jurisdiction is largely down to the client's preference. If you have no particular concerns, I would like to suggest that a BVI company would be most appropriate in your particular circumstances.

Turning now to the question of ownership, I note that your children are all minors. Therefore I suggest that you and your wife be named jointly so that, in the event of the demise of one or other of you, the survivor will automatically become the sole owner of the issued share capital of the company and therefore its underlying assets. Once the children come of age, we can review the position. Alternatively, depending on the sums involved, you may wish to contemplate creating a trust into which the company shares could be settled. Please refer to the enclosed paper entitled 'Features of a Trust'.

Finally, if the proposed company was to be used for the purpose of investing funds and holding securities, it would be perfectly in order for the directors of the BVI company to appoint an Investment Manager such as the gentleman in New York referred to in your fax. Obviously we would report to you on a regular basis in accordance with guidelines which we would need to establish with you.

- 3 -

<u>Dr Oliver Hilsenrath</u>

14 May 1996

I hope that I have addressed the main issues which may be of interest and concern to you at this early stage, although I am sure you will have further questions once you have had an opportunity to consider this letter and the enclosures. I therefore look forward to hearing from you again in due course.

Yours sincerely,

John H Perkins
Senior Manager

Encl

**EXHIBIT F**

16/09/1999    11:54    01534 888116 → 2326#720019257368241    NO.154    P03



**Matheson Trust Company (Jersey) Limited**
A Member of the Jardine Matheson Group

## Company Management Agreement

THIS AGREEMENT is made the 20th August 1999

BETWEEN DR OLIVER HILSENRATH and MRS HANA HILSENRATH of 58 Shimshon Street, Haifa, Isreal hereinafter called "the client") of the one part AND MATHESON TRUST COMPANY (JERSEY) LIMITED a company incorporated under the laws of the Island of Jersey and having its Registered Office at Jardine House, 1 Wesley Street, St. Helier, Jersey (hereinafter called "Matheson").

WHEREAS upon the instructions of the client a company was incorporated under the laws of the British Virgin Islands with the name: TELECOM ASSOCIATES (T.A.) LIMITED (hereinafter called "the company")

AND WHEREAS Matheson has agreed to provide Shareholders (hereinafter called "the shareholders") to hold a share or shares in the issued capital of the company and also to provide Directors (hereinafter called "the directors") and other Officers ("the officers") and a company secretary for the Company.

NOW THIS AGREEMENT WITNESSETH as follows:

1. Matheson agrees:

    (a) To use its best endeavours to obtain approval of the appropriate registration authority to the name of the company but shall not be liable for any loss arising directly or indirectly out of or in connection with the refusal by such registration authority to register the name or a subsequent direction to the company to change it.

    (b) Immediately upon receipt of sufficient funds from the client to proceed with the incorporation of the company by providing shareholders and causing them to subscribe to its Memorandum of Association and filing the same with Articles of Association or other prescribed particulars or documents relevant for the incorporation of the company in a form approved by the client with the appropriate registration authority.

    (c) That following incorporation of the company it will cause such shareholders to elect directors nominated by Matheson to constitute the Board of the Company and if called upon so to do will cause the shareholders to appoint such officers as the client may nominate who shall be acceptable to Matheson and who are not ineligible to hold office as a director.

    (d) To cause the shareholders to hold the issued share capital of the company upon trust for the client together with any shares issued to them by way of bonus issue, capitalization of profits or reserves, and any rights or options to which they may become entitled by virtue of holding the said shares.

    (e) To cause the shareholders to account to the client for any dividends or other moneys received in respect of their holding of shares in the company.

    (f) To cause the shareholders to transfer, mortgage or otherwise deal with the share capital of

1



16/05/1999    11:54    01534 888118 → 2326#72001925736824l    NO. 154    006

the company as it or they may be instructed by the client.

(g) To cause the shareholders to exercise all voting rights conferred on them by virtue of their holding of shares in the company in such manner as they may from time to time be directed by the client.

(h) To provide directors of the company and if called upon so to do to provide officers of the company and a company secretary, or upon the instructions of the client appoint such other persons as officers as may be acceptable to Matheson and who are eligible to be such officers.

(i) To receive the advice and recommendations of the client or his duly appointed representative whether by word of mouth, letter, fax, cable, telephone or any electronic means of communication and to cause the business of the company to be managed in accordance with such advice and recommendations. In the event that no such instructions are forthcoming and it is impossible or impracticable for Matheson to obtain the same and in the opinion of Matheson, or its nominee or the directors, the best interests of the company require immediate action, then and in such event Matheson or its nominee or the directors shall take such action as may to it (or them) appear appropriate.

Matheson may require instructions to be in writing before taking action

(j) To ensure that the corporate records are maintained and all filing requirements are complied with at all times to conform with the laws of the country of incorporation and any other country to whose laws the company is subject and that such books of account are maintained and such financial statements prepared in connection with the company as the client may request.

2.  IT IS AGREED that neither Matheson nor the shareholders nor the directors or officers (if provided) shall be obliged to act in any manner which may:

(a) Be beyond its powers or ultra vires the company.

(b) Conflict with any of the provisions of the Memorandum and Articles of Association or other constitutive documents of the company.

(c) Conflict with any laws or Orders or directions of the court of the Island of Jersey or otherwise be illegal or immoral.

(d) Expose them or any of them to any personal liability or risk of prosecution in any jurisdiction.

(e) Be of any unusual nature or be unduly onerous or be of such nature that it might damage the reputation of, or be detrimental to Matheson its nominee or holding companies subsidiaries or other companies in the Jardine Matheson Group, the company, its directors, officers, bankers or other agents.

3.  The client agrees:

(a) That he nor any third party over which he has control will not take any action with regard to the company nor enter into any contract on its behalf without the consent of the directors.

(b) That neither himself nor any third party over which he has control shall hold Matheson, the shareholders or the directors or other officers responsible as a shareholder or as a director or other officer of the company, except in the case of fraud, wilful misconduct or gross negligence on the part of the director or other officer sought to be made liable or in the case of a breach of trust arising from the fraud, wilful misconduct or gross negligence on the part

2



16/09/1999    11:54    01534 888118 → 2326#720019257368241    NO.154    P07

of the shareholder sought to be made liable and that furthermore he will indemnify Matheson, the shareholders, the directors and any officers and each of them in respect of any costs, expenses, actions, proceedings, claims or other liability arising directly or indirectly by reason of each of Matheson, the shareholders, the directors and any other officers acting or having acted in their respective capacities with regard to the affairs of the company or as the officers thereof or by the provision by Matheson of such directors, shareholders, secretary or other officers of the company provided the same shall not be due to fraud, wilful misconduct or gross negligence on the part of such one or more of them claiming indemnity hereunder, such indemnity being in addition to any indemnity provision contained in the statutes, Memorandum and Articles of Association or other constitutive documents of the company.

(c) That if any fees payable hereunder shall not be duly and punctually paid together with out-of-pocket expenses incurred in connection with the management of the affairs of the company and the provision of directors, shareholders, secretary and other officers the directors and other officers may resign from office as directors and officers of the company and neither they nor the shareholders shall be under any further obligation to provide corporate services for the company or to maintain the same in good standing.

(d) That any associated or affiliated company of the directors or the shareholders who may provide services for the company whether as banker, broker, investment adviser, registrar and transfer agent, custodian, trustee, manager or otherwise shall be entitled to be paid by the company their normal charges for so acting and retain any brokerage or commission received in respect of any transaction to which the company is a party.

(e) That the directors and shareholders shall not be liable for any loss suffered by the company or the client due to anything done or omitted to be done by them in connection with the affairs of the company provided they acted in good faith.

(f) That all proper accounts rendered to the company by Matheson or the shareholders or directors or other officers in respect of fees and disbursements or otherwise may be paid by the directors out of the funds of the company and if such funds are not sufficient by the client upon notice being given to the client of such insufficiency.

(g) And has acknowledged that it is his responsibility to obtain any appropriate advice on taxation and other relevant matters and warrants to Matheson that he is not acting as a nominee or trustee for any other person or persons.

4.  Matheson shall be remunerated for its services in accordance with:

(1) The scale of fees in force at the date of this agreement and Matheson shall have the power if its standard scale of fees be altered after the date hereof to charge remuneration for its services in accordance with such scale of fees as shall from time to time be in force or

(2) Such other scale as may be agreed between the parties hereto from time to time.

In addition the directors, other officers and shareholders shall be entitled to reimbursement of all out-of-pocket expenses incurred in connection with managing the affairs of the company.

5.  Matheson or the directors may at any time terminate this agreement or cease to provide services to the client by giving notice thereof to the client by letter to his last known address. Upon termination of this agreement Matheson shall make available to the client any shares of the company held by Matheson, the shareholders or directors as nominee of the client. Notwithstanding termination of this agreement, the terms of Clause 3 (b) hereof shall remain applicable for so long as Matheson, any shareholders or director may be liable as a director or former director or administrator or former administrator or shareholder or former shareholder of the company.

6.  If in this agreement the term "client" shall mean more than one person the shareholders and directors

3



18/09/1999    11:54    01534 888118 → 2326#720019257368241                    NO.154    D00

shall act upon the instructions of:

    (i)  All such persons

and the indemnity given by the client under clause 3(b) hereof shall be binding on them jointly and severally and shall be deemed to have been made separately by each of them.

7.  If in this agreement the term "client" shall mean more than one person the shareholders and directors shall treat all persons as:

    (i)  Joint tenants with rights of survivorship

8.  THIS AGREEMENT shall be governed by construed and interpreted in accordance with the laws of the Island of Jersey, and all parties shall submit to the jurisdiction of the courts of the said Island.

9.  Special conditions.

SIGNED by the client(s)

_____            Hilsenrath Hana


SIGNED for and on behalf
of MATHESON TRUST COMPANY (JERSEY) LIMITED

_____            J. Perkins
                                           DIRECTOR

(COMANAG)

4

**EXHIBIT G**

DATED THIS 18ᵀᴴ DAY OF June        2001

SETTLEMENT

BETWEEN

OLIVER HILSENRATH

AND

INSINGER TRUST COMPANY LIMITED

THE FIREFLY TRUST

2001S(IR)

## INDEX

**CLAUSES**                                                                    **PAGE**

1.  Interpretation .......................................................................................... 1

2.  Proper Law ............................................................................................. 4

3.  Administration ....................................................................................... 4

4.  Declaration of Trust of Original and Additional Property ...................... 4

5.  Trusts of Income and Capital ................................................................. 5

6.  Powers of Appointment and Advancement ............................................ 6

7.  Overriding Exceptions ........................................................................... 8

8.  Payments to Minors Curators Guardians Legal Representatives and Charities 9

9.  Power of Exclusion ................................................................................ 9

10. Provisions as to Excluded Persons ...................................................... 10

11. Power of Addition ................................................................................ 11

12. Power to Change Proper Law .............................................................. 11

13. Additional Powers of the Trustees ...................................................... 12

14. Exercise of Powers .............................................................................. 12

15. Delegation of Powers ........................................................................... 12

16. Restriction on Exercise of Powers and Release of Powers ................. 13

17. Power of Appointment of New or Additional Trustees ....................... 13

18. Decisions of the Trustees ..................................................................... 15

19. Liability of Outgoing Trustees ............................................................ 15

20. Release from Trustees' Liability .......................................................... 15

21. Trustees' Remuneration ....................................................................... 16

22. Power to Amend .................................................................................. 17

23. Disclosure ............................................................................................ 17

24. Preliminary Expenses .......................................................................... 18

25. Irrevocability ....................................................................................... 18

26. Title ...................................................................................................... 18

THE FIRST SCHEDULE ............................................................................ 19

1.  General Power ..................................................................................... 19

TRUST-323516-1

2.    Powers of Investment .................................................................... 19

3.    Power to Form Companies .............................................................. 21

4.    Trustees Not Bound to Interfere in Business of Company in which
       Settlement is Interested ................................................................. 21

5.    Trustees Not Bound to Obtain Information Regarding Company in which
       Settlement is Interested ................................................................. 23

6.    Nominees and Custodians ............................................................... 24

7.    Power to Employ Agents ................................................................ 24

8.    Power to Employ Investment Adviser or Manager ........................... 25

9.    Power to Have Accounts Audited ................................................... 25

10.   Power to Take Counsel's Opinion .................................................. 26

11.   Personal Interest of a Trustee ....................................................... 26

12.   Power to Transact with Trustees of Other Trusts ........................... 26

13.   Contracts with Individual Trustees ................................................ 27

14.   Power to Apportion Between Income and Capital ........................... 27

15.   Power to Give Warranties and Indemnities .................................... 28

16.   Power to Guarantee Debts and Pledge Assets ............................... 28

17.   Power to Borrow Money ............................................................... 28

18.   Power to Make Loans to Beneficiaries ........................................... 29

19.   Power to Appropriate .................................................................... 29

20.   Power to Effect Compromises ....................................................... 29

21.   Power to Pay Duties and Taxes ..................................................... 30

22.   Power to Engage in Trade ............................................................. 30

23.   Powers as to Land ........................................................................ 31

24.   Power to Permit Occupation of Property by Beneficiaries .............. 31

25.   Power to Insure Property ............................................................... 32

26.   Loss or Damage to Chattels .......................................................... 32

THE SECOND SCHEDULE ..................................................................... 33

THE THIRD SCHEDULE .......................................................................... 33

THE FOURTH SCHEDULE ....................................................................... 33

THE FIFTH SCHEDULE ........................................................................... 34

THE SIXTH SCHEDULE ........................................................................... 34

TRUST-323516-1

**THIS SETTLEMENT** is made the *18th* day of *June,* 2001.

**BETWEEN:-**

**Oliver Hilsenrath** of 5151 Blackhawk Drive, Danville, California, 9456, USA (the "**Settlor**");

**AND**

**Insinger Trust Company Limited** of 28-30 The Parade, St Helier, Jersey, Channel Islands (the "**Original Trustee**").

**WHEREAS** the Settlor being desirous of making such Settlement as is hereinafter contained has had transferred or delivered to the Original Trustee or otherwise placed under its control the property specified in the **second schedule**.

**NOW THIS DEED WITNESSETH** as follows:-

1.    **Interpretation**

    (a)    In this Deed wherever the context permits the following words shall have the following meanings:-

        (i)    "Beneficiaries" means:-

            (1)    all and any of the persons specified in the **third schedule**; and

            (2)    such other persons as are added to the class of Beneficiaries in exercise of the powers conferred upon the Trustees under this Settlement;

        (ii)    "charitable purpose" means any purpose which is recognised as exclusively charitable under the laws of the Island of Jersey and (if different) the Proper Law of this Settlement and charity shall have a corresponding meaning;

        (iii)    "company" means any entity (of whatsoever kind) incorporated or otherwise established in any jurisdiction or any body of persons corporate

TRUST-323516-1

or unincorporate and shall include any subsidiary or holding company of any such company and any successive company of any such company;

(iv)    "deed" means any instrument in writing executed by the parties or party thereto;

(v)    "Excluded Persons" means:-

    (1)    all and any persons and classes of persons specified in the **fourth schedule**; and

    (2)    such other persons and classes of persons as are added to the class of Excluded Persons in exercise of the powers conferred upon the Trustees under this Settlement;

(vi)    "the Law" means the Trusts (Jersey) Law 1984 including any statutory modification or re-enactment thereof for the time being in force;

(vii)    "minor" means a person who either under the Proper Law of this Settlement or under the law of his domicile has not reached the age of legal capacity;

(viii)    "person" means any individual or any body of persons corporate or unincorporate;

(ix)    "Professional Services" means any accounting auditing banking custodian fiscal insurance legal or other professional or financial services of any kind whatsoever;

(x)    "the Proper Law of this Settlement" means the law to the exclusive jurisdiction of which the rights of all parties and the construction and effect of each and every provision of this Settlement are from time to time subject and by which such rights construction and effect are construed and regulated;

(xi)    "property" means real personal movable or immovable property of any description and wheresoever situate and in relation to rights and interests

2

TRUST-323516-1

includes those rights and interests whether vested contingent defeasible or future;

(xii)   "the Regulations" means the regulations contained in the **first schedule**;

(xiii)  "this Settlement" means the settlement created by these presents which for the avoidance of doubt includes the schedules hereto;

(xiv)   "the Trustees" means the Original Trustee or the trustee or trustees for the time being hereof;

(xv)    "the Trust Fund" means:-

    (1)    the property specified in the **second schedule**;

    (2)    all property hereafter paid or transferred by any person to or so as to be under the control of and (in either case) accepted by the Trustees as additions to the Trust Fund;

    (3)    the property from time to time representing the said property and additions including any income received therefrom and any income accumulated pursuant to the provisions hereof;

(xvi)   "the Trust Period" means the period from the date of this Settlement until whichever of the following dates shall first occur namely:-

    (1)    the day on which shall expire the period of one hundred years from the date of this Settlement;

    (2)    such day (if any) prior to the day specified in paragraph (1) of this sub-clause as the Trustees may at their discretion appoint by deed.

(b)     References to the children or issue of any person shall include the children and remoter issue of such person through all degrees and shall include legitimate legitimated illegitimate or adopted children or issue of that person and any adopted or legitimated person shall be treated as the child of his adoptive or legitimative parents as the case may be and of no other person.

3

TRUST-323516-1

(c)   Words (which for the avoidance of doubt includes definitions used herein) in the singular shall include words in the plural and words in the plural shall include the singular.

(d)   Words importing the masculine gender shall include feminine and neuter genders and vice versa.

(e)   The headings and sub-headings to this Deed are inserted only for reference to the provisions hereof and shall not affect the construction of such provisions.

## 2.   Proper Law

This Settlement is established under the laws of the Island of Jersey and subject to any change in the Proper Law of this Settlement duly made according to the powers and provisions hereinafter declared the Proper Law of this Settlement shall be the law of the Island of Jersey and the Courts of the said Island shall be the forum for the administration hereof to whose non-exclusive jurisdiction the Trustees shall be deemed to have submitted.

## 3.   Administration

The administration of the trusts hereof may be carried out in such place or places as the Trustees may reasonably determine from time to time and the administration wholly or partially outside the jurisdiction of the place of the law which constitutes the Proper Law for the time being shall not prejudice the continued application of the Proper Law subject only to any change made in accordance with the powers and provisions declared in this Settlement.

## 4.   Declaration of Trust of Original and Additional Property

The Trustees shall stand possessed of the Trust Fund upon with and subject to the trusts powers and provisions herein declared and contained concerning the same and the Trustees shall have the power at any time during the Trust Period to accept any property whether of an onerous or speculative or wasting nature or not and whether conditionally or unconditionally from any person or by will or codicil or by the provisions of any other

4

TRUST-323516-1

trust or otherwise to the intent that the same shall be held by or on behalf of the Trustees as an accretion to the Trust Fund.

## 5.    Trusts of Income and Capital

The Trustees shall stand possessed of the Trust Fund and the income thereof:-

(a)    upon trust during the Trust Period to pay appropriate or apply the whole or such part of the income of the Trust Fund as the Trustees may in their absolute discretion think fit to or for the maintenance or otherwise for the benefit of all or such one or more exclusive of the other or others of the Beneficiaries in such shares and proportions if more than one and generally in such manner as the Trustees shall in their absolute discretion think fit and shall have power in their absolute discretion to hold any such income paid appropriated or applied upon trust to pay or apply the same to or for the benefit of such Beneficiary with power to declare such other trusts in respect of the same (without infringing any rule against perpetuities applicable hereto) for the benefit of such Beneficiary and generally in such manner as the Trustees may in their absolute discretion determine including but without prejudice to the generality of the foregoing provisions for maintenance education or advancement or for accumulation of income whether during minority or otherwise and with such discretionary trusts and powers exercisable by such persons as the Trustees shall in their absolute discretion determine;

(b)    subject as aforesaid upon trust to accumulate the income of the Trust Fund and add the accumulations to the capital of the Trust Fund;

(c)    at the expiration of the Trust Period upon trust as to both capital and income of the Trust Fund for all or such one or more exclusive of the other or others of the Beneficiaries in such shares and proportions if more than one and generally in such manner as the Trustees shall prior to or on the date of such expiration in their absolute discretion determine and in default of and subject to such determination upon trust for such of the Beneficiaries as shall then be in existence and if more than one in equal shares absolutely;

5

TRUST-323516-1

(d)    subject as aforesaid and in default of any surviving Beneficiary upon trust as to both capital and income of the Trust Fund for such charitable purposes as the Trustees shall in their absolute discretion appoint and in default of appointment for charitable purposes generally.

## 6.    Powers of Appointment and Advancement

Notwithstanding the trusts powers and provisions declared and contained in this Settlement the Trustees may at any time during the Trust Period in their absolute discretion:-

(a)    by any deed irrevocable or revocable during the Trust Period appoint the Trust Fund or any part thereof on such new or other trusts powers and provisions governed by the law of any jurisdiction of and concerning the Trust Fund or any part thereof for the benefit of the Beneficiaries or any one or more of them exclusive of the other or others at such age or time or respective ages or times and in such shares and proportions and subject to such powers of appointment vested in any person and with such provisions for maintenance education or advancement or for accumulation of income or for the purpose of raising a portion or for spendthrift or protective trusts and otherwise at the discretion of any person and with such discretionary trusts and powers exercisable by such persons and such powers and provisions generally whether of a beneficial or administrative nature by whomsoever exercisable and generally in such manner as the Trustees shall in their absolute discretion think fit and for the purpose of giving effect to any such appointment by the same deed revoke all or any of the trusts powers and provisions herein contained with respect to the Trust Fund or the part thereof to which such appointment relates and so that in the event of any such appointment the Trustees shall thenceforward hold the Trust Fund or the part thereof to which such appointment relates upon and subject to the trusts powers and provisions so appointed in substitution for any of the trusts powers and provisions hereof so revoked as aforesaid and in priority to the other trusts powers and provisions herein declared and contained and in any appointment under the foregoing power the Trustees may delegate to any person all or any of the powers and discretions by this Settlement or by law vested in the Trustees;

6

TRUST-323516-1

(b)     pay or apply the whole or any part of the capital of the Trust Fund to or for the benefit of all or any one or more of the Beneficiaries to the exclusion of the other or others of the Beneficiaries and in such respective amounts if more than one and generally in such manner as the Trustees shall in their absolute discretion think fit;

(c)     pay or transfer the whole or any part of the capital or income of the Trust Fund to the trustees for the time being of any other trust wheresoever established or existing and whether governed by the Proper Law of this Settlement or by the law of any other jurisdiction which has as its beneficiaries any one or more of the Beneficiaries notwithstanding that such other trust may also contain trusts powers or provisions (discretionary or otherwise) in favour of some other person or object or for a purpose if the Trustees shall in their absolute discretion consider such payment to be for the benefit of such one or more of the Beneficiaries;

(d)     settle the Trust Fund or any part thereof on all or any one or more of the Beneficiaries notwithstanding that such settlement may also contain trusts powers and provisions (discretionary or otherwise) in favour of some other person or object and any settlement made by the Trustees under this present power upon or for the benefit of any one or more of the Beneficiaries as aforesaid may be created in and under the law of any jurisdiction (being a jurisdiction which recognises settlements of the kind proposed to be made) and may contain such trusts powers and provisions whatsoever (including trusts powers and provisions to be exercised at the discretion of any person) for the benefit of such one or more Beneficiaries or other persons as the Trustees shall in their absolute discretion think fit.

And so that for the purposes of this clause:-

(i)     the provisions and powers hereinbefore conferred on the Trustees shall have effect notwithstanding any rule of law or equity restricting the delegation of a power or discretion;

7

TRUST-323516-1

(ii)    upon any such payment or transfer to the trustees of any other trust hereinbefore referred to the Trustees shall not be bound to see to the further application of such property;

(iii)    "trust" shall mean any trust created by any settlement declaration of trust will codicil or other instrument under the law of any jurisdiction and a person shall be deemed to be interested under a trust if any capital or income comprised in the trust is or may become liable to be transferred paid applied or appointed to him or for his benefit either pursuant to the terms of the trust or in consequence of an exercise of any power or discretion thereby conferred on any person.

## 7.    Overriding Exceptions

Notwithstanding anything herein contained in this Settlement:-

(a)    no trust power or provision hereby or by law conferred upon the Trustees shall be exercised in such a way as to:-

(i)    infringe any rule against perpetuities or the remoteness of vesting which may be applicable hereto at the time of the exercise of such trust power or provision;

(ii)    prejudice or affect any irrevocable appointment of capital or income then already made;

(iii)    authorise any payment transfer or advance of any part of the Trust Fund or any income thereof to the trustees of any other trust if any Excluded Person at the date of any such payment, transfer or advance is or may become a beneficiary thereunder or is or may become capable of benefiting therefrom in any circumstances whatsoever;

(b)    no part of the capital or income of the Trust Fund shall be paid or lent to or settled on or applied for the benefit either directly or indirectly of any Excluded Person in any circumstances whatsoever.

8

TRUST-323516-1

8. **Payments to Minors Curators Guardians Legal Representatives and Charities**

(a)  Where the Trustees are authorised or required to pay or apply any income or capital of the Trust Fund to or for the benefit of any person who is a minor the Trustees shall have power in their absolute discretion either to pay the same to him as his absolute property notwithstanding that he is a minor and the receipt of any such minor Beneficiary shall be a sufficient discharge to the Trustees therefor or to pay the same to any parent or lawful guardian of such minor or to apply the same in such manner as may be directed in writing by such parent or guardian and the receipt of such parent or guardian in either case shall be a sufficient discharge to the Trustees for any income or capital so paid or applied.

(b)  Where the Trustees are authorised or required to pay or apply any income or capital of the Trust Fund to or for the benefit of any Beneficiary and a curator guardian or other legal representative has been appointed in any jurisdiction to represent the interests and/or affairs of such Beneficiary the Trustees shall have power to pay or apply the same in such manner as may be directed in writing and authorised by such curator guardian or other legal representative and the receipt of such person in all cases shall be a sufficient discharge to the Trustees for any income or capital so paid or applied.

(c)  Where the Trustees are authorised or required to pay or apply any income or capital of the Trust Fund to or for the benefit of any charity the Trustees shall have power to accept the receipt of any person purporting to be the treasurer or other proper officer or one of the trustees or a sole trustee for the time being of any such charity and so that any such receipt shall be a sufficient discharge to the Trustees for any income or capital so paid or applied.

9.  **Power of Exclusion**

(a)  The Trustees may by deed made at any time during the Trust Period declare that any person or member of a class named or specified (whether or not ascertained) in such declaration who is would or might but for this clause be or become a Beneficiary:-

TRUST-323516-1

9

     (i)       shall be partially excluded from future benefit hereunder; or

     (ii)     shall cease to be a Beneficiary; or

     (iii)    shall be an Excluded Person

and any such declaration may be irrevocable or revocable during the Trust Period and shall have effect from the date specified in the said declaration or upon the occurrence of some future event specified in the said declaration provided that this power shall not be capable of being exercised so as to derogate from any interest to which any Beneficiary has previously become indefeasibly entitled whether in possession or in reversion or otherwise.

   (b)    Any person not being a minor to whom or for whose benefit any income or capital of the Trust Fund is or may whether directly or indirectly be appointed transferred or applied in any manner whatsoever by or in consequence of an exercise of any trust power or discretion vested in the Trustees or in any other person may by declaration in writing during the Trust Period either:-

     (i)       irrevocably disclaim his whole interest; or

     (ii)     irrevocably or revocably disclaim part of his interest (but revocable during the Trust Period only); or

     (iii)    declare that he shall either permanently or for such period as therein stated cease to be a Beneficiary; or

     (iv)    declare that he shall either permanently or for such period as therein stated be an Excluded Person

and so that any such declaration shall apply whether or not the Beneficiary has received some benefit from his interest.

**10.    Provisions as to Excluded Persons**

Subject only to the provisions for the remuneration and payment of expenses of Trustees agents professional advisers and providers of Professional Services in clause 21 and

TRUST-323516-1

Regulations 7 and 8 and to the provisions for Trustees' liability in clause 20, no Excluded Person or any person who has disclaimed their interest under clause 9(b) shall be capable of taking any benefit under the provisions of this Settlement. For the avoidance of doubt it is hereby declared that an Excluded Person who enters into a contract with the Trustees the Beneficiaries or any of them whether directly or indirectly and benefits in any manner whatsoever by virtue of such contract shall not be deemed to have taken any benefit under the provisions of this Settlement provided that such contract was entered into at arm's length and on a commercial basis.

11. **Power of Addition**

(a)   The Trustees shall have power at any time during the Trust Period to add as a Beneficiary such person or class of persons (not being an Excluded Person) as the Trustees shall in their absolute discretion determine.

(b)   Any such addition shall be made by deed signed by the Trustees and:-

(i)   name or describe the person or class of persons to be thereby added as a Beneficiary; and

(ii)   specify the date (not being earlier than the date of the deed but during the Trust Period) from which such person or class of persons shall be so added.

12. **Power to Change Proper Law**

The Trustees may at any time during the Trust Period by deed declare that the Proper Law of this Settlement shall from the date of such deed or from such date as is specified therein or upon the occurrence of such circumstances as are specified therein be the law of some other jurisdiction and that the forum for the administration thereof shall thenceforth be the Courts of that jurisdiction to whose non-exclusive jurisdiction the Trustees shall be deemed to have submitted but subject to the power conferred by this clause and until any further declaration be made hereunder PROVIDED ALWAYS that so often as any such declaration as aforesaid shall be made the Trustees shall be at liberty to make such consequential alterations or additions in or to the trusts powers and

11

TRUST-323516-1

provisions of this Settlement as the Trustees may consider necessary or desirable to ensure that the trusts powers and provisions of this Settlement shall (mutatis mutandis) be as valid and effective as they are under the Proper Law of this Settlement.

### 13. Additional Powers of the Trustees

The Trustees shall have the additional powers discretions rights and immunities set out in the Regulations.

### 14. Exercise of Powers

(a)    The Trustees shall exercise (or refrain from exercising) the trusts powers and discretions vested in them as they shall think fit for the benefit of all or any one or more of the Beneficiaries and for the advantage of one at the expense of another or for the benefit of any one or more of them without being obliged to consider the other or others.

(b)    Subject to sub-clause (a) above every discretion vested in the Trustees shall be absolute and uncontrolled and every power vested in the Trustees shall be exercisable at their absolute and uncontrolled discretion and the Trustees shall have the same discretion in deciding whether or not to exercise any such power.

### 15. Delegation of Powers

The Trustees shall have power by deed irrevocable or revocable during the Trust Period to delegate to any person at any time for any period and in any manner (including without prejudice to the generality of the foregoing by power of attorney) and upon any terms whatsoever all or any of the powers or discretions whether dispositive administrative or otherwise imposed on or given to the Trustees by this Settlement or by law or otherwise (including the whole of the management and administration of this Settlement) without being liable for any loss to the Trust Fund arising from the acts or defaults of any such person.

TRUST-323516-1

16.    **Restriction on Exercise of Powers and Release of Powers**

The Trustees shall have power at any time by deed irrevocable or revocable during the Trust Period to release or to any extent restrict the future exercise of any powers hereby or by law conferred on them notwithstanding the fiduciary nature of any such powers.

17.    **Power of Appointment of New or Additional Trustees**

(a)    If any Trustee whether original additional or substituted shall die or being a company shall be dissolved or shall give notice of desire to withdraw and be discharged from the trusts hereof under the provisions of sub-clause (b) below or shall refuse or become unfit to act then the persons specified in the **fifth schedule** in order of priority may by deed appoint one or more other persons wheresoever resident but subject to any exclusions or provisions specified in the **fifth schedule** to be a Trustee in place of the Trustee so deceased dissolved desiring to withdraw and be discharged refusing or becoming unfit to act.

(b)    If any Trustee shall at any time desire to withdraw and be discharged from the trusts hereof he may (subject to any exclusions or provisions specified in the **fifth schedule**) so do by notice in writing executed by himself given to his co-Trustees (if any) or failing which to the person having for the time being power to appoint new or additional Trustees and to his co-Trustees (if any) and:-

(i)    upon the expiration of any period specified therein; or subject thereto

(ii)    upon the delivery of such notice

the Trustee so doing shall cease to be a Trustee hereof to all intents and purposes except as to acts and deeds necessary for the proper vesting of the Trust Fund in the continuing or new Trustee or otherwise as the case may require.

(c)    The person for the time being having the power to appoint new Trustees shall (subject always to any exclusions and provisions specified in the **fifth schedule**) have power to appoint one or more other persons wheresoever resident or situate to be additional Trustees hereof.

TRUST-323516-1

(d)    Acts and deeds done or executed for the proper vesting of the Trust Fund in new additional or continuing Trustees shall be done or executed by the continuing or retiring Trustee at the expense of the income or capital of the Trust Fund.

(e)    An outgoing Trustee who is or who may be liable as a Trustee hereof or as a former Trustee hereof either for any taxes wheresoever they may be imposed and of whatsoever nature and whether enforceable or not or any other liability whether existing future contingent or otherwise shall not be under any duty to transfer the Trust Fund unless reasonable security is provided for such outgoing Trustee against such liability including without prejudice to the generality of the foregoing an indemnity from any new additional or continuing Trustee in substantially similar terms to any indemnity which the outgoing Trustee may have given to any former or continuing Trustee upon such outgoing Trustee being appointed as Trustee.

(f)    Any new or additional Trustee appointed under this Settlement or by a court of competent jurisdiction shall have such powers rights and benefits as to remuneration or otherwise at or prior to his or its appointment as are provided hereinafter or as may be agreed in writing (in the case of a Trustee appointed as hereinbefore provided) between such new or additional Trustee and the person making such appointment or (in the case of a Trustee appointed by a court) as the order appointing such Trustee may direct.

(g)    On every change in the trusteeship a memorandum shall be endorsed on or permanently annexed to this Settlement stating the names of the Trustees for the time being and shall be signed by the persons so named and any person dealing with this Settlement shall be entitled to rely upon such memorandum (or the latest of such memoranda if more than one) as sufficient evidence that the Trustees named therein are the duly constituted Trustees for the time being hereof.

(h)    Any appointment of new or additional Trustees may at the discretion of the person for the time being having the power to appoint Trustees take effect forthwith or on such date as is specified in the deed of appointment or on the occurrence of such circumstances as are specified in the deed of appointment.

TRUST-323516-1

(i)     There shall be no obligation to have more than one corporate Trustee or two individual Trustees of this Settlement.

**18.    Decisions of the Trustees**

Every decision resolution or exercise of a power or discretion required to be or capable of being made by the Trustees shall be validly made if it is made by a majority of the Trustees for the time being and any deed or instruction executed in pursuance of any such decision resolution or exercise shall have binding legal effect (as if executed by all Trustees) if it shall be executed by a majority in number of the Trustees for the time being and no Trustee shall be liable for any act or decision of a majority of the Trustees of which he was not a member.

**19.    Liability of Outgoing Trustees**

If a Trustee ceases to be a Trustee hereof for any reason whatsoever such Trustee (and in the case of a corporate Trustee all of its officers or employees) shall be released from liability to any Beneficiary Trustee or other person interested under this Settlement for any act or omission in relation to the Trust Fund or his duty as a Trustee except:-

(a)     any liability in respect of any breach of trust arising from fraud wilful misconduct or gross negligence on the part of such Trustee (and in the case of a corporate Trustee any of its officers or employees);

(b)     liability in respect of actions to recover from such Trustee (and in the case of a corporate Trustee any of its officers or employees) trust property or the proceeds of trust property in the possession of such Trustee or its officers or employees.

**20.    Release from Trustees' Liability**

In the actual or purported execution of the trusts powers and provisions hereof no Trustee (and in the case of a corporate Trustee none of its officers or employees) shall be liable for any loss to the Trust Fund arising in consequence of either the failure depreciation or loss of any investments made or retained in good faith or by reason of any mistake or omission made in good faith or of any other act omission matter or thing whatever except

TRUST-323516-1

for breach of trust arising from fraud wilful misconduct or gross negligence on the part of the Trustee who is sought to be made liable.

21.    **Trustees' Remuneration**

(a)    Any Trustee for the time being hereof being an advocate solicitor accountant or other person engaged in any profession or business or any such person associated with such Trustee or in the case of a corporate Trustee any such person associated or beneficially interested or in any way connected with such Trustee shall be entitled in addition to reimbursement of their proper expenses to charge and be paid all usual professional or other charges for business done and time spent and services rendered by him or his firm in the execution of the trusts powers discretions and provisions hereof whether in the ordinary course of his profession or business or not and although not of a nature requiring the employment of a solicitor or other professional person.

(b)    Any Trustee for the time being hereof who shall be a company empowered to undertake trust business shall be entitled in addition to reimbursement of its proper expenses to remuneration for its services in accordance with such company's published terms and conditions for trust business in force from time to time or in the absence of such published terms and conditions in accordance with such rates as it shall from time to time determine.

(c)    Any Trustee for the time being hereof shall be entitled to retain any commission which would or may become payable to him notwithstanding that such commission is payable as a direct or indirect result of any dealing with property which is or may become subject to the trusts hereof.

(d)    No Trustee hereof or director or other officer or servant of any company which is a Trustee hereof shall be liable to account for any remuneration or other profit received by him in consequence of his acting as or being appointed a director or other officer or servant of any company even though his appointment was procured by an exercise by him or by the Trustees of voting rights attached to

16

TRUST-323516-1

securities in the Trust Fund or by any abstention from exercising such voting rights.

(e)     Any Trustee or any associate or associated company of a Trustee or any shareholder of a corporate Trustee who carries on the business of the provision of Professional Services may provide such Professional Services for this Settlement as the Trustees may in their discretion require on the same terms as those made with an ordinary customer.

## 22.    Power to Amend

Subject always to clauses 7 and 25 hereof and notwithstanding anything else herein contained to the contrary the Trustees may at any time during the Trust Period by deed make any alterations or additions to the trusts powers and provisions of this Settlement (whether of a dispositive or administrative nature) which they consider in their absolute discretion to be for the benefit of any one or more of the Beneficiaries.

## 23.    Disclosure

The Trustees shall not during the Trust Period or thereafter disclose to any person or authority (except with the authority of all the Beneficiaries not being minors or unless ordered to do so by a court of competent jurisdiction) any information relating to the Trust Fund the Beneficiaries or other matters of which the Trustees may in the course of their duties hereunder or otherwise become possessed save for:-

(a)     such documents (including a copy of this Settlement) and such information as is necessary to administer this Settlement;

(b)     documents which relate to or form part of the accounts of this Settlement which may be disclosed only to Beneficiaries not being charities

PROVIDED ALWAYS THAT:-

(i)     the Trustees shall have power to provide such information to the fiscal authorities of any government in any jurisdiction as shall be necessary to make returns in respect of any duties or taxes whatsoever being payable

TRUST-323516-1

17

in respect of the Trust Fund or any part thereof and the income thereof in any circumstances whatsoever; and

(ii)    the Trustees shall have power to provide such information as may be properly required by any competent authority or person whether or not such requirements shall have the force of law in the jurisdiction of the Proper Law and whether or not such disclosure shall be enforced on the Trustees in respect of any shares or other securities held by or on behalf of this Settlement including without limitation any disclosure required under any legislation regulating transactions in securities and any rules of any stock exchange or regulated market or authority in any place in which the Trust Fund or any part thereof or any asset held directly or indirectly therefor is situate from time to time.

## 24. Preliminary Expenses

The Trustees shall have power to pay out of the Trust Fund all expenses of whatever nature incidental to the creation of this Settlement.

## 25. Irrevocability

This Settlement shall be irrevocable.

## 26. Title

This Settlement shall have the name set out in the **sixth schedule** or such other name as the Trustees shall from time to time declare in writing.

**IN WITNESS** whereof these presents have been executed by the parties hereto the day and year first before appearing.

TRUST-323516-1

# THE FIRST SCHEDULE

## (The Regulations)

### 1.  General Power

Subject always to any provisions or restrictions expressly contained in this Settlement the Trustees shall in relation to the Trust Fund and in particular but without prejudice to the generality of the foregoing the investment of the Trust Fund have all the same powers as a natural person acting as the beneficial owner of such property and such powers shall not be restricted by any principle of construction or rule or requirement of the Proper Law of this Settlement save to the extent that such is obligatory but shall operate according to the widest generality of which the foregoing words are capable notwithstanding that certain powers are hereinafter more particularly set forth.

### 2.  Powers of Investment

(a)  The Trust Fund may be invested or laid out in the purchase of (or at interest upon the security of) such property whether involving liability or not and whether producing income or not or upon such personal credit with or without security as the Trustees shall in their absolute discretion think fit including the purchase erection and improvement of any property as a residence for any person and the purchase of chattels for the use of any person to the intent that the Trustees shall have the same full and unrestricted powers of investing and transposing investments and laying out moneys in all respects as if they were absolutely entitled thereto beneficially and without regard to the requirements of the Proper Law of this Settlement save to the extent that these are obligatory.

(b)  The acquisition of any investment of a speculative nature shall be deemed to be an authorised investment of the whole or any part of the Trust Fund.

(c)  The acquisition of any reversionary interest in property or any policy or securities or other investments not producing income or in respect of which no dividend interest or rent is payable shall be deemed to be an authorised investment of the whole or any part of the Trust Fund.

19

(d)     The acquisition of any limited interest in property or any annuity or policy or securities or other investments being of a wasting nature shall be deemed to be an authorised investment of the whole or any part of the Trust Fund.

(e)     The Trustees shall have power to make any such investment as is mentioned in paragraphs (c) and (d) of this Regulation notwithstanding that the making thereof may affect or alter inter se the interests of the persons respectively interested in the capital and income under this Settlement.

(f)     The Trustees shall have power to apply any moneys forming part of the capital or income of the Trust Fund in the purchase or subscription of partly-paid shares and shall have power to pay up such shares at such times and in such manner as they shall in their absolute discretion determine.

(g)     The Trustees shall be under no duty to diversify investments.

(h)     The Trustees may invest the whole or any part of the capital or income of the Trust Fund in effecting purchasing or otherwise acquiring and paying premiums on any policy or policies of assurance upon the life of any person whether such policies be the whole life or endowment or policies to cover death within any term (howsoever short) or policies restricted to death by accident and generally upon any terms and conditions as the Trustees shall think fit and the Trustees shall have all the powers of an absolute beneficial owner as respects any policy forming part of the Trust Fund including the power to exercise any option afforded by such policy or to sell or realise any such policy or to convert the same into a fully paid up policy or into any other form of assurance.

(i)     The Trustees shall have power to leave any assets subject to any of the trusts of this Settlement in their original state or in the state of investment in which they may be from time to time.

(j)     In the exercise of the powers herein contained the Trustees shall not be under any duty to see that the value of the Trust Fund or any part thereof is preserved or enhanced in any way nor shall they be liable for any failure in those respects whatsoever.

TRUST-323516-1

3.    **Power to Form Companies**

The Trustees shall have power at any time to form a company in any jurisdiction. The costs and expenses of forming such a company shall be a charge on the Trust Fund. In addition, the Trustees shall have power to transfer to any such company all or any part of the capital or income of the Trust Fund whether by way of subscription loan (at or free of interest and whether secured or unsecured) contributed capital or otherwise and shall have power to forgive or release any debt in whole or in part owing to the Trustees by any such company.

4.    **Trustees Not Bound to Interfere in Business of Company in which Settlement is Interested**

(a)    The Trustees shall not be under any duty nor shall they be bound to interfere in the business of any company in which this Settlement is interested and in particular:-

(i)    the Trustees shall not be under any duty to exercise any control the Trustees may have over or to interfere in or become involved in the administration management or conduct of the business or affairs of any company in which this Settlement is or may be interested whether or not this Settlement holds the whole or a substantial proportion of the shares carrying the control of the company and without prejudice to the generality of the foregoing the Trustees shall not be under any duty to exercise any voting powers or rights of representation or intervention conferred on the Trustees by any of the shares in respect of such company;

(ii)    the Trustees shall leave the administration management and conduct of the business and affairs of such company to the directors officers and other persons authorised to take part in the administration management or conduct thereof and the Trustees shall not be under any duty to supervise such directors officers or other persons so long as the Trustees do not have actual knowledge of any dishonesty relating to such business and affairs on the part of any of them; and

TRUST-323516-1

(iii)　the Trustees shall assume at all times that the administration management and conduct of the business and affairs of such company are being carried on competently honestly diligently and in the best interests of the Trustees in their capacity as shareholders or howsoever they are interested therein until such time as they shall have actual knowledge to the contrary and so that the Trustees shall not be under any duty at any time to take any steps at all to ascertain whether or not the assumptions contained in this sub-clause are correct.

(b)　Without prejudice to the generality of the foregoing, the Trustees shall be under no duty:-

(i)　to exercise any rights or powers (whether available to them as shareholders debenture holders or otherwise) enabling them to appoint or elect or to remove a director officer or other person authorised to take part in the administration management or conduct of the business or affairs of such company and in particular the Trustees shall not be under any duty to take any steps to see that any Trustee or any officer or nominee of the Trustees becomes a director or other officer of such company; or

(ii)　to exercise any power to require the payment of a dividend or other distribution of profit and whether of an income or capital nature.

(c)　No Beneficiary shall be entitled in any way whatsoever to compel control or forbid the exercise in any particular manner of any powers discretions or privileges (including any voting rights) conferred on the Trustees by reason of any shares or other rights of whatsoever nature in or over such company.

(d)　The Trustees shall not be liable in any way whatsoever for any loss to such company or the Trust Fund or the income thereof arising from any act or omission of the directors officers or other persons taking part (whether or not authorised) in the administration management and conduct of the business or affairs of such company (whether or not any such act or omission by any such foregoing persons shall be dishonest fraudulent negligent or otherwise).

TRUST-323516-1

(e)   Without prejudice to the generality of the foregoing the Trustees shall not be rendered responsible in any way whatsoever for any default or other act or omission by the directors officers or other persons referred to in paragraph (d) above by any express notice or intimation of such default or other act or omission and the Trustees shall not be obliged or required to make and enforce any claim in respect of such a default or other act or omission and no person who is or may become entitled hereunder shall be entitled to compel the making of such a claim but the Trustees may be required to lend their names for the purpose of proceedings brought by a Beneficiary in respect of any such default act or omission upon being given a full and sufficient indemnity against all costs and expenses of such proceedings.

## 5.  Trustees Not Bound to Obtain Information Regarding Company in which Settlement is Interested

(a)   The Trustees shall not be under any duty to obtain or to seek to obtain in any way whatsoever any information regarding the administration management or conduct of the business or affairs of any company in which this Settlement is or may be interested (although this Settlement holds the whole or a majority of the shares carrying the control of the company) from the persons involved in the administration management or conduct or from the shareholders or other persons interested therein or any other matter relating to such company.

(b)   The Trustees shall assume that such information as is supplied to them by any person relating to such company is accurate and truthful unless the Trustees have actual knowledge to the contrary and the Trustees shall not be under any duty at any time to take any steps at all to ascertain whether or not the information is accurate and truthful.

TRUST-323516-1

(c)   Without prejudice to the generality of the foregoing the Trustees shall not be under any duty to request from any person any information referred to in paragraph (a) above other than:-

    (i)   copies of any statements and directors' reports supplied under the constitution of the company or any other company or the general law applicable thereto;

    (ii)   copies of any annual returns made to the registry if any at which the company or any other company is registered; and

    (iii)   copies of any accounts filed at such registry.

(d)   The Trustees shall not be liable in any way whatsoever for any loss sustained by the Trust Fund or the income thereof arising from the Trustees not taking all or any possible steps to obtain any information referred to in paragraph (a) above or to verify the accuracy and truthfulness of such information as is supplied to the Trustees.

(e)   No Beneficiary shall be entitled to compel the Trustees to take any steps to obtain any information referred to in paragraph (a) above or to verify the accuracy and truthfulness of such information as is supplied to the Trustees.

## 6. Nominees and Custodians

The Trustees may permit any property comprised in the Trust Fund to be and remain deposited with one or more of the Trustees or with any person in any jurisdiction and permit any such property to be held or invested in the name of any person (whether or not being one or more of the Trustees) in any jurisdiction instead of in the names of the Trustees.

## 7. Power to Employ Agents

The Trustees shall have power instead of acting personally to employ and pay at the expense of the income or capital of the Trust Fund any agent in any jurisdiction whether advocates attorneys solicitors legal counsel accountants brokers banks trust companies

TRUST-323516-1

or other professional agents whether associated or connected in any way with the Trustees or not without being responsible for the default of any agent to transact any business or do any act required to be transacted or done in the execution of the trusts hereof including the receipt and payment of moneys and the execution of documents.

8.    **Power to Employ Investment Adviser or Manager**

(a)    Without prejudice to the generality of the foregoing the Trustees may from time to time and at any time employ on such terms and with such payment as they may think fit any person in any jurisdiction whether associated or connected in any way with the Trustees or not as:

(i)    an investment adviser for the purpose of advising them or any company wholly or partly owned by them and forming part of the Trust Fund as to the investment policy to be followed in the administration of the Trust Fund and if and so far as either the Trustees or the directors or officers of such company follow the advice proffered by such investment adviser they shall not be responsible for the success or failure of the policy so pursued; or

(ii)    an investment manager for the purpose of managing the investment of the Trust Fund on a fully discretionary basis or on such other terms as the Trustees shall determine.

(b)    In determining the payment to be made to such investment adviser or manager the Trustees may if they think fit authorise such investment adviser or manager to retain for its or his own use and benefit any commissions or shares of commissions customarily or by usage payable to such investment adviser or manager in relation to any dealing or transaction with or concerning the Trust Fund or any part thereof.

9.    **Power to Have Accounts Audited**

The Trustees shall have power from time to time and at such intervals as they shall in their absolute discretion think fit to cause the accounts kept by them hereunder to be

TRUST-323516-1

examined or audited by such person as they shall designate and to pay the costs of such examination or audit out of the capital or income of the Trust Fund or partly out of one or partly out of the other.

**10. Power to Take Counsel's Opinion**

The Trustees shall have power to take the opinion of legal counsel in any jurisdiction concerning any difference arising under this Settlement or any matter in any way relating to this Settlement or to their duties in connection with the trusts of this Settlement and the cost and associated costs and expenses of obtaining such opinions shall be payable out of the Trust Fund and to the extent that the Trustees act in accordance with the opinion of such counsel the Trustees shall not be liable for any loss to the Trust Fund which may arise by or from so acting provided that any action is taken in good faith and without neglect.

**11. Personal Interest of a Trustee**

Subject as herein otherwise expressly provided any of the Trustees may exercise or join or concur in exercising any or all of the powers and discretions hereby or by law given to the Trustees notwithstanding that such Trustees or any director officer shareholder or employee or associated company of a corporate Trustee may have a personal interest in the mode or result of exercising any such power or discretion but any of the Trustees may abstain from acting except as a merely formal party in any matter in which such Trustees may be personally interested as aforesaid and may allow his co-Trustees to exercise the powers and discretions aforesaid in relation to such matter.

**12. Power to Transact with Trustees of Other Trusts**

The Trustees may in execution of any of the trusts of this Settlement or in exercise of any of the powers hereby or by law given to them either directly or indirectly through a company controlled by the Trustees sell lend or buy any property or borrow property from or carry out any other transaction with the trustees of any other trust or the executors or administrators of any estate or any company controlled by such trustees executors or administrators notwithstanding that the Trustees or any of them are or is the same person as those trustees executors or administrators or any of them and where the

26

Trustees are the same persons as those trustees executors or administrators the transaction (including without limitation any such transaction effected and evidenced only by an entry in the accounts of the Trustees) shall be binding on all persons then or thereafter interested hereunder.

### 13.    Contracts with Individual Trustees

Any of the Trustees or any director officer shareholder or employee of a corporate Trustee may contract with the Trustees as vendor or purchaser or otherwise in a matter in which he is personally interested provided that at least one of the Trustees has no personal interest in such contract.

### 14.    Power to Apportion Between Income and Capital

The Trustees shall have power to treat as income or as capital any dividends stock dividends rights interest rents issues and profits derived from any property at any time constituting the whole or any part of the Trust Fund and generally to determine what part of the receipts is income and what is capital whether or not such property is wasting hazardous or unproductive or was purchased at a premium or discount and notwithstanding the time when such dividends stock dividends rights interest rents issues or profits were earned accrued declared or paid to make such reserves out of the capital or income as the Trustees deem proper for expenses taxes and other liabilities of this Settlement to pay from income or from capital or to apportion between capital and income any expenses of making or changing investments and of selling exchanging or leasing including brokers' commissions and charges and generally to determine what part of the expenses of this Settlement shall be charged to capital and what part to income and to determine as between separate funds and separate parts or shares the allocation of income gains profits losses and distributions and so that any decisions of the Trustees under this Regulation whether made in writing or implied from their acts shall so far as the law may permit be conclusive and binding on the Beneficiaries and all persons actually or prospectively interested under this Settlement.

TRUST-323516-1

15.     **Power to Give Warranties and Indemnities**

The Trustees shall have power to enter into any warranty and further or alternatively any indemnity in favour of any former Trustee or any other person in respect of any estate duty tax capital transfer tax inheritance tax or fiscal imposition or other liability whether of a fiscal nature or not and whether existing contingent future or otherwise in respect of the Trust Fund or otherwise in connection with this Settlement and to charge or deposit the whole or any part of the Trust Fund as security for such warranty and further or alternatively such indemnity in such manner in all respects as they shall think fit.

16.     **Power to Guarantee Debts and Pledge Assets**

The Trustees shall have power at any time at their absolute discretion and on such terms as they deem fit to appropriate or to apply the capital or income of the Trust Fund or any part thereof in securing the payment of money owed by any Beneficiary or other person or the performance of any obligations of any Beneficiary or other person and to give any guarantee or to become surety for any Beneficiary or other person and for these purposes to pledge mortgage or charge any investments or property for the time being forming part of the Trust Fund or to deposit or transfer any such investments or property with or to any person by way of security.

17.     **Power to Borrow Money**

The Trustees may at any time and from time to time borrow money and if on the security of the Trust Fund with power to charge any part of the capital or income (including any future income) of the Trust Fund with the repayment of any moneys so borrowed and may pay or apply the money so raised in any manner in which money forming part of the capital of the Trust Fund may be paid or applied and so that the Trustees shall have power to enter into any joint borrowing arrangements with any person and whether or not involving joint or several liability and no purchaser lender or other person paying or advancing money on a sale mortgage charge or other transaction purporting to be made by the Trustees under or for any of the purposes of this Settlement shall be concerned to see that the money is wanted or that no more than is wanted is raised or otherwise as to the propriety of the transaction or the application of the money.

TRUST-323516-1

18.    **Power to Make Loans to Beneficiaries**

The Trustees shall have power to:-

(a)    lend the whole or any part of the Trust Fund to any person who may for the time being be a Beneficiary under the trusts hereby declared upon such terms as to repayment and interest or interest free and whether with or without security as the Trustees may in their discretion think fit but so that no loan shall be made on terms that repayment shall be postponed beyond the Trust Period;

(b)    forgive or release any debt in whole or in part owing to the Trustees by any Beneficiary whether during the life of any such Beneficiary or after his death.

19.    **Power to Appropriate**

The Trustees shall have power to appropriate the Trust Fund or any part thereof in or towards satisfaction of the interest of a Beneficiary in such manner and in accordance with such valuation as they think fit and without the consent of any Beneficiary hereunder being required for any such appropriation.

20.    **Power to Effect Compromises**

The Trustees shall have power to:-

(a)    accept any property before the time at which it is transferable or payable;

(b)    pay or allow any debt or claim on any evidence that they think sufficient;

(c)    accept any composition or any security movable or immovable for any debt or other property;

(d)    allow any time of payment of any debt;

(e)    compromise compound abandon submit to arbitration or otherwise settle any debt account claim or thing whatsoever relating to the Trust Fund or this Settlement without being liable for any loss to the Trust Fund thereby occurring.

TRUST-323516-1

21.    **Power to Pay Duties and Taxes**

In the event of any probate succession estate duty capital transfer tax inheritance tax capital gains tax income tax national insurance contributions or other duties fees or taxes or social security contributions (and any interest or penalty chargeable thereon) whatsoever becoming payable by the Trustee or by any other person in any jurisdiction in respect of or with reference to the Trust Fund or any part thereof in any circumstances whatsoever the Trustees shall have power to pay or reimburse the payment of all such duties fees or taxes (and any interest or penalty chargeable thereon) out of the Trust Fund or the income thereof and shall have entire discretion as to the time and manner in which the said duties fees or taxes (and any interest or penalty chargeable thereon) shall be paid or the payment reimbursed and the Trustees may pay or reimburse the payment of such duties fees or taxes (and any such interest or penalty) notwithstanding that the same shall not be recoverable from the Trustees or the Beneficiaries or that the payment shall not be for the benefit of any Beneficiary or that the reimbursement may be to an Excluded Person or to a person who is not a Beneficiary.

22.    **Power to Engage in Trade**

The Trustees shall have power to engage in any business trade or venture in the nature of trade whether solely or jointly with any other person and whether or not by way of partnership under the jurisdiction of the Proper Law of this Settlement or any other jurisdiction and to make such arrangements in connection therewith as they think fit and may delegate any exercise of this power to any one or more of their number or to a company or partnership formed for this purpose PROVIDED THAT the persons carrying on any business trade or venture in the nature of trade authorised by this Regulation shall have power to determine what are the distributable profits. Any power vested in the Trustees under this Settlement shall (where applicable) extend to any arrangements in connection with any such venture or partnership as aforesaid and in particular but without prejudice to the generality of the foregoing the Trustees' powers of borrowing and charging shall extend to any borrowing arrangements made in connection with such venture or partnership as aforesaid and whether made severally or jointly with others or with unequal liability.

30

TRUST-323516-1

23.    **Powers as to Land**

Where the Trust Fund for the time being includes any real or immovable property (in this Regulation referred to as "the said land"):-

(a)    the Trustees shall not be under any duty to see nor be liable or accountable for omitting or neglecting to see to the repair or insurance of any buildings on the said land or to the payment of any outgoings in respect thereof but may repair and insure any such buildings in such manner and to such extent as they shall think fit and pay out of the capital or income of the Trust Fund the costs of all such repairs and of effecting and keeping up any such insurance and any such outgoings as aforesaid;

(b)    the Trustees may from time to time expend capital or income comprised in the Trust Fund in erecting demolishing and rebuilding and making alterations and improvements to any buildings on the said land or any part thereof to such extent and in such manner as they shall think fit and any certificate in writing of any architect or surveyor employed by the Trustees to the effect that any work specified in such certificate is or includes an erection demolition or rebuilding of or alteration or improvement to any such building shall be conclusive as between the Trustees and all persons interested hereunder that any capital or income expended on such work was properly so expended in exercise of this power.

24.    **Power to Permit Occupation of Property by Beneficiaries**

The Trustees shall have power to permit any Beneficiary to reside in any dwelling-house occupy any land or have the custody and use of any movable property which may for the time being be subject to the trusts hereof upon such conditions as to payment (if any) of rent rates taxes and other expenses and outgoings and as to insurance repair and decoration and for such period and generally upon such terms as the Trustees in their absolute discretion shall think fit.

TRUST-323516-1

25.    **Power to Insure Property**

The Trustees shall have power to insure against any loss or damage from any peril any property forming part of the Trust Fund for any amount and to pay the premiums out of the income or capital of the Trust Fund.

26.    **Loss or Damage to Chattels**

The Trustees shall not be liable for any loss damage or depreciation that may happen at any time or from any cause to any chattels for the time being subject to the trusts of this Settlement but may in their absolute discretion (without being under any obligation so to do) from time to time take at the expense of the income or capital of the Trust Fund any steps that they may think proper for the protection or custody of such chattels or any of them.

TRUST-323516-1

## THE SECOND SCHEDULE

(Initial Property)

US Dollars: one hundred only

## THE THIRD SCHEDULE

(The Beneficiaries)

Hana Hilsenrath
Amber Hilsenrath
Nama Hilsenrath
Lior Hilsenrath
Ella Hilsenrath .

## THE FOURTH SCHEDULE

(Excluded Persons)

The Trustee their officers and employees.

33

TRUST-323516-1

# THE FIFTH SCHEDULE

(Appointment of New or Additional Trustees)

The following persons in the following order of priority shall have the power to appoint new or additional Trustees:-

1.     The Trustee or the personal representative or liquidator of the last remaining Trustee.

# THE SIXTH SCHEDULE

(Title)

The Firefly Trust

34

TRUST-323516-1

**THE COMMON SEAL** of
**Insinger Trust Company Limited**
was hereunto affixed
in the presence of:-

_____          _____
Authorised signatory                    Authorised signatory


**SIGNED** by the said
**Oliver Hilsenrath**
in the presence of:-


Witness' signature:
Witness' name:                          M. KALMAN.
Witness' address:


Witness' occupation:


35

TRUST-323516-1

DATED THIS 24TH DAY OF JULY 2001

DEED OF ADDITION OF BENEFICARY

MADE BY

INSINGER DE BEAUFORT TRUST COMPANY LIMITED
(The Trustee)

THE FIREFLY TRUST

2

**THIS DEED** is made the 24th day of July 2001, by **Insinger de Beaufort Trust Company Limited** (formerly Insinger Trust Company Limited) whose Registered Office is situate at 28-30 The Parade, St Helier, Jersey, Channel Islands, ("the Trustee")

**SUPPLEMENTAL TO:-**

a    A Settlement Deed made the 18th day of June 2001 between Oliver Hilsenrath (the "Settlor") and the Trustee which established the Settlement known as The Firefly Trust ("the Settlement").

**INTERPRETATION:-**

In this Deed unless the context otherwise requires:-

i    Words and expressions have the same meaning as in the Settlement

ii    References to numbered and lettered clauses paragraphs and schedules are references to the correspondingly numbered and lettered clauses paragraphs and schedules in the Settlement

iii    Words importing the singular include the plural and vice versa and words importing one gender also import the other two genders

**WHEREAS:-**

A    The Trustee is now and always has been the Trustee of the Settlement

B    Clause 1 (a) (i) provides that the Beneficiaries are all and any of the persons specified in the third schedule, together with such other persons as are added to the class of Beneficiaries by the Trustees under the provisions of the Settlement Deed

C    Clause 11 gives the Trustee power, in its absolute discretion, to add, by Deed, as a Beneficiary such one person or class of persons (not being an Excluded Person)as may be specified in the Deed

D    The Trustee exercises its power in the manner hereafter appearing:

3

**NOW THIS DEED WITNESSES AS FOLLOWS:**

1.  In exercise of the power in Clause 11, and every other power it enabling, the Trustee declares that from and after the Trustee's execution of this Deed, the Settlement shall have effect as if there were added to the third schedule the following person:

    **OLIVER HILSENRATH**

2.  From and after the execution of this Deed by the Trustee, the Settlement shall take effect as varied by this Deed.

**IN WITNESS** whereof, THE COMMON SEAL of
**INSINGER DE BEAUFORT TRUST COMPANY LIMITED**
was affixed the day and year first above written

in the presence of:-



Director Authorised Signatory

Authorised Signatory

DATED this *25* day of *October* 2006

# DEED OF APPOINTMENT AND INDEMNITY

## SUPPLEMENTAL TO
## THE FIREFLY TRUST

# EQUITY TRUST

**THIS DEED OF APPOINTMENT AND INDEMNITY**

is made the 6th day of November 2006

**BETWEEN:**

1.  **EQUITY TRUST (JERSEY) LIMITED** of Equity Trust House, P.O. Box 546, 28-30 The Parade, St Helier, Jersey, JE4 8XY, Channel Islands in its capacity as trustee of the Firefly Trust (the "**Trustee**") of the one part;

2.  **OLIVER HILSENRATH** and **HANA HILSENRATH** both of 822 Eastbrook Court Danville, California 94506 USA (the "**Beneficiaries**" and each a "**Beneficiary**") of the other part.

**SUPPLEMENTAL TO:**

1)  A Settlement dated 18 June 2001 and made by Insinger Trust Company Limited and known as "The Firefly Trust" wherein trusts were declared concerning certain property therein described (the "**Trust**").

2)  A Deed of Addition dated 24 July 2001 made by Insinger de Beaufort Trust Company Limited whereby a person was added as a Beneficiary of the Trust.

**WHEREAS:**

A)  Insinger Trust Company Limited changed its name to Insinger de Beaufort Trust Company on 20 July 2001. Insinger de Beaufort Trust Company Limited changed its name to Equity Trust Company Limited on 18 July 2003. Equity Trust Company Limited was merged with Equity Trust (Jersey) Limited on 19 November 2003 when Equity Trust (Jersey) Limited succeeded to the assets, liabilities and activities of Equity Trust Company Limited.

B)  The Trustee is the sole trustee of the Trust.

C)  The Beneficiaries are beneficiaries of the Trust.

D)  By virtue of clause 5(a) of the Trust, the Trustee has the power to pay, appropriate or apply the whole or such part of the income of the trust fund as the Trustee may from time to time in its sole, absolute and uncontrolled discretion think fit to or for the maintenance or otherwise for the benefit of all or such one or more exclusive of the other beneficiaries.

E)  By virtue of clause 6(b) of the Trust, the Trustee has the power to pay or apply the whole or any part of the capital of the Trust Fund to or for the benefit of all or any one or more of the beneficiaries to the exclusion of the other or others and in such respective amounts and in such manner as the Trustee shall in its absolute discretion think fit.

F)  The Trustee has determined to exercise its power to appoint the whole of the capital and income of the Trust to the Beneficiaries jointly on the terms hereinafter appearing.

G)  The Trust Period has not expired.

**THIS DEED WITNESSES:**

1)  Where the context admits words and expressions used in this Deed shall bear the same meaning as in the Trust; words importing the singular include the plural and vice versa and words importing any one gender also import the other genders.

2)  In exercise of the power conferred upon it by clause 5(a) and 6(b) of the Trust and of every other power enabling it to do so the Trustee hereby appoints absolutely the whole of the capital and

1

income of the trust fund as described in Schedule A hereto (the "**Distribution**") to be paid or, as the case may be, transferred to the Beneficiaries jointly.

3)   In consideration of the payment of the Distribution, receipt whereof is hereby acknowledged by the Beneficiaries, the Beneficiaries fully and effectually, jointly and severally covenant with the Trustee to keep the Trustee, its agents, assigns, employees, officers, servants and successors and their respective assigns, estates, executors, heirs, liquidators, personal representatives, receivers, successors and trustees saved harmless and fully indemnified against all actions, charges, claims, costs, damages, demands, expenses, liabilities, losses, proceedings or otherwise (including, without prejudice to the generality of the foregoing, fiscal and tax liabilities and interest and penalties thereon) whatsoever, wheresoever and howsoever arising for which the Trustee may be sought to be made liable in connection with the assets of the Distribution or by virtue of the exercise of the power conferred upon the Trustee to appoint and pay the Distribution.

4)   The parties hereby agree that this Deed constitutes any notice required to be given.

5)   The indemnities and other provisions of this Deed favourable to the Trustee shall be in addition to and not in substitution for any favourable provisions found in the Trust.

6)   In the event that the indemnities and other provisions of this Deed shall be deemed to be contrary to any provision of any applicable law then the terms hereof shall be valid and binding to the extent that the same are not contrary to any provisions of any applicable law.

7)   This Deed may be executed in any number of counterparts and by the different parties hereto on separate counterparts each of which when executed and delivered (whether by facsimile or otherwise) shall constitute an original but all such counterparts shall together constitute one and the same instrument.

8)   This Deed shall be governed by and construed in accordance with the laws of Jersey and the parties hereto irrevocably submit to the non-exclusive jurisdiction of the courts of the island of Jersey.

## SCHEDULE A

a.  The entire issued share capital in Klonoa Limited held by CN limited and CH Limited as nominee on behalf of the Trustee.

b.  The entire remaining balance of the bank account numbered 1028 - 50223804 held at The Royal Bank of Scotland International Limited, 71 Bath Street, St Helier, Jersey, Channel Islands

**IN WITNESS** whereof this Deed has been executed by the parties hereto the day and year first above written.

**THE COMMON SEAL**    of
**EQUITY TRUST (JERSEY) LIMITED**
was hereunto affixed in the
presence of

_____                    _____
Authorised signatory                                          Authorised signatory

                                                                          _____
                                                                          Signature

Signed by
**Oliver Hilsenrath**
in the presence of

_____                    _____
Witness name                                                  Witness signature

_____

_____

_____
Witness address

Signed by
**Hana Hilsenrath**
in the presence of

                                                                          _____
                                                                          Signature

_____                    _____
Witness name                                                  Witness signature

_____

_____

_____
Witness address

4

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

State of California

County of _California_ } ss.

On _October 25th, 2006_ before me, _Andrew Burkhammer Notary_
Date                                    Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared _Hana & Oliver Hilsenrath_
Name(s) of Signer(s)

ANDREW BURKHAMMER
COMM. # 1672347
NOTARY PUBLIC - CALIFORNIA
CONTRA COSTA COUNTY
My Comm. Exp. JUNE 4, 2010

☐ personally known to me
☑ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
Signature of Notary Public

─────────── **OPTIONAL** ───────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Deed of Appointment and Indemnity_

Document Date: _October 25th, 2006_          Number of Pages: _5_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer**

Signer's Name: _Hana & Oliver Hilsenrath_

☑ Individual(s)
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer Is Representing: _____

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org      Prod. No. 5907      Reorder: Call Toll-Free 1-800-876-6827