**Matheson Trust Company (Jersey) Limited**

A Member of the Jardine Matheson Group

File note

| | | |
|---|---|---|
| Author | Linda de la Cour | 25 May 2000 |
| Client | Dyke Limited | LDC/SMS/CO1280 |

**Telephone conversation with DD**

DD requested that I send him information in respect Izia Limited (Borazon Limited). He wanted the original power of attorney giving the Investment Manager powers and also the cancellation of the power of attorney. He asked that this be faxed to his friend HH on 00 972 36430852. I advised him that I am not the administrator for this Company and would have to refer it to the administrator and ask her to arrange to fax the information to him.

I also advised DD that I wanted to bring him in respect of various matters. He said that he did not want and I therefore advised him that on looking over the portfolio at Salomon Smith Barney Inc for the Company DY Limited, the valuation was showing a credit line of $5,361,525,378, although the net value of the portfolio was $6,361,400.14. He said there was nothing to worry about he was totally aware of the situation and there was no problem.

In respect of the Company WG Limited, I advised him that we had received a form W8 for Investec for completion. He asked me to contact Coby Shapira at Salomon Smith Barney Inc. in respect of the form. I also advised him that there was only a balance of US$124.63 on the account and suggested that maybe it should be closed and the proceeds transferred to a bank account.

Linda de la Cour.

0795

EXHIBIT _A_

Celine Gimenez - borazon                                                    Page 1

**From:**      Linda De La Cour
**To:**        cgi
**Date:**      5/25/00 4:19pm
**Subject:**   borazon

David Dahan has requested a copy of the Power of Attorney and the cancellation of the Power.
(Company formerly Aida) Please fax on a blank fax to to him on 00 972 36430 852.

Many thanks


Linda

JAG 01792

CONFIDENTIAL PURSUANT
TO SECTION 24 (d)
02880

Celine Gimenez - David Dahan                          AKAZON  CO 1524                Page 1

From:       Celine Gimenez
To:         Hilsenrath, Oliver
Date:       5/26/00 9:28am
Subject:    David Dahan

Please be advised that David Dahan has called our offices yesterday to request copies of the Power
of Attorney and the cancellation of the same Power of Attorney to be faxed to him on blank paper.

Kindly confirm that it is in order to do so.

Thank you for your assistance.

Celine


O. HILSENRATH

001 925 785 8812


JAG 01791

CONFIDENTIAL PURSUANT
TO SECTION 24 (d)
02879

**Matheson Trust Company (Jersey) Limited**

A Member of the Jardine Matheson Group

File note

| | | |
|---|---|---|
| Author | Linda de la Cour | 1st June 2000 |
| Client | Dyke Limited | LDC/ZTY/CO1280 |

**Telephone conversation with Claudia (approximately 3.50pm)**

DD phoned and asked if I had any success in finding the Power of Attorney, the cancellation of the Power and also the information on the receipt of approximately $55-56,000 for Onvoy Limited between October 1997 and March 1998. I advised DD that as we had been in conversations with himself and John Perkins and that I was searching for the Power of Attorney. *I had not had time and did not know when I would be able to* confirm the information on Onvoy Holdings Limited. However, I advised him that I had found a Power of Attorney authorising DD to deal but at that time I could not find a cancellation of the Power. DD proceeded to laugh and said words to the effect that wouldn't that be good if the cancellation was not found. I advised DD that there was no way I would be able to have the Power of Attorney and cancellation sent out to him this afternoon as we still had to refer it to the lawyers but hopefully, we could forward it tomorrow.

Linda de la Cour

2301

**Matheson Trust Company (Jersey) Limited**

A Member of the Jardine Matheson Group

*File note*

| | | |
|---|---|---|
| Author | Linda de la Cour | 02 June 2000 |
| Client | Dyke Limited | LDC/ZTY/CO1280 |

*Telephone conversation with JHP*

JHP called and asked how I was getting on with finding the Power of Attorney and cancellation. I advised him that I had found the Power of Attorney but was having trouble finding a cancellation. On giving JHP information as to the company that the Power of Attorney was in respect of, JHP suggested that we find out when or if the account had been closed which would rescind the Power anyway.

He also suggested that if we could not find a closure date of the account we could revoke the Power of Attorney by taking the date from the file where OH advised that DD should have no say in his affairs.

If the account had not been closed we should write to Schroders and confirm that the Power had been now cancelled.

JHP advised that one way or another we should make sure that the Power was cancelled both by ratifying the decision by minute and also copying the Power and making clear on the Power by scoring through it with double line and marking it cancelled or superseded.

The phone conversation was ended but then JHP phoned back and said that he was still very concerned as to why DD wanted the Power at this late stage knowing that it had been cancelled. JHP suggested that DCH phone the lawyers and ask in principal whether DD is legally entitled to the document. However, JHP asked that we delay sending anything out to DD today. To this end he asked that I prepare a fax to DD advising that we were still in the process of gathering the documents together but that JHP as a director of Aida Limited would like to know in writing, why he needs the Power of Attorney at this late stage knowing that it has already been rescinded.

I confirmed with JHP that I would let DCH know the situation and ask that he discuss the matter with the lawyers.

Linda de la Cour

2305



**Matheson Trust Company (Jersey) Limited**

A Member of the Jardine Matheson Group

File note

| | | |
|---|---|---|
| Author | Linda de la Cour | 6 June 2000 |
| Client | Dyke Limited | LDC/MFE/CO1280 |

I had a telephone conversation with Claudia. DD phoned and asked if I had faxed through to him the Power of Attorney and Irrevocation requested last week. I asked him if he had received my fax sent to him on Friday 2 June. He said yes, he had received something about John Perkins being on holiday. I advised him that in the fax I had requested that he advise us in writing as to why he needed the Power of Attorney. David then asked why I was making things so difficult for him and why I was protecting Oliver Hilsenrath. He then proceeded to tell me that he was the first client within the company, he had introduced Oliver Hilsenrath, he had introduced many people to the company over the years. Therefore, why was I protecting other clients and not helping him. I refused to get into a discussion about this and asked him if he could please just fax to us a written request for the Power of Attorney, giving his reasons as to why he wanted it. He said that his English was not good enough to produce this in writing and it would cost him an awful lot of trouble to have to find someone to draft it for him. He asked that I draft the fax and send it to him, he would sign it and fax it back to us.



I terminated the telephone conversation and proceeded to refer the phone call to JHP, who dictated a reply fax to David.

Linda de la Cour

2304



**Matheson Trust Company (Jersey) Limited**

A Member of the Jardine Matheson Group

File note

| | | |
|---|---|---|
| Author | Linda de la Cour | 13 June 2000 |
| Client | Dyke Limited | LDC/ZTY/CO1280 |

### Telephone conversation with David Dahan

I took a call from DD who requested that I arrange a transfer of $20,000.00 from the account of Dyke Limited at Saloman Smith Barney Inc to the account of Dyke Limited at Matheson Bank International Limited. From this account I should arrange a transfer of $15,000.00 to the Pelican Consulting Account with Cobi which would be recorded as a shareholders loan. DD requested that I ask the bank to make the payment specifically to day on the understanding that funds were coming through.

DD asked if John had made a decision as to whether he would fax through the Power of Attorney in respect of Aida Limited (Borazon Limited). I said that I hadn't discussed this with John to date but would mention it to him, DD then asked that JHP would give him a call his car mobile: 00 380 5032 31994

DD again asked if we had found out any information in respect of the transfer of 200,000 US Wireless shares from the account of Onvoy Limited to Aida Limited. He thought that this was sometime in 1997 but could not confirm the date. I said that we were looking through the historic files and were trying to locate this for him.



Linda de la Cour

2340

**EXHIBIT B**

| | |
|---|---|
| **From:** | Oliver Hilsenrath <Oliver@uswcorp.com> |
| **To:** | Celine Gimenez <cgimenez@MathesonTrust.co.uk> |
| **Date:** | 5/26/00 3:02pm |
| **Subject:** | RE: David Dahan |

Dear Celine,

I certainly DO NOT authorize any transfer of information to David Dahan or Haim Haruvi or any other party. This includes information of my family as well as my company's affairs (US Wireless Corporation).
The above 2 gentlemen are sued by US Wireless for misconduct and are collecting information illegally through you.
Further the 2 of them were recently charged, convicted and jailed for securities fraud in Israel and are under close scrutiny in both Israel as well as in the USA.
Please advise your other colleagues against further requests for information. All those requests should be TURNED DOWN and they should be advised of the illegal nature of these requests.
Your diligence is appreciated.

Warm regards,
Oliver Hilsenrath

——Original Message——
From: Celine Gimenez [mailto:cgimenez@MathesonTrust.co.uk]
Sent: Friday, May 26, 2000 1:29 AM
To: Oliver@uswcorp.com
Subject: David Dahan

Please be advised that David Dahan has called our offices yesterday to request copies of the Power of Attorney and the cancellation of the same Power of Attorney to be faxed to him on blank paper.

Kindly confirm that it is in order to do so.

Thank you for your assistance.

Celine

**************************************************************************
This email is confidential and may be protected by legal privilege. If you are not the intended recipient, do not copy or disclose its content, but contact the sender immediately. Whilst we run antivirus software on all internet emails we are not liable for any loss or damage. The recipient is advised to run their own antivirus software.

www.mimesweeper.com
**************************************************************************

**JAG 01789**

CONFIDENTIAL PURSUANT
TO SECTION 24 (d)
02877

**EXHIBIT C**

 **Matheson Trust Company (Jersey) Limited**

A Member of the Jardine Matheson Group

File note

| | | |
|---|---|---|
| Author | Marcelene Cullinane | 10 August 1999 |
| Client | Borazon Limited (formerly Aida)<br>Oliver Hilsenrath Family Investments Limited<br>Star Anise Limited<br>Telecomm Associates Limited | MAC/2095/2545/2609/2465 |

**Telephone call from David Dahan**

I received a message from David Dahan requesting up to date cash statements in respect of Aida Limited. It was noted that the company was not referred to by its new name, ie Borazon Limited.

I contacted Oliver Hilsenrath to ascertain whether DD was entitled to received such information, bearing in mind his message to us last year stating that DD should not receive any documentation connected with his companies. He confirmed that DD should not receive any documentation/information relating to his companies as previously stated.

M A Cullinane

JAG 01902

CONFIDENTIAL PURSUANT
TO SECTION 24 (d)
02990



**Matheson Trust Company (Jersey) Limited**

A Member of the Jardine Matheson Group

File note

Author    David Chalmers-Hunt                                          5 June 2000

Client    Borazon Limited (ex Aida Limited) —                DCH/SMS/CO1327

At the request of JHP I telephoned Steve Meiklejohn at Ogiers to ascertain the Company's position with regard to David Dehan's request for a copy of the power of attorney issued by the Company, together with a copy of the revocation of the power of attorney in respect of which authority David Dehan was the donee. Steve Meiklejohn commented that in his opinion the Directors of Borazon Limited were not obliged to submit further copies of the documentation to the donee as in his opinion the revocation of the power of attorney meant that any entitlement the donee had, ceased as at the date of the revocation and which would include the right to further copies. He suggested that the Directors simply confirm the date the power of attorney was issued and also confirm when the power of attorney was revoked.

However, he also commented that if the matter got to court the court might take the view that it was not unreasonable for the donee to ask for a copy of the original documentation if the donee required evidence of his authority during the period that the power of attorney was in force. If the donee became aggressive in his stance for a copy, then Steve suggested that we persuade our client that the client was not gaining a lot by requesting the Directors not provide a copy of the power of attorney and revocation. *(After all they were factually issued in the first place).*

Steve closed by saying that he considered our best stance at the moment was to say that the Directors were under no obligation to provide further copies of the power of attorney.

David Chalmers-Hunt

JAG 01775

CONFIDENTIAL PURSUANT
TO SECTION 24 (d)
02863

EXHIBIT___C___

**EXHIBIT D**

 **Matheson Trust Company (Jersey) Limited**

A member of the Jardine Matheson Group

P.O. Box 315
Jardine House
1 Wesley Street
St Helier
Jersey JE4 8UD
Channel Islands

Telephone: 01534 866111
Facsimile:  01534 888118
Telex:       4192012 JARJSY G

**Private and Confidential**

Mr Steven J Glusband
Carter, Ledyard & Milburn
2 Wall Street
New York
NY 10005
USA

12 July 2000

Our ref: JHP/PAI

Year ref: JAN06001

By facsimile and mail 001 212 732 3232

Dear Mr Glusband

**Ryburn Limited v US Wireless Corporation et al**
**Crossgar Limited v US Wireless Corporation et al**
**Janvrin Holdings Limited v US Wireless Corporation et al**

I am writing to you in my capacity as one of the Directors of the above three companies, namely Ryburn Limited, Crossgar Limited and Janvrin Holdings Limited.

You will recall that when we last spoke over the telephone I informed you that, together with my co-Director Mr Melvyn Kalman, we would be contacting Dr Oliver Hilsenrath, the Chief Executive Officer of US Wireless Corporation ("USWC") with a view to establishing why Mr David Klarman, the General Counsel of USWC appeared unwilling to approve the removal of the Securities Act restrictive legend from Janvrin Holdings Limited's share certificate to enable the sale of Janvrin's holding of 367,200 shares of common stock of USWC. During that somewhat brief conversation you commented "I take my hat off to you". Consequently I believed that you clearly understood that we would be pursuing the matter and furthermore, that neither you or anyone else in your firm would be taking any action on behalf of the three companies concerned, and certainly not without prior consultation with us, the Directors.

We subsequently received two fax transmissions from William H Sloane, the first of which was thirty pages enclosing drafts of the Complaints in the matters involving Janvrin and Ryburn, and a letter dated 26th June, 2000 sent to Patricia A Murphy, Corporate Litigation Counsel for USWC re: Janvrin Holdings Limited. The second fax was also sent to Mr Haim Haruvi and in the covering fax Mr Sloane requested confirmation of certain facts concerning Crossgar, as well as copies of certain documents and other papers. These papers were not provided from this office and I can therefore only assume that you received them direct from Mr Haruvi.

As the Complaints were only drafts, as stated by Mr Sloane, I was surprised when the next communication I received in this matter was a fax dated 3rd July, 2000 from Beth L Applebaum of Lillick & Charles LLP, to which was attached a copy of a fax from her to Mr David Dahan and copies of the three Complaints that were filed on 30th June, 2000 according to her letter of that date, in the United States District Court Northern District, against USWC, Dr Oliver Hilsenrath and David Klarman.

Although we are Directors of the three Plaintiff companies, we received no communication from either yourself, William Sloane or anyone from Lillick & Charles LLP, as Attorneys for the Plaintiffs of your intention to actually file these Complaints with the Court.

I should like to refer you to a previous telephone conversation I had with you approximately four weeks ago when you called me. I understood at the express wish of Mr David Dahan. During that conversation I advised you that Mr Dahan had no authority to give you or your firm instructions on behalf of the companies and that you should only act on the instructions of the Directors of the companies concerned. I also informed you that

A Trust Corporation registered in Jersey, Channel Islands. Registered No: 42712

**EXHIBIT** ___

the companies involved are in fact owned by Discretionary Trusts, not beneficially owned by Mr Dahan personally and for this further reason you could and should not act on Mr Dahan's instructions.

In the circumstances I am concerned that both your firm and Lillick & Charles LLP have taken the step of filing the three Complaints without any discussion and the express prior authority of the Directors of the Plaintiff companies. This is notwithstanding the fact that I signed three faxes on behalf of the companies concerned, dated 19th June, 2000 appointing your firm to act as Counsel in relation to matters concerning USWC. The initiation of legal action through the US Court is a very serious step to take and I should therefore like to ask on whose authority and/or instructions you proceeded on behalf of the Plaintiff companies.

Secondly, I should be obliged if you would let me know what, if any, arrangements have been made concerning your firm's and Lillick & Charles LLP's legal and professional fees for drafting the three Complaints, filing the same with the Court and for dealing in the future with what could potentially be a lengthy and expensive action against USWC, Dr Oliver Hilsenrath and David Klarman as the Defendants.

Thirdly, in relation to the same matter, will you please provide me with an indication of the sum which is likely to be incurred in respect of legal and professional fees for dealing with these matters. At this point, I should like to stress that, not only have the Directors not instructed you to issue these proceedings against the Defendants, but neither have we discussed or agreed with you or your firm, your terms of engagement, including your fees.

As already mentioned, in our opinion these are all matters of a serious nature and must be addressed before any further action is contemplated.

In the meantime please ensure that Mr Sloane and Ms Applebaum are made aware that you are not authorised by us to proceed any further in relation to the action against USWC, Dr Oliver Hilsenrath and David Klarman without the express written authority and instructions of myself or Mr Melvyn Kalman as Directors of the three companies concerned, once our above concerns and queries have been answered satisfactorily.

I look forward to hearing from you shortly.

Yours sincerely

J. Perkins                              M. Kalman

John H Perkins                          Melvyn Kalman
Director                                Director

cc: Mr David Dahan
    Mr Haim Hantivi
    Ms Beth Applebaum
    Adv. Tim Le Cocq

**EXHIBIT E**

FROM :                           FAX NO. :                    . 21 2000 08:30AM  P1



**Matheson Trust Company (Jersey) Limited**                          Memorandum

A Member of the Jardine Matheson Group

**Jardines**

To       Celine Gimenez - c.c. Melvyn Kalman,                    28 July 2000
         David Chalmers-Hunt, Peter Zajac

From     John H Perkins                                          JHP/MFE/CO857

**Oliver Hilsenrath and David Klarman**

Having identified a potential conflict of interest the Directors, JHP and MK, have taken
advice from Ogiers & Le Masurier concerning our position acting as Officers of various
BVI companies, including those of which the above-named are the beneficial owners and
which entities own shares in US Wireless Corporation.

As a result, we have taken the decision to resign as Officers of the OH/DK owned
companies and we will cease to provide any further services, including administration
address, nominee shareholders, signatories over the accounts, etc.

OH was advised of our decision during a telephone conversation on 27 July and JHP will
be writing formally to OH/DK requesting them to nominate alternative officers who we
will appoint in our stead.  There is, however, another option and it may be that the
beneficial owners will request us to close down their companies altogether and transfer
the assets out.

To the best of my recollection, OH beneficially owns Borazon Limited and Oliver
Hilsenrath Family Investments Limited and DK owns KS Legal Consultants Limited (and
possibly Craiglands Limited?)  There are also at least two other entities which were
formed last year at the request of DK, namely US Wireless International Inc and another
BVI company (name to be identified).

In the light of current developments, I should be grateful if Celine would ensure that all
of the companies' book-keeping records are posted 100% to date and also request
Corporate Department to ensure that the statutory records are in order as we will either be
transferring these cases out very shortly, or possibly winding them down, as mentioned
above.

At the same time, Celine please check the outstanding fees' position and advise me of the
outcome.

Thanks and regards

*J. Perkins*

*Please also see attached copy faxes
recently rec'd. per OH.*

**EXHIBIT** **E**

**EXHIBIT  F**



25/08 '00 10:24 FAX 870938                                                    ✪001



**Matheson Trust Company (Jersey) Limited**                          Facsimile

A Member of the Jardine Matheson Group

P O Box 316                 Telephone: 01534 888111
Jardine House               Facsimile:  01534 888118
1 Wesley Street             Telex:   4192012 JARJSY Q
St. Helier
Jersey JE4 8UD
Channel Islands

| | |
|---|---|
| **To** | David Dahm |
| **Facsimile Number** | 00 380 572 196 802 |
| **From** | Melvyn Kalman |
| **Date** | 25 August 2000 |
| **Our Ref** | MK/KBD |
| **Number of Pages** | 2 (including this sheet) |

**PRIVACY AND CONFIDENTIALITY NOTICE**

The information contained in this facsimile is intended for the named recipient only. It may contain privileged and confidential information and if you are not the intended recipient, you must not copy, distribute or take any action in reliance on it. If you have received this facsimile in error, please notify us immediately by telephone on 44 - 1534 - 888111 and return the original to the sender by mail. We will reimburse you for the postage and cost of the telephone call.

Message

Dear David

I have been very concerned that the legal dispute between Janvrin, Ryburn and Crosgar with Oliver and David K, may have created a conflict of interest in this office.

I have taken legal advice from Tim Le Cocq of Ogiers and he has confirmed that if this case goes to court we could be embarrassed. There is nothing illegal about providing management and advisory services to two parties involved in a dispute. However, I am advised that Courts everywhere do not approve of such a situation, as it is almost impossible to maintain a clear distinction between the two parties.

Having given the matter much thought I have decided to be totally on your side and to have nothing to do with Oliver or David. I have arranged to stop being a director on their companies and internally to have nothing to do with their management. Although John is on holiday this week and I am away next week, John will be doing the same. Someone else in the office will look after their activities.

As a result, I am not able to talk to you about any companies belonging to either Oliver or David. I would now ask you to understand my position and my wish not to do anything which would be attacked by Oliver's lawyers. Any such attack may prove costly.

A Trust Corporation registered in Jersey, Channel Islands. Registered No: 42712

1

**EXHIBIT** _F_

**EXHIBIT G**

# INSINGER *de* BEAUFORT

**FAX**

Insinger Trust Company Limited
P.O. Box 316
Jardine House 2 Wesley Street
St Helier Jersey JE4 8UD
Channel Islands
Tel. +44 (0)1534 888 111

| | | |
|---|---|---|
| TO | : | Amos Bentzur |
| COMPANY | : | Attorneys at Law |
| FAX NUMBER | : | 00 972 3687 2255 |
| FROM | : | Linda de la Cour |
| SUBJECT | : | Aida Holdings Limited |
| OUR REFERENCE | : | LDC/1483 |
| DATE | : | 6 November 2000 |

NUMBER OF PAGES  : 17

Dear Mr Bentzur

**AIDA HOLDINGS LIMITED**

My Director Melvyn Kalman has asked me to fax to you the attached documents in respect of the Power of Attorney on the above Company. Whilst writing I would like to advise that a Courier package is being forwarded to you in respect of the litigation.

Yours sincerely
Insinger Trust Company Limited

Linda de la Cour
Senior Administrator

The information contained in this facsimile message is intended only for the use of the person or entity to whom it is addressed and may contain information that is confidential and may be legally privileged and exempt from disclosure under applicable laws. If you read this message and are not the addressee you are notified that any, dissemination, distribution or reproduction of this message is prohibited. If you have received this message in error, please notify us immediately and return the original message to us.

Formerly Matheson Trust Company (Jersey) Limited
Registered in Jersey, Channel Islands, 42712

Fax +44 (0)1534 888 118
E-mail infotrust@je.insinger.com

**EXHIBIT** 6

**EXHIBIT H**



# INSINGER de BEAUFORT

**FAX**

Insinger Trust Company Limited
P.O. Box 316
Jardine House 1 Wesley Street
St Helier Jersey JE4 8UD
Channel Islands
Tel. +44 (0)1534 888 111

| | | |
|---|---|---|
| TO | : | Glenn Westreich |
| COMPANY | : | Lillick and Charles |
| FAX NUMBER | : | 001 415 984 8300 |
| FROM | : | Linda de la Cour |
| SUBJECT | : | Litigation |
| OUR REFERENCE | : | LDC/1483 |
| DATE | : | 8 December 2000 |

NUMBER OF PAGES   : 20

Dear Glenn

**Litigation Crossgar Limited/Ryburn Limited/Janvrin Holdings Limited**

Following a search through further files, Melvyn has asked me to forward the enclosed correspondence that he thinks may be of benefit for your meeting on Friday. I would appreciate if you would acknowledge receipt of these papers as they are relevant to the litigation.

Meanwhile Melvyn looks forward to hearing about a successful meeting.

With kind regards.

Yours sincerely
Insinger Trust Company Limited

Linda de la Cour
Senior Administrator

---

The information contained in this facsimile message is intended only for the use of the person or entity to whom it is addressed and may contain information that is confidential and may be legally privileged and exempt from disclosure under applicable laws. If you read this message and are not the addressee you are notified that use, dissemination, distribution or reproduction of this message is prohibited. If you have received this message in error, please notify us immediately and return the original message to us.

Formerly Matheson Trust Company (Jersey) Limited
Registered in Jersey, Channel Islands. 42713

Fax +44 (0)1534 808 118
E-mail info.trust@je.insinger.com

EXHIBIT _H_

**EXHIBIT I**

**Rosenberg Alon, adv.**

From:    Rosenberg Alon, adv. <alon@bentzurlaw.co.il>
To:      Glenn Westreich <gwestreich@lillick.com>
Cc:      <BAppelbaum@LILLICK.com>; David Dahan <dazid@isdn.net.il>
Sent:    יום שלישי 19 דצמבר 2000 18:38
Subject: Telephone meeting

Dear Glenn,

Good Morning

I have talked with Amos about the scheduled telephone conference and we could do it either today (Tuesday) 11:00 (your time) or at 14:00 Wednesday (your time).

These are the following applicable telephone numbers:

**Amos's home phone - 00-972-3-6421021**
**Amos's mobile phone - 00-972-50-270800**

In addition, the following are several crucial points that Amos wishes to discuss with you:

1.   **Service** - can we make sure that if we agree to accept service by DD & HH the trial date shall be set before the end of the summer? (The options are due to expire on the 31st of July, 2001, hence the urgency) If not, is it wise to agree to such service before ensuring that any unwanted tricks pop up?

2.   **Injunction** - in relation to the motion to extend the expiration date of the Options, when do you think would be the best timing to do so. Our clients feel that due to extensive sale of shares by insiders as well as affiliates the matters have become urgent and they would like to put an emphasis on the fact that Oliver, Klarman and Co. are selling their shares with no restrictions (Global Technologies have sold over 1,100,000 shares during the time period of November/December alone, some of the acting directors as well as past directors from US Wireless have also disposed of a great number of their shares) whilst doing their utmost to prevent DD & HH from exercising their own right to sell their shares! Everybody else including them bringing the share to -+5$ per share. (bearing in mind that the initial filing by Janvrin, which was rejected, was when the stock was at $20)

3.   **Arbitration** - did you mention to Oliver's Counsel any of the "problematic Material" we might be holding before or during the Case Management Statement? If so, was there any reaction? (David would appreciate a full account of this procedure)

4.   **Settlement meeting** - as to a possible settlement meeting would you elaborate as to the discussion you had with the other party? And what would you recommend doing next about it? Should we first - file the above motion or would you advise to first initiate such settlement meeting and/or wait for a deposition timetable?
We feel, as you know, that DD & HH pressure should be mounted from all directions so that we don't find ourselves in the situation in which things would be in their favor with no way of "cashing" such award. (currently US Wireless has no funds, nor revenue, thus making the situation extremely urgent).

Finally, any issue that you have in mind, that needs to be discussed.

In addition, we are unaware as to the outcome of Friday's Case Management Conference, so if you could send (via email or fax) any court transcript or other written document that reflects the Statement's progress.

Sincerely,

Alon

Alon Rosenberg, adv.

Amos Bentzur & Co. Attorneys at Law
48 Derech Petach-Tikva st. Tel-Aviv 66184, Israel

EXHIBIT _I_

19/12/00