**EXHIBIT B**

ROGERS JOSEPH O'DONNELL & PHILLIPS
J. MICHAEL MATTHEWS (State Bar No. 71848)
S. AMBER LEE (State Bar No. 197329)
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorneys for Defendant
OLIVER HILSENRATH

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W WIEKING
Clerk, U.S. District Court
Northern District of California

Deputy Clerk
Date 7-18-07

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

OLIVER HILSENRATH, et al.,

Defendants.

Case No. C-03-3252-WHA

**DECLARATION OF OLIVER HILSENRATH IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST HILSENRATH**

Date: June 23, 2005
Time: 8:00 a.m.
Judge: Hon. William H. Alsup
Courtroom: 9

I, Oliver Hilsenrath, declare as follows:

1. I am an Israeli citizen and am one of the named defendants in the above-entitled action. I make the following statements of my own personal knowledge; if called as a witness in this matter, I could and would testify on these matters exactly as set forth below.

2. I understand that plaintiff Securities and Exchange Commission ("SEC") has taken the position that in October 2003, I was served with various documents filed or issued in this case, including a copy of the SEC's complaint and summons, by a process server at my residence in Tel Aviv, Israel. That is simply not true. As of today's date, I have not been served, personally or otherwise, with a copy of the complaint or summons filed or issued in this case.

Page 1
Decl. of Hilsenrath in Opposition to SEC's Application for Entry of Default Judgment
(Case No. C-03-3252-WHA)

235565.1

3. I have reviewed the delivery confirmation form presumably filled out by the process server who claims to have served me. Aside from the obvious fact that I never received any complaint or summons, as the process server and the SEC allege, the process server's version of the alleged service could not have occurred.

4. In October 2003, when the process server allegedly served me, my family and I were living in a large apartment complex in Tel Aviv, Israel. The complex consisted of several buildings and approximately 200 apartments. Our address was:

*Steimasky, Building 2, Apartment 42*

Our apartment complex had tight security, with a 24-hour guard and restricted access to any non-resident. Because a high-profile Israeli politician resided in the complex, and generally because of security concerns in Tel Aviv, the building, its guards and its tenants enforced a strict security protocol, particularly for any non-resident of the building who wished to gain entry.

5. To attempt to contact any resident in the building, a visitor had to enter the lobby of the building through secure doors, identify himself or herself to the guard, and then identify the resident whom the person wished to visit. The visitor could go no further. The guard would next contact the identified resident by Intercom and would inquire whether the resident authorized the person's entry. Then, and only then, would the guard allow the visitor access to the elevator leading to the apartments above. A visitor could not have gained access by identifying another resident and then seeking to go to an apartment other than the resident's, since the visitor could not go up without the permission of a resident, and no one would have given permission to strangers to enter. Similarly, because of security concerns, no one answered the door to a knock, since the failure of the guard to announce the visitor, prior to that knock, would have been alarming.

6. A visitor could not have gained access through the garage. The garage door was controlled by a gate for which a tenant had to enter a remote wireless code to gain access, and the garage gate was under video surveillance at all times. Moreover, no resident would have allowed a stranger to enter the building as he/she pulled into the garage, for any

Decl. of Hilsenrath in Opposition to SEC's Application for Entry of Default Judgment
(Case No. C-03-3252-WHA)

Page 2

235565.1

1  unauthorized entry would have been an obvious and immediate security concern.

2      7.    Neither any member of my family nor I ever gave access, or was asked to give access, to any process server. Neither my wife nor any of my children would have granted any stranger access to our building, let alone to our apartment.

    8.    At no time was I "ducking" service of any pleading in this or any other case. I simply did not know that the SEC had filed this action against me until November 2003, approximately one month after the alleged service occurred. By sheer chance, I came across an entry in the online docket in the government's criminal case against me, which indicated that an entry of default was being sought against me. That was the first notice that I had of this case. I immediately instructed my attorneys to investigate the case and to seek to have my default set aside and accept service.

    9.    Between December 2003 and January 2004, I and my American and Israeli attorneys continued our efforts to have the SEC properly serve me with its complaint and summons. In December 2003, Robert Friese at Shartsis, Friese & Ginsburg LLP, and Mike Shepard of Heller Ehrman, my attorneys in the United States, met with staff of the U.S. attorney's office and also spoke to John Yun at SEC, in an effort to have my default set aside. On December 18, 2003, Mr. Friese wrote to Mr. Yun, again, urging Mr. Yun to set aside the default. A true and correct copy of Mr. Friese's December 18, 2003 letter is attached hereto as **Exhibit A**. On December 23, 2003, Mr. Yun responded to Mr. Friese letter, indicating his unwillingness to set aside the default. A true and correct copy of Mr. Yun's December 23, 2003 letter is attached hereto as **Exhibit B**.

    10.    On December 31, 2003, Eitan Maoz at Porfessor David Libai & Co., my attorneys in Israel, wrote to Brian Zeitman, the division director at the Department of Legal Aid, the Courts Administration, in Jerusalem. I understand that Mr. Zeitman and the Department of Legal Aid is the entity responsible for executing service in Israel. A true and correct copy of Mr. Maoz's December 31, 2003 letter is attached hereto as **Exhibit C**.

    11.    On January 11, 2004, I personally wrote to Mr. Yun. I informed him again that I had not been served, and that I did not have a clear understanding of the SEC's

Decl. of Hilsenrath in Opposition to SEC's Application for Entry of Default Judgment    Page 3
(Case No. C-03-3252-WHA)

235565.1

1  claims against me. I indicated my willingness to accept service and offered Mr. Yun the
2  option of serving me through my lawyers, by delivering the documents to Mr. Friese in the
3  United States or David Libai & Co. in Israel, both of whom were authorized to accept service
4  on my behalf. I provided Mr. Yun with the addresses for both attorneys. A true and correct
5  copy of my January 11, 2004 letter is attached hereto as Exhibit D.

6     12.   I understand that, also on January 11, 2004, prompted by Eitan Maoz's
7  letter of December 31, 2003 (Exhibit C to this declaration), Brian Zietman, the division
8  director at the Department of Legal Aid, wrote to the District Court for the Northern District
9  of California, requesting that the documents be re-sent to the Central Authority so that service
10 could be attempted again. A copy of Mr. Zietman's January 11, 2004 letter is attached hereto
11 as Exhibit E.

12     13.   In December 2004, I returned to the United States to actively participate
13 in defending myself against the criminal case brought against me by the United States
14 Attorney's Office. I wish to defend the instant civil action on the merits, and if given the
15 opportunity, intend to do so.

17     I declare under penalty of perjury that the foregoing is true and correct.
18 Executed this _9_ day of June, 2005, at _Danville_ California.

21                                                Oliver Hilsenrath

# EXHIBIT A

# SHARTSIS, FRIESE & GINSBURG LLP

EIGHTEENTH FLOOR
ONE MARITIME PLAZA
SAN FRANCISCO, CALIFORNIA 94111

TELEPHONE
(415) 421-6500

FACSIMILE
(415) 421-2922

WEBSITE
www.sfglaw.com

SENIOR COUNSEL
ALAN J. ROBIN

COUNSEL
MONIQUE V. ALONSO
WINIFRED C. WARD
JOAN L. GRANT
ELLYN T. ROBERTS
MARY KAY KENNEDY
DONNA M. HERZOG
SUSAN M. LIEBERMAN

December 18, 2003

*VIA FACSIMILE AND U.S. MAIL*

John Yun, Esq.
U.S. Securities and Exchange Commission
San Francisco District Office
44 Montgomery Street, 11th Floor
San Francisco, CA 94104-4613

Re:   *Securities and Exchange Commission v. Oliver Hilsenrath, et al.*
      USDC, Northern District of California, Case No. 3:03-cv-03252

Dear John:

This letter follows our recent telephone conversations and meeting with staff of the U.S. Attorney's office, and responds to your voicemail of yesterday.

As you know from our prior conversations, we have been approached by Dr. Hilsenrath to represent him separately, and have been exploring whether we could come into the SEC's case against him of record. Since we have not been able to come to an arrangement which allows us to appear of record, I suggested that we meet with representatives of both agencies and with Dr. Hilsenrath's criminal defense counsel, Michael Shepard of the Heller Ehrman law firm, to see if a negotiated resolution of the matter could be achieved. While that dialogue is ongoing, I understand from your voicemail message that the SEC is not willing to stay the civil action while the criminal action proceeds. We now understand that the prospect of Dr. Hilsenrath's not challenging the adequacy of service, but rather agreeing to be deemed served as of a mutually agreed date, is not something to which the SEC would agree. This is disappointing since I had hoped that Dr. Hilsenrath could avoid unnecessary motion practice, given what we understand is a real issue concerning whether effective service has been made.

When Dr. Hilsenrath learned that the SEC was contending that service upon him had been made he contacted us to discuss our representing him. We agreed to do so only for limited purposes in the hope that either a negotiated resolution of both the civil and criminal matters

John Yun, Esq.
December 18, 2003
Page 2

could be worked out or, in the alternative, that an acceptable agreement allowing us to represent him of record could be achieved. Under the circumstances he has asked us to assist him in attempting to find other counsel, which we have not as yet been able to achieve. Our law firm will agree to stay as counsel for purposes of the attempt to resolve both matters through negotiation, a process which we hope to know the result of in the coming weeks.

Since you advised us yesterday that the only mechanism to eliminate the service of process issue would be for Dr. Hilsenrath to move to set aside the default, we have forwarded that information to him. While he is attempting to secure counsel of record in the matter, we request that you not seek to reduce the default to judgment so as to allow Dr. Hilsenrath to challenge the alleged service.

Concerning the response to be made to the presentation at the U.S. Attorney's office, Dr. Hilsenrath expects to have something which substantially contradicts much of the presentation. In the hope that this may allow for a more constructive resolution of this case than engaging in motion practice, we look forward to being in touch with you and others in the very near future. Given the complexity of the matter, and to avoid any misunderstanding, it may be useful to have written clarification of your position, including reference to how long you would be willing to defer the attempt to obtain judgment on the default. Thank you for your cooperation.

Sincerely yours,

Robert Charles Friese

RCF:elw
cc:   Michael Shepard, Esq.
      Dr. Oliver Hilsenrath

# EXHIBIT B

Dbt f !4;14.dw 14363.X I B!!!!!Epdvn f ou67!!!!!Gjrhe!1701: 03116!!!!!Qbhf !: !pg2:



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
SAN FRANCISCO DISTRICT OFFICE
44 MONTGOMERY STREET
SUITE 1100
SAN FRANCISCO, CALIFORNIA 94104

December 23, 2003

**By Telecopy**
Robert Charles Friese, Esq.
Shartsis, Friese & Ginsburg
One Maritime Plaza, 18th Flr.
San Francisco, CA 94111

Re: *S.E.C. v. Hilsenrath, et al.*
    Civ. C-03-3252-WHA

Dear Bob:

Thank you for your letter of December 18, 2003. With respect to any motion by Mr. Hilsenrath to set aside the default, our position is that he must act diligently if he has any grounds for doing so. With respect to seeking a default judgment, the Commission does not currently anticipate having such a motion ready before January 29, 2004. If such a motion is ready before that date, we will – as a professional courtesy – advise you that the motion is going to be filed.

On the issue of settlement, the Commission does not currently see the need to conduct negotiations in light of the entry of a default against Mr. Hilsenrath. Our participation in the December 10th meeting was for the limited purpose of assisting the United States Attorney in efforts to obtain Mr. Hilsenrath's voluntary return to this country. If he had agreed to return promptly to the United States with his assets, the Commission might have considered showing some flexibility with respect to lifting the default. Unfortunately, the discussions during that meeting did not give us much optimism that Mr. Hilsenrath intends to waive extradition.

Please feel free to call me at (415) 705-2468 with any questions. Have a nice Christmas.

Best regards,

John S. Yun
District Trial Counsel

# EXHIBIT C

Dbt f !4;14.dw 14363-X | B!!!!!Epdvn fou67!!!!!Gjmfe!170: 031:6!!!!!Qbhf !22!pg2

## Prof. David Libai
Advocates

Amot Mishpat Building, 8 Shaul Hamelech Blvd., Tel-Aviv 64733, Tel: 03-6090101, Fax: 03-6090077
e-mail: libai@libai-advocates.co.il

David Libai
Eitan Maoz
Daphne Libai
Iris Ben-Gad
Gil Eshel
Gali Pollack-Ron
Christina Hilou-Asaad
Tsachy Grossman
Ohad Gordon

Tel-Aviv, December 31, 2003
By fax 02-6556846
Highly urgent

Advocate Brian Zeitman
The Department of Legal Aid
The Courts Administration
22 Kanfei Nesharim street
Jerusalem

Dear Sir,

### Re.: Dr. Oliver Hilsenrath

I am approaching you on behalf of my client, Dr. Oliver Hilsenrath, in the following matter:

1. My client is a citizen and resident of Israel who lives in Tel-Aviv at his registered address – 42 Steimatzky street.

2. A few weeks ago, my client found out by chance while surfing the Internet, that a certain civil suit had been filed against him by the SEC authorities in the USA.

3. My client immediately contacted an attorney in the USA, who investigated the matter and discovered that the SEC authorities had indeed filed suit against Dr. Hilsenrath and that, according to the SEC, the legal documents had been served to Dr. Hilsenrath by means of legal aid in Israel.

4. The attorney further elicited that the SEC authorities have applied to the local court, or will do so in the near future, for it to grant a ruling in the absence of defense, and that the matter concerns a most significant suit of vast amounts.

Dbt f !4;14.dw 14363,X I B!!!!!Epdvn f ou67!!!!!Grfie!17Q1. 03116!!!!Qbhf !23!pg2:

**Prof. David Libai**
Advocates

---

5. The SEC authorities rejected outright the American attorney's request that they refrain, in the meantime, from seeking a ruling in the absence of defense until the question of the delivery is cleared up, and they insist on continuing the procedure.

6. Dr. Hilsenrath strongly denies that he or any of his family members ever received any process of court whatsoever in connection with the aforementioned suit. Until now, my client has no knowledge of what procedure is being taken against him, nor of the nature of the claims raised therein.

7. Copies of the documents on which the SEC base its claims that the suit was filed to Dr. Hilsenrath, were attached to the material submitted to the American court, and have been brought to my attention. After examining them, it appears that the argument regarding service of process is based on a Confirmation of Delivery form, a copy of which is attached to my letter.

8. This form is fundamentally flawed, and raises substantial question marks as to the execution of delivery:
    a. The details of the courier who allegedly executed delivery do not appear anywhere on the form.
    b. The form is unsigned.
    c. None of the delivery details on the form, which could provide details of the process, are given in the accepted manner.
    d. In the section of the form where the details of the recipient and the name of the person delivering should appear, the following is written in handwriting: "I placed it in the postbox after the abovementioned woman refused to accept it".

9. Since Dr. Oliver Hilsenrath is not a female, and since his wife has never accepted delivery of any document, and has certainly never refused to sign any document – it is difficult to assume that the anonymous courier did in fact reach the correct address and did indeed serve process.

2

**Prof. David Libai**
Advocates

---

10. Under the law, even if the anonymous courier did reach the correct address, it was still his legal obligation to furnish exact details of the woman who – allegedly – refused to sign the service of process, so that the matter can be investigated in the customary way.

11. In the circumstances of the matter, the aforementioned Confirmation of Delivery, does not, on its face, constitute proof of delivery and does not provide even minimal certainty regarding the execution of the delivery.

12. Since this is an extremely urgent matter, and in view of the fact that the SEC authorities on issuing a ruling without defense against a citizen and resident of Israel in connection with huge amounts – <u>you are requested to urgently approach the authorities and to advise them that the matter of the delivery is being clarified, and that until otherwise informed, you cannot confirm that the delivery was lawfully executed.</u>

13. The SEC will be able to save considerable time by serving the documents directly to our office, following which we will have them sent immediately to Dr. Hilsenrath. In the event that the authorities are not interested in serving process once again – I request that you advise us immediately of the details of that unknown courier who claims to have delivered the material to Dr. Hilsenrath, so I can question him in court in the framework of a process that we will instigate in this matter, in accordance with the stipulations of Regulation 491 of Civil Procedure – 1984. The a foregoing does not derogate from our abovementioned request that you urgently contact the SEC authorities advising them that an examination is now being held into the delivery, and that you are unable at the moment to confirm the correct serving of process.

For your most urgent attention.

Yours sincerely,

*(signature)*
Eitan Maoz, Advocate

3

Dbt f !4;14.dw14363.XI B!!!!!Epdvn fou 67!!!!!!Gjmfe!1701:03116!!!!!Qbhf !25!pg2:

# EXHIBIT D

Dbt f !4;14.dw 14363.X I  B!!!!!Epdvn fou67!!!!!!Gjrhe!1701:3116!!!!!Qbhf !26!pg2:

Dr. Oliver Hilsenrath
C/O Prof. David Libai & Co., Advocates
Amot Mishpat Building, 8 Shaul Hameleck Blvd., Tel-Aviv 64733, Tel: +972-3-6090101, Fax: +972-3-6090077

January 11, 2004

Mr. John Yun, Esq. - District Trial Attorney
U.S. Securities and Exchange Commission / San Francisco District Office
44 Montgomery Street, Suite 1100
San Francisco, California 94104
Tel: +1 415 705 2468

Re: SEC v. Hilsenrath et al., Civ. C-03-3252-WHA

Dear Mr. Yun,

In early November I accidentally found out from an open publication, of a claim that I was served with a civil lawsuit by the SCC and that I have not responded accordingly.

First I would like to let you know that no service of any documents concerning the above was ever handed to me. Therefore till this very day I do not have a clear and precise understanding of the claims or charges brought against me in this action.

Immediately upon finding out that a claim of service exists, I have requested that a person from the law firm Heller, Ehrman & McAuliffe be sent to the court in San Francisco to obtain the relevant documentation and requested that Mr. Robert C. Friese, of Shartsis, Friese and Ginsburg contact you personally and to arrange service.

To date I was not able to secure adequate legal representation in California, however I am making efforts to obtain such representation soon. I am therefore contacting you personally with the request to serve me in one of two reliable and possibly agreed methods, which would allow me to get hold of the SEC's relevant documents and take the necessary steps to defend myself.

These methods can be (1) delivery of documents to the office of Mr. Robert C. Friese of Shartsis, Friese and Ginsburg in San Francisco (at One Maritime Plaza, 18th Flr., San Francisco, CA 94111, or (2) delivery of documents to my attorneys in Israel: Professor David Libai and Co. at: Amot Mishpat Building, 8 Shaul Hameleck Blvd., Tel-Aviv 64733, Tel: +972-3-6090101.

As I assume that you are interested in a fair and comprehensive verification of the SEC's concerns regarding US Wireless Corporation, I am sure that you will agree to one of the above service methods, rather than to reducing this entire case to one of a disconnect in international delivery of documents.

I also respectfully request that the Commission refrain from seeking a default judgment before I receive the service package and have the chance to respond to the charges. If however the Commission decides to file such motion, I request that you attach this letter to the motion and any correspondence on this case (SEC v. Hilsenrath et al., Civ. C-03-3252-WHA).

Very truly yours,

Dr. Oliver Hilsenrath

# EXHIBIT E

Dbt f !4;14.dw 14363.X l B!!!!!Epdvn f oU67!!!!!!Gjrhe!170l: 08116!!!!!Qbhf !28!pg2:



FILED

JAN 2 9 2004

# STATE OF ISRAEL
## DIRECTORATE OF COURTS

Jerusalem
11/01/04

Our file: 1-490/03

Richard W. Wieking
US District Court for the Northern District of California,
450 Golden Gate Avenue
San Francisco, California 94102
U. S. A.

03-3252 WHA

Dear Sir,

Subject: **Your request for Service of Documents abroad according to the Hague Convention of serice abroad of judicial and extrajudicial documents in civil or commercial matters, signed at the Hague, 15th November 1965**
Your request dated 21st August 2003

Further to my letter of 27th October 2003 confirming service of documents, please find attached a letter which I received from Adv. Eitan Moaz concerning your request for the service of documents on Mr. Oliver Hilsenrath. This letter is self explanatory.

I order to avoid a lengthly clarification process concerning the circumstances of the service of the documents on Mr Hilsenrath, I suggest that you re-issue the documents to my office and I will make sure that service of the documents to Mr. Hilsenrath will be immediately accomplished.

Sincerely,

Brian Zietman,
Division Director,
Legal Assistance to Foreign Countries

cc to John Yun

---

22 Kanfei Nesherim St., Jerusalem 95464, ISRAEL
Tel: (972)(2)-6556843, Fax: (972)(2)-6556846

Dbt f !4;14.dw14363.X I B!!!!!Epdvn f ou67!!!!!Gjrhe!1701: 03116!!!!!Qbhf !29!pg2:

**Prof. David Libai**
Advocates

Amot Mishpat Building, 8 Shaul Hamelech Blvd., Tel-Aviv 64733, Tel: 03-6090101, Fax: 03-6090077
e-mail: libai@libai-advocates.co.il

David Libai
Eitan Maoz
Daphne Libai
Iris Ben-Gad
Gil Eshet
Gali Pollack-Ron
Christina Hilou-Asaad
Tsachy Grossman
Ohad Gordon

Tel-Aviv, December 31, 2003
By fax 02-6556846
**Highly urgent**

Mr. Brian Zeitman
The Department of Legal Aid
The Courts Administration
22 Kanfei Nesharim street
Jerusalem

Dear Sir,

### Re.: Dr. Oliver Hilsenrath

I am approaching you on behalf of my client, Dr. Oliver Hilsenrath, in the following matter:

1. My client is a citizen and resident of Israel who lives in Tel-Aviv at his registered address – 42 Steimatzky street.

2. A few weeks ago, my client found out by chance while surfing the Internet, that a certain civil suit had been filed against him by the SEC authorities in the USA.

3. My client immediately contacted an attorney in the USA, who investigated the matter and discovered that the SEC authorities had indeed filed suit against Dr. Hilsenrath and that, according to the SEC, the legal documents had been served to Dr. Hilsenrath by means of legal aid in Israel.

4. The attorney further elicited that the SEC authorities have applied to the local court, or will do so in the near future, for it to grant a ruling in the absence of defense, and that the matter concerns a most significant suit of vast amounts.

**Prof. David Libai**
Advocates

---

5. The SEC authorities rejected outright the American attorney's request that they refrain, in the meantime, from seeking a ruling in the absence of defense until the question of the delivery is cleared up, and they insist on continuing the procedure.

6. Dr. Hilsenrath strongly denies that he or any of his family members ever received any process of court whatsoever in connection with the aforementioned suit. Until now, my client has no knowledge of what procedure is being taken against him, nor of the nature of the claims raised therein.

7. Copies of the documents on which the SEC base its claims that the suit was filed to Dr. Hilsenrath, were attached to the material submitted to the American court, and have been brought to my attention. After examining them, it appears that the argument regarding service of process is based on a Confirmation of Delivery form, a copy of which is attached to my letter.

8. This form is fundamentally flawed, and raises substantial question marks as to the execution of delivery:
    a. The details of the courier who allegedly executed delivery do not appear anywhere on the form.
    b. The form is unsigned.
    c. None of the delivery details on the form, which could provide details of the process, are given in the accepted manner.
    d. In the section of the form where the details of the recipient and the name of the person delivering should appear, the following is written in handwriting: "I placed it in the postbox after the abovementioned <u>woman</u> refused to accept it".

9. Since Dr. Oliver Hilsenrath is not a female, and since his wife has never accepted delivery of any document, and has certainly never refused to sign any document – it is difficult to assume that the anonymous courier did in fact reach the correct address and did indeed serve process.