# COVER SHEET

# EXHIBIT YC

# TESTIMONIES OF MARCEL B. MATLEY

# AS AN EXAMINER OF DOCUMENTS AND HANDWRITING

# FOR LAST FOUR YEARS

- Court testimony:  Hearing on Motion to Suppress, February 19, 2004, *United States vs. Welch*, U.S. District Court for the District of Colorado, Denver, CO., Criminal Case No. 03-CR-452-MK, The Honorable Marcia S. Krieger, Judge presiding.  Called by Defendant.
- Court testimony, February 24, 2004, I/M/O *Estate of Nancy M. Fisher, Fisher and Tell vs. Fisher*, Docket No. 135278, Superior Court of New Jersey, Chancery Division, Ocean County, Probate Part, The Honorable Marlene Lynch Ford, Judge presiding.  Called by Plaintiffs.
- Deposition, March 09, 2004, *Garcia vs. Garcia*, Superior Court, Modesto, CA, Case Number 316642.  Retained by Plaintiff.
- Court testimony:  March 30, 2004, *INS/FDL Case Number 9801381*, Federal Immigration Court, San Francisco, CA, The Honorable Brian A. Simpson, Judge presiding.  Called by Respondent.
- Court testimony:  June 16, 2004, *Creditor's Trade Association, Inc., vs. Larman, et al.*, Case Number MCV 176180, The Honorable Knoell Owen, Judge presiding.  Called by Plaintiff.
- Court testimony:  June 22, 2004, *Ly vs. Hendricks, et al.*, Superior Court, San Francisco, CA, Case Number CUD-04-609990, The Honorable A James Robertson, II, Judge presiding.  Called by Plaintiff.
- Deposition, August 24, 2004, *Garza vs. --*, San Francisco Superior Court, Case Number --.  Retained by Respondent.
- Court testimony:  August 25, 2004, *Estate of Raleigh A. Peppers*, Superior Court, Oakland, CA, Case Number --, The Honorable William A. McKinstry, Judge Presiding.  Called by Petitioner.
- Court testimony:  January 20, 2005, *Estate of Refujia Telles Garcia, Garcia vs. Garcia*, Superior Court, Modesto, CA, Case Nos. 335731, 316642, The Honorable John E. Griffin, Jr., Judge presiding.  Called by Contestant.
- Court testimony:  March 17, 2005, *Alfaro vs. Aragon, et al.*, Superior Court, Modesto, CA, Case No. 311351, The Honorable Roger M. Beauchesne, Judge presiding.  Called by Plaintiff.
- Court testimony:  June 08, 2005, *Orellana vs. Orellana*, Superior Court, Redwood City, CA, Case No. CIV 435508, The Honorable Carl W. Holm, Judge presiding.  Called by Defendant.
- Deposition: August 22, 2005, *Proctor, et al., vs. Annavajjhala, et al.*, Dallas County, TX, Cause No. DV-03-07105-D.  Retained by Plaintiff.  Deposition taken in San Francisco, CA.

# EXHIBIT YC:  PAGE 1 OF 2 PAGES

- Court testimony: September 23, 2005, *Bereday and La Miriage, Inc., vs. Keehi Memorial Organization, et al.*, Circuit Court, First Circuit, Honolulu, HI, The Honorable Randal Lee, Judge presiding. Called by Plaintiff.
- Court testimony: September 30 and October 03, 2005, *U.S. vs. Serfling*, U.S. District Court, Northern District of Illinois, 03-cr-00300, The Honorable Matthew F. Kennelly, Judge presiding. Called by Defendant.
- Court testimony: December 06, 2005, in limine hearing, *People vs. Hamlin*, El Dorado County Superior Court, Placerville, CA, Case No. --, The Honorable Eddie T. Keller, Judge presiding. Called by Defendant.
- Court testimony: April 20, 2006, *INS/FDL Case Number A95-394-404, Respondent* [Identity confidential], Federal Immigration Court, San Francisco, CA, The Honorable Polly A, Webber, Judge presiding. Called by Respondent.
- Arbitration: *Williams vs. Haynes*, Bar Association of San Francisco, No. 06.003, June 16, 2006. Retained by Petitioner.
- *Gonzales vs. Burdg, et al.*, Superior Court, County of Stanislaus, Modesto, CA, Case Number 375050. Retained by Plaintiff.
  - Deposition: September 14, 2006.
  - Court testimony: October 24, 2006, the Honorable David G, Vander Wall, Judge presiding.
- Court testimony: October 03, 2006, *Kakkar vs. City Ventures, Inc., et al.*, Superior Court, Oakland, CA, The Honorable Gordon Baranco, Judge presiding.
- Court Testimony: November 02, 2006, *People vs. Shannon*, Superior Court, County of Stanislaus, Modesto, CA, Case Number (?), the Honorable John G. Whiteside, Judge presiding. Retained by Defendant.
- Court Testimony: December 11, 2006, *Devereax vs. Clontz*. Superior Court, County of Santa Clara, San Jose, CA, Case Number CV 060715, the Honorable Mary Jo Levinger, Judge presiding. Retained by Plaintiff.
- Arbitration: January 9 and 10, 2007, *Levin vs. Gooch, et al.*, National Association of Security Dealers, New York, New York. Cross-examination continued to February 5, 2007. Retained by Plaintiff.
- Deposition: February 14, 2007, *Valencia vs. Sardinha, et al.*, Superior Court, County of Santa Clara, Case No. 1-06-CV-063147. Retained by Plaintiff.
- Arbitration: April 02, 2007, *4902 Kahala LLC, et al. vs. Sakatani, et al.; 1LC-05-0019 GWBC*, Honolulu, HI. Retained by Plaintiff.

(04-24-07)

# EXHIBIT YC:  PAGE 2 OF 2 PAGES

# COVER SHEET

# EXHIBIT YD

# *A & M Matley*

## Examiner of Documents & Handwriting

MARCEL B. MATLEY
BOARD CERTIFIED, NADE
PUBLICATIONS, SEMINARS
www.handwritingexpertsofcalifornia.com

(3092 ARMY STREET, 94110)
POST OFFICE BOX  882401
SAN FRANCISCO, CA 94188

PHONE:  (415) 753-2832
FAX:  (415) 753-3346
TOLL FREE: 1-800-367-8403
E-MAIL:  MMATLEY@AOL.COM

# MARCEL B. MATLEY

# EXAMINER OF QUESTIONED DOCUMENTS

# FEES FOR SERVICES

BASIC FEE: $175 per hour plus expenses, for new cases as of
August 01, 2005.

$350 non-refundable, initial retainer, for two-hour
minimum.

$50 per hour during required travel, plus costs.

TESTIMONY FOR ATTORNEY/CLIENT:

$175 per hour, plus expenses.

DEPOSITIONS:   $175 per hour, with prepayment for expected time required.
Unused balance to be refunded; excess charges to be
invoiced.

TERMS:   Responsible party is the law firm or individual attorney,
unless specified otherwise.

Invoices payable net upon receipt.  Unpaid amount subject to
charge of 1.5% per month (18% APR.).

(09-11-06)

# EXHIBIT YD

Regular type = On letterhead for that entity. Italic type = Indications are same person's signature. Square brackets [] = Signatory identified with other entity than association of document with the entity. X-A through X-F = Signatories whose names cannot be identified in documents examined.

EXHIBIT X

| ENTITY | Grant Brown | David A. Chalmers-Hunt | John H. Perkins | X-A | X-B | X-C (Melvyn Kalman) | X-D | X-E |
|---|---|---|---|---|---|---|---|---|
| CN Limited (CNL) | | | | CNL 01; CNL 02; CNL 03 | CNL 04; CNL 05; CNL 06 | | | CNL 02; C |
| Derard Limited (DL) | DL 01; DL 02; DL 03; DL 04; DL 05 [RL 07] | | | DL 01; DL 02; DL 03; DL 04; DL 05 [ET 04; ET 07] | DL 06; DL 07; DL 08; DL 09; DL 10 [ET 04; ET 06; ET 09] | | [RL 07; RL 08] | |
| Equity Trust (ET) | ET 01; ET 02; ET 03 | | | ET 04; ET 05; ET 06; ET 07; RT 09; ET 10 | ET 04; ET 05; ET 06; ET 07; ET 08; ET 09; ET 10; ET 11 | | | |
| Ryburn Limited (RL) | RL 07; RL 05 [DL 05; ET 03] | RL 05; RL 06 | RL 01; RL 02; RL 03; RL 04 | [DL 05; ET 09] | [DL 10; ET 09] | RL 05; RL 06 | RL 07; RL 08 | |
| Wesley Secretaries Limited (WSL) | | WSL 02 [RL 05; RL 06] | WSL 01 (twice); WSL 02 | | | WSL 01 | | |
| Crossgar Limited (CL) | [DL 01; DL 02] | [RL 06] | | [DL 01; DL 02; ET 04; ET 06] | [DL 06; DL 07; ET 04] | [RL 06] | | |
| Janvrin Holdings Limited (JHL) | [DL 03; DL 04] | [RL 06] | | [DL 03; DL 04; ET 06] | [DL 08; DL 09; ET 06] | [RL 06] | | |

# EXHIBIT X

that entity. Italic type = Indications are same person's signature. Square brackets [] = Signatory identified with other entity than that of letterhead or other with the entity. X-A through X-F = Signatories whose names cannot be identified in documents examined.

| David A. Chalmers-Hunt | John H. Perkins | X-A | X-B | X-C (Melvyn Kalman) | X-D | X-E | X-F |
|---|---|---|---|---|---|---|---|
|  |  | CNL 01; CNL 02; CNL 03 [ET 05; ET 07; ET 10] | CNL 04; CNL 05; CNL 06 [ET 05; ET 07; ET 10] |  |  | CNL 01; CNL 02; CNL 03 |  |
|  |  | DL 01; DL 02; DL 03; DL 04; DL 05 [ET 04; ET 07] | DL 06; DL 07; DL 08; DL 09; DL 10 [ET 04; ET 06; ET 09] |  |  |  |  |
|  |  | ET 04; ET 05; ET 06; ET 07; RT 09; ET 10 | ET 04; ET 05; ET 06; ET 07; ET 08; ET 09; ET 10; ET 11 |  |  |  | ET 08 |
| RL 05; RL 06 | RL 01; RL 02; RL 03; RL 04 | [DL 05; ET 09] | [DL 10; ET 09] | RL 05; RL 06 | RL 07; RL 08 |  |  |
| WSL 02 [RL 05; RL 06] | WSL 01 (twice); WSL 02 |  |  | WSL 01 | [RL 07; RL 08] |  |  |
| [RL 06] |  | [DL 01; DL 02; ET 04; ET 06] | [DL 06; DL 07; ET 04] | [RL 06] |  |  |  |
| [RL 06] |  | [DL 03; DL 04; ET 06] | [DL 08; DL 09; ET 06] | [RL 06] |  |  |  |

HANA HILSENRATH
OLIVER HILSENRATH
822 Eastbrook Court
Danville, CA 94506
Telephone: 925 212 6299
Facsimile: 925 736 7571
ohlx@sbcglobal.net


PLAINTIFFS *IN PRO PER*


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **HANA HILSENRATH AND OLIVER HILSENRATH,** | **Case No.** |
| **Plaintiffs,** | |
| **v.** | **EXHIBIT B:** |
| **EQUITY TRUST (JERSEY) LIMITED, CANDOVER INVESTMENTS PLC, INSINGER DE BEAUFORT SA, JARDINE MATHESON HOLDINGS LIMITED, GRANT BROWN, MELVYN KALMAN, JOHN PERKINS, CAROLINE BOUGEARD, AND DOES 1-10,** | **CORRESPONDENCE BETWEEN NINE EQUITY ENTITIES TO DEFEAT FEDERAL COURT ORDER** |
| **Defendants.** | |

Example of inner workings of the Equity Trust intricate corporate network targeted to defeat a US Federal court order.


Nine fictitious letters from / and to / fictitious corporations with:

- same anonymous signature,

- all on the same day,

- from and to the same address.

# Derard Limited

Administration Office:
P O Box 546, 28-30 The Parade, St Helier, Jersey JE4 8XY, Channel Islands
Tel: +44 1534 636211 Fax: +44 1534 636215

11th April 2007

**URGENT**

CH Limited
P.O. Box 546
28-30 The Parade
St Helier
Jersey JE4 8XY
Channel Islands

Dear Sirs

**Janvrin Holdings Limited, Crossgar Limited and Ryburn Limited - v – Oliver Hilsenrath
Case No. CO2 1068CW**

We refer to our earlier correspondence with you in relation to the above matter.

Please find enclosed a copy of an Order, dated 29th March 2007, from the Federal Court in San Francisco. As set out in the Order, "...*a hearing on counterclaimants' motion for default judgment is set for Wednesday May 2, 2007, at 10.00am. in Courtroom G, 15th floor, Federal Building, San Francisco, California, 94102...Counterdefendents should attend the hearing if they contest the validity or amount of the claim*".

We remind you that the situation stands as described in our earlier correspondence with you. Janvrin Holdings Limited is not in good standing and has been struck from the BVI Companies Register for non-payment of statutory fees. We have yet to receive funding from you for Janvrin Holdings Limited and look to you for instructions on whether or how to proceed in this matter. Absent hearing from you, we shall not take any further steps.

Yours faithfully

_____

For and on behalf of Derard Limited
Director of Janvrin Holdings Limited

# Derard Limited

Administration Office:
P O Box 546, 28-30 The Parade, St Helier, Jersey JE4 8XY, Channel Islands
Tel: +44 1534 636211 Fax: +44 1534 636215

11th April 2007

**URGENT**

CN Limited
P.O. Box 546
28-30 The Parade
St Helier
Jersey JE4 8XY
Channel Islands

Dear Sirs

**Janvrin Holdings Limited, Crossgar Limited and Ryburn Limited - v – Oliver Hilsenrath
Case No. CO2 1068CW**

We refer to our earlier correspondence with you in relation to the above matter.

Please find enclosed a copy of an Order, dated 29th March 2007, from the Federal Court in San Francisco. As set out in the Order, "...*a hearing on counterclaimants' motion for default judgment is set for Wednesday May 2, 2007, at 10.00am. in Courtroom G, 15th floor, Federal Building, San Francisco, California, 94102...Counterdefendents should attend the hearing if they contest the validity or amount of the claim*".

We remind you that the situation stands as described in our earlier correspondence with you. Janvrin Holdings Limited is not in good standing and has been struck from the BVI Companies Register for non-payment of statutory fees. We have yet to receive funding from you for Janvrin Holdings Limited and look to you for instructions on whether or how to proceed in this matter. Absent hearing from you, we shall not take any further steps.

Yours faithfully

For and on behalf of Derard Limited
Director of Janvrin Holdings Limited

# Derard Limited

Administration Office:
P O Box 546, 28-30 The Parade, St Helier, Jersey JE4 8XY, Channel Islands
Tel: +44 1534 636211 Fax: +44 1534 636215

11th April 2007

**URGENT**

EQ Nominees (Jersey) Limited
P.O. Box 546
28-30 The Parade
St Helier
Jersey JE4 8XY
Channel Islands

Dear Sirs

**Janvrin Holdings Limited, Crossgar Limited and Ryburn Limited - v – Oliver Hilsenrath**
**Case No. CO2 1068CW**

We refer to our earlier correspondence with you in relation to the above matter.

Please find enclosed a copy of an Order, dated 29th March 2007, from the Federal Court in San Francisco. As set out in the Order, "...*a hearing on counterclaimants' motion for default judgment is set for Wednesday May 2, 2007, at 10.00am. in Courtroom G, 15th floor, Federal Building, San Francisco, California, 94102...Counterdefendents should attend the hearing if they contest the validity or amount of the claim*".

We remind you that the situation stands as described in our earlier correspondence with you. Crossgar Limited is not in good standing and has been struck from the BVI Companies Register for non-payment of statutory fees. We have yet to receive funding from you for Crossgar Limited and look to you for instructions on whether or how to proceed in this matter. Absent hearing from you, we shall not take any further steps.

Yours faithfully

For and on behalf of Derard Limited
Director of Crossgar Limited

# Derard Limited

Administration Office:
P O Box 546, 28-30 The Parade, St Helier, Jersey JE4 8XY, Channel Islands
Tel: +44 1534 636211 Fax: +44 1534 636215

11th April 2007

**URGENT**

CN Limited
P.O. Box 546
28-30 The Parade
St Helier
Jersey JE4 8XY
Channel Islands

Dear Sirs

**Janvrin Holdings Limited, Crossgar Limited and Ryburn Limited - v – Oliver Hilsenrath**
**Case No. CO2 1068CW**

We refer to our earlier correspondence with you in relation to the above matter.

Please find enclosed a copy of an Order, dated 29th March 2007, from the Federal Court in San Francisco. As set out in the Order, *"...a hearing on counterclaimants' motion for default judgment is set for Wednesday May 2, 2007, at 10.00am. in Courtroom G, 15th floor, Federal Building, San Francisco, California, 94102...Counterdefendents should attend the hearing if they contest the validity or amount of the claim"*.

We remind you that the situation stands as described in our earlier correspondence with you. Crossgar Limited is not in good standing and has been struck from the BVI Companies Register for non-payment of statutory fees. We have yet to receive funding from you for Crossgar Limited and look to you for instructions on whether or how to proceed in this matter. Absent hearing from you, we shall not take any further steps.

Yours faithfully

_____
For and on behalf of Derard Limited
Director of Crossgar Limited

# Derard Limited

Administration Office:
P O Box 546, 28-30 The Parade, St Helier, Jersey JE4 8XY, Channel Islands
Tel: +44 1534 636211 Fax: +44 1534 636215

11th April 2007

**URGENT**

CN Limited
P.O. Box 546
28-30 The Parade
St Helier
Jersey JE4 8XY
Channel Islands

Dear Sirs

**Janvrin Holdings Limited, Crossgar Limited and Ryburn Limited - v – Oliver Hilsenrath
Case No. CO2 1068CW**

We refer to our earlier correspondence with you in relation to the above matter.

Please find enclosed a copy of an Order, dated 29th March 2007, from the Federal Court in San Francisco. As set out in the Order, *"...a hearing on counterclaimants' motion for default judgment is set for Wednesday May 2, 2007, at 10.00am. in Courtroom G, 15th floor, Federal Building, San Francisco, California, 94102...Counterdefendents should attend the hearing if they contest the validity or amount of the claim".*

We remind you that the situation stands as described in our earlier correspondence with you. Ryburn Limited is not in good standing and has been struck from the BVI Companies Register for non-payment of statutory fees. We have yet to receive funding from you for Ryburn Limited and look to you for instructions on whether or how to proceed in this matter. Absent hearing from you, we shall not take any further steps.

Yours faithfully

_____
For and on behalf of Derard Limited
Director of Ryburn Limited

Case 4:07-cv-04162-CW    Document 17-15    Filed 09/06/2007    Page 14 of 31
Case 4:07-cv-03312-CW    Document 1-3    Filed 06/25/2007    Page 7 of 13

Case 4:02-cv-01068    Document 278    Filed 03/29/2007    Page 1 of 3

1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT
9                       NORTHERN DISTRICT OF CALIFORNIA
10
11   JANVRIN HOLDINGS LTD, et      )
12   al.,                          )
                                   )          No.  C02-1068 CW (BZ)
13           Plaintiff(s),         )
                                   )          **ORDER SCHEDULING HEARING**
14       v.                        )
                                   )
     DR. OLIVER HILSENRATH, et     )
15   al.,                          )
                                   )
16           Defendant(s).         )
     _____)
17   OLIVER HILSENRATH and HANA    )
     HILSENRATH,                   )
18                                 )
             Counterclaimants,     )
19                                 )
         v.                        )
20                                 )
     JANVRIN HOLDINGS LTD.,et       )
21   al.,                          )
             Counterdefendants.)
22                                 )
     _____)
23

24       **IT IS HEREBY ORDERED** that pursuant to the Court's

25   discretion under Rule 55(b)(2) of the Federal Civil Rules of

26   Civil Procedure, a hearing on counterclaimants' motion for

27   default judgment is set for **Wednesday, May 2, 2007, at 10:00**

28   **a.m.** in Courtroom G, 15th Floor, Federal Building, San

                                    1

Case 4:02-cv-01068    Document 278    Filed 03/29/2007    Page 2 of 3

1   Francisco, California, 94102.

2       Counterclaimants should be prepared to clarify the legal

3   bases for their claims.  A threshold issue in awarding a

4   default judgment is determining whether the well pleaded

5   factual allegations of the counterclaim establish

6   counterdefendants liability on a valid legal claim.  The

7   difficulty here is that the counterclaim contains more

8   conclusory allegations than factual allegations.  For example,

9   the only named counterdefendants are Janvrin Holdings Limited,

10  Crossgar Limited, and Ryburn Limited.  They are described as

11  shell companies held in a discretionary trust of which Equity

12  Trust is trustee.  The trust document is not attached and

13  there is no factual explanation of what counterclaimants mean

14  by shell company or discretionary trust.  The bulk of the

15  factual allegations in the counterclaim are directed against

16  Equity Trust, which is not named as a counterdefendant.  The

17  counterclaim does not explain factually on what basis the

18  shell companies can be held liable for the acts of the trustee

19  and the papers filed in support of the motion for default

20  judgment do not explain as a matter of law why such liability

21  exists.  Accordingly, the Hilsenraths should be prepared at

22  this hearing to explain what facts alleged in the counterclaim

23  establish each counterdefendant's liability.

24      Counterclaimants should also be prepared to prove their

25  damages by competent testimony or other admissible evidence.

26  If they intend to prove damages by affidavits or declarations,

27  the affiant or declarant should have personal knowledge of all

28  matters to which she testifies.  For all evidence, a proper

2

Case 4:02-cv-01068   Document 278   Filed 03/29/2007   Page 3 of 3

1    foundation must be established.  For an explanation of the

2    evidentiary requirements for proving damages in a default

3    case, the parties are encouraged to consult Chapter Six of

4    *Civil Procedure Before Trial* by William W. Schwarzer, A.

5    Wallace Tashima, and James M. Wagstaffe.

6         Counterdefendants should attend the hearing if they

7    contest the validity or amount of the claim.  Seven days

8    before the hearing, on **Wednesday, April 25, 2007,**

9    counterclaimants shall file a declaration setting forth in

10   detail all steps taken to serve counterdefendants with notice

11   of this hearing.

12   Dated: March 29, 2007

13                              Bernard Zimmerman

14                         United States Magistrate Judge

15   G:\BZALL\~REFS\HILSENRATH\ORDER.Sch.Heearing.wpd

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    3

# C N Limited

P O Box 546, 28-30 The Parade, St Helier, Jersey JE4 8XY, Channel Islands
Tel: +44 1534 636211 Fax: +44 1534 636215

11th April 2007

Equity Trust (Jersey) Limited
Equity Trust House
PO Box 546
28-30 The Parade
St Helier
Jersey JE4 8XY

Dear Sirs

**Janvrin Holdings Limited, Crossgar Limited and Rybum Limited – v- Oliver Hilsenrath**
**Case No. CO2 1068 CW**

We are writing to you in your capacity of trustee of The Revenge Trust.

Please see the enclosed letter dated 11th April 2007 from Derard Limited, the Director of Crossgar Limited.

Please advise by return whether you are willing and able to furnish Crossgar Limited with the necessary funds. Absent hearing from you, we shall not take any further steps.

Yours faithfully

_____
For and on behalf of CN Limited

# C N Limited

P O Box 546, 28-30 The Parade, St Helier, Jersey JE4 8XY, Channel Islands
Tel: +44 1534 636211 Fax: +44 1534 636215

11th April 2007

Equity Trust (Jersey) Limited
Equity Trust House
PO Box 546
28-30 The Parade
St Helier
Jersey JE4 8XY

Dear Sirs

**Janvrin Holdings Limited, Crossgar Limited and Ryburn Limited – v- Oliver Hilsenrath**
**Case No. CO2 1068 CW**

We are writing to you in your capacity of trustee of The Revenge Trust.

Please see the enclosed letter dated 11th April 2007 from Derard Limited, the Director of Ryburn Limited.

Please advise by return whether you are willing and able to furnish Ryburn Limited with the necessary funds. Absent hearing from you, we shall not take any further steps.

Yours faithfully

For and on behalf of CN Limited

# C N Limited

P O Box 546, 28-30 The Parade, St Helier, Jersey JE4 8XY, Channel Islands
Tel: +44 1534 636211 Fax: +44 1534 636215

11th April 2007

Equity Trust (Jersey) Limited
Equity Trust House
PO Box 546
28-30 The Parade
St Helier
Jersey JE4 8XY

Dear Sirs

**Janvrin Holdings Limited, Crossgar Limited and Rybum Limited – v- Oliver Hilsenrath**
**Case No. CO2 1068 CW**

We are writing to you in your capacity of trustee of The Revenge Trust.

Please see the enclosed letter dated 11th April 2007 from Derard Limited, the Director of Janvrin Holdings Limited.

Please advise by return whether you are willing and able to furnish Janvrin Holdings Limited with the necessary funds. Absent hearing from you, we shall not take any further steps.

Yours faithfully

For and on behalf of CN Limited

# EQUITY TRUST

Equity Trust (Jersey) Limited
Equity Trust House, P.O. Box 546
28-30 The Parade, St Helier, Jersey JE4 8XY
Channel Islands

Tel    +44 (0) 1534 636211
Fax    +44 (0) 1534 636215
Email   infoje@equitytrust.com

David Dahan
24 Ivanova Dtreet
Apartment  B
Kharkov
UKRAINE

And Via Email
dazid@isdn.net.il
davidadahan@gmail.com

St Helier, 11 April 2007

**URGENT**

Dear Sir

## Janvrin Holdings Limited, Crossgar Limited and Ryburn Limited -v- Oliver Hilsenrath – Case No. C02 1068 CW

We are writing to you in our capacity of trustee of The Revenge Trust.

Please see the enclosed letters dated 11 April 2007 from Derard Limited, the director of Janvrin Holdings Limited, Crossgar Limited and Ryburn Limited and from CN Limited, a shareholder of Janvrin Holdings Limited, Crossgar Limited and Ryburn Limited.

Please advise by return whether you are willing and able to furnish Janvrin Holdings Limited, Crossgar Limited, Ryburn Limited and/or The Revenge Trust with the previously requested funds. Absent hearing from you, we shall not take any further steps.

Yours faithfully

For and on behalf of
Equity Trust (Jersey) Limited

Regulated by the Jersey Financial Services Commission and
registered under the Financial Services (Jersey) Law 1998
Registration No. 57583

1   HANA HILSENRATH
    OLIVER HILSENRATH
2   822 Eastbrook Court
    Danville, CA 94506
3   Telephone: 925 212 6299
    Facsimile: 925 736 7571
4   ohlx@sbcglobal.net

5   PLAINTIFFS *IN PRO PER*

6

7

8               UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
9

10  **HANA HILSENRATH AND OLIVER**          **Case No.**
    **HILSENRATH,**

11       **Plaintiffs,**

12          **v.**                          **EXHIBIT C1 AND C2:**

13  **EQUITY TRUST (JERSEY) LIMITED,**      **EXCERPTS OF INTERVIEW OF JOHN**
    **CANDOVER INVESTMENTS PLC,**           **PERKINS**
14  **INSINGER DE BEAUFORT SA, JARDINE**
    **MATHESON HOLDINGS LIMITED, GRANT**
15  **BROWN, MELVYN KALMAN, JOHN**
    **PERKINS, CAROLINE BOUGEARD, AND**
16  **DOES 1-10,**

17

18       **Defendants.**

19

20                    **C1-INTRODUCTION**

21

22      A significant documented event in the investigation of the

23      conspiracy between Janvrin et al (owned by Equity Trust) and

24      Nixon Peabody – took place at the depositions held by the US

        government in July of 2005 in the setting of the court of her

25      majesty the Queen in St. Helier, Jersey.

26

27      Excerpts of the above transcript annexed in Exhibit C.2

28

---
HILSENRATH V. CANDOVER, EQUITY ET AL.

1  John Perkins, Nixon's main co-conspirator in the theft of the
2  extortion-records stands a two days interview.

3

4  The interviewers were Ms. Laurel Beeler, for the US attorney
5  in San Francisco, and Mr. Bob Breakstone, for Oliver
   Hilsenrath.

6

7  John Perkins was relaxed. He knew what everybody else was just
8  guessing in July 2005: He knew that Equity Trust and Nixon
9  Peabody had carefully destroyed all records leading to their
10 conspiracy to extort millions from Hilsenrath and US Wireless.

11

12 As the depositions were about documents supplied by Equity
13 Trust (Janvrin's owner) themselves, Perkins had nothing to
14 worry about: the traces of the conspiracy were lost forever in
   the shredder and in the past.

15

16 Unbeknownst to Perkins, fortunately, part of the records of
17 the Janvrin-Nixon conspiracy were uncovered through other
   sources.

18

19 Those documents were in the hands of the interviewers - Ms.
20 Beeler and Mr. Breakstone - both suspecting Perkins of a
21 cover-up.

22

23 At the end of two full days of Q&A, when the tiring process
24 was almost over, Breakstone asked him about the November 2000
   meeting in London.

25

26 Perkins remembers. He was there, he remembers that Kalman was
27 there, Westreich was there, and Benzur was there.

28

---

HILSENRATH V. CANDOVER, EQUITY ET AL.                    -2-

1    Perkins remembers the subject being how to obtain more stock
2    from US Wireless - nothing else.

3

4    Breakstone asks Perkins "did you pass any personal information
     about the Hilsenrath's assets at that meeting?"
5

6    Perkins, knowing that they thoroughly cleaned house, lied with
7    confidence: he does not recall passing Hilsenrath records.

8

9    Breakstone insists "did you pass any information about
     Hilsenrath himself at the meeting".
10

11
     Perkins has no reason to suspect and lies again confidently:
12   "that was not the subject of the meeting".
13   The package that Breakstone laid next in front of Perkins was
14   about to end Perkins's relaxed demeanor.

15

16   There were the private records stolen by Janvrin and Nixon
     personnel from the Hilsenrath trust and transferred from
17   Jersey to the San Francisco office of Nixon Peabody by express
18   mail through a middleman: Amos Benzur from Israel.

19

20   The package, carefully shredded by the Janvrin/Nixon co-
21   conspirators in their offices, was there - intact.

22

23   Including tens of pages of records of assets of the
     Hilsenraths.
24

25   Breakstone is patiently asking Perkins to review the package
26   and read page-by-page its contents into the televised and
27   transcribed record and to explain how those records ended up
     in Benzur's and Westreich's hands - attorneys for Janvrin.
28

Only when Perkins's voice grew faint asking: "Do you want me to keep going?" did Breakstone let him stop and asked him:

"What is going on here?"

Perkins incoherently explains: it was not him…, it was Kalman (his superior at Equity) and he had no idea that this was the subject at the 5 days' meeting (at which he participated on his own recollection and at the recollection of 8 others).

Breakstone, unimpressed presses on and asks about Equity Trust's integrity and fiduciary duty to the Hilsenrath's.

At that point, Viscount Substitute Matthews – the Jersey presiding judiciary officer for the Queen – stood up and stopped the proceedings to prevent Perkins from incriminating his former employer Equity Trust (owners and operators of Janvrin) and Nixon Peabody's co-conspirators.

This was the end of the depositions in Jersey.

A few months later the US attorney in San Francisco, through diplomatic channels, sent an official letter to Ms. Rebecca Boxall of the Jersey Attorney General asking why Equity Trust (Janvrin owners) did not produce certain documents, pertinent to that inquiry.

After numerous letters from the US to the Jersey authorities, back and forth, and almost two years later, in April 2007 – Equity trust ultimately admitted with resignation: we could not locate those documents in our files.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**C2 – EXCERPTS/TRANSCRIPT OF INTERVIEW WITH PERKINS IN JERSEY/UK, JULY–AUGUST 2005**

1    Q.   And Dahan and Haruvi, they signed as CEO and

2    president of Pelican Securities & Investments and

3    Pelican Consulting; is that correct?

4    A.   Yes.

5    Q.   So apparently Matheson had been taking legal

6    action against one of its own clients since at least

7    2001; isn't that correct?

8    A.   Yes.

9    Q.   And through that entire time it was acting as a

10   trustee over Mr. Hilsenrath's trust; isn't that correct?

11   A.   I believe that was the case, yes.

12   Q.   How can that be?

13   A.   Well, the only thing I would say is that -- and

14   again, it's not trying to pass the buck, but by that

15   time Mr. Kalman had taken primary responsibility for the

16   relationship.  We'd indicated previously there was a

17   conflict of interest.  And initially we, if you like,

18   came down on the side of continuing to act for Mr. Dahan

19   and Mr. Haruvi once realizing there was a conflict.

20   Q.   And I think we've established that the attorney

21   representing the plaintiffs was Mr. Glen Westreich; is

22   that correct?

23   A.   Yes.

24   Q.   I think we've established that you met Mr. Glen

25   Westreich in early 2000 at a meeting in London, in which

468

1    yourself and certainly Mr. Kalman on the Matheson side

2    were present, and Mr. Dahan and Mr. Haruvi, they were

3    also present; isn't that right?

4        A.    That's correct.

5        Q.    And Mr. Hilsenrath did not attend that meeting.

6        A.    He did not.

7        Q.    Doesn't it appear that Insinger had a conflict

8    in that it was supporting legal action by some of its

9    clients against other of its clients?

10       A.    The way I see it, we didn't have much choice in

11   the matter.  We -- we were requested by clients to take

12   action.  They -- they, I believe, gave us sufficient

13   proof that they -- that they had a litigious action to

14   bring, and so we -- because we administered the

15   companies on their behalf, which owned the shares which

16   were the subject of the dispute, under legal advice we

17   felt we had to proceed with the action.

18       Q.    Did Matheson ever provide information to Dahan

19   or Haruvi or Westreich in relation to Oliver Hilsenrath

20   or any of his entities?

21       A.    Well, that's quite a sweeping question, any

22   information.  I don't think we gave -- I don't recall

23   giving specific information, such as has been referred

24   to before as in specific, you know, entire assets of

25   Aida Holdings.  For example, I don't think we would have

469

1    discussed anything in detail.

2        Q.   Was information about Oliver Hilsenrath

3    provided?

4        A.   I don't recall any -- anything specific.  I

5    don't really think that was the -- the subject of the

6    discussions.  The discussion was either how to recover

7    stock or options or perhaps proceeds which Mr. Dahan and

8    Mr. Haruvi thought they were entitled to.  So it was

9    really in that context.

10       Q.   Were any records relating to Oliver Hilsenrath

11   or his entities provided to any of those who attended

12   the meeting?

13       A.   Not to my recollection, no.

14       Q.   Just off the record for a second.

15            Back on the record.

16            I hand you what has been previously marked as

17   Defense Exhibit 212, which appears to be a fax to Amos

18   Bentzur, B-e-n-t-z-u-r, Attorney at Law, from Linda

19   de la Cour, Insinger de Beaufort; the subject is Aida

20   Holdings, and the date is 6 November 2000.

21       A.   Correct.

22       Q.   What does this refer to?  What attached -- what

23   attached documents are being provided to Mr. Amos

24   Bentzur?

25       A.   It says it's going to fax the attached

470

1    documents in respect of the power of attorney in

2    relation to Aida Holdings Limited.  And it goes on to

3    say that a courier package is being forwarded to

4    Mr. Bentzur in respect to the litigation.  And attached

5    are documents relating to Telecom Associates, which are

6    from the Matheson or the Equity records, stating that

7    Mr. Hilsenrath is the client, and giving the registered

8    and administration addresses, details of the officers,

9    and giving the financial year-end.  Just showing the

10   issued share capital, one share of Telecom Associates.

11           Then there's a -- internal ledger print showing

12   the various nominal accounts with some balances on.

13           It looks like similar information with respect

14   to Star Anise Limited.  There's a Morgan Stanley Dean

15   Witter statement for the month ending 30th April 2000 in

16   regard to Star Anise, showing holdings and daily

17   activity.

18           There's some statements in relation to Borazon

19   Limited, showing basic company information and also

20   internal nominal ledger prints with balances on.

21   There's a statement for Borazon Limited, showing

22   relationships in regard to other entities, including

23   Aida Holdings Limited, showing the -- the bankers being

24   Matheson Bank International, and also brokerage accounts

25   with Morgan Stanley, Stuart Coleman, and Spear Leeds

471

1   Kellog.

2           Do you want me to keep going?

3       Q.   No, that's all right.

4           Going back to the first page, Amos Bentzur,

5   wasn't he the attorney representing Dahan?

6       A.   Well, he -- he was known to David Dahan and he

7   was certainly present at the meeting in London.

8       Q.   So although the caption says it's Aida Holdings

9   Limited, and the paragraph that refers what's being

10  forwarded seems to indicate that "Kalman has asked me to

11  fax documents relating to a power of attorney on the

12  above company," would you agree with me that much of the

13  information that is being conveyed concern other

14  entities other than Aida Holdings?

15      A.   Yes, it does.

16      Q.   And also we have seen previously numerous --

17  numerous instructions from Mr. Hilsenrath to various

18  Matheson/Insinger trust people not to disclose

19  information to Mr. Dahan.  Isn't that an accurate

20  statement?

21      A.   Yes.

22      Q.   What is going on here?

23      A.   Well, all I can say is that I did not send that

24  fax, it was Linda de la Cour, and she sent it apparently

25  on the instructions of Mr. Melvyn Kalman.  I don't

472

1    recall having seen any of this documentation before, so

2    I wasn't aware of it.

3        Q.    You have worked in and on behalf of Matheson,

4    Insinger de Beaufort, and -- and Equity for how many

5    years, sir?

6        A.    Sixteen and a half.

7        Q.    You were aware of what the responsibilities and

8    fiduciary obligations are of trust companies --

9        A.    Yes.

10        Q.    -- isn't that correct?

11            Based upon your experience and your

12    professional dealings with many clients and trust

13    companies, do you believe that your employer had a

14    conflict of interest with Mr. Hilsenrath and breached

15    its fiduciary obligations as a result of the information

16    we have shown you here today?

17        VISCOUNT SUBSTITUTE MATTHEWS:    Could I just

18    interrupt at this point.    It seems to me -- I want to

19    find out the relevance of this in relation to these

20    particular criminal proceedings, and it seems to me that

21    you're asking this client to incriminate his former

22    employer.

23        MR. BREAKSTONE:    I'll be happy to discuss this with

24    you, but it's not a relevant objection.

25            Mr. Dahan and Mr. Haruvi were primary investors

473