OLIVER HILSENRATH
822 Eastbrook Court
Danville, CA 94506
Telephone: 925 212 6299
Facsimile: 925 736 7571
ohlx@sbcglobal.net

PLAINTIFFS *IN PRO PER*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER HILSENRATH<br><br>    Plaintiff,<br><br>    v.<br><br>EQUITY TRUST (JERSEY) LIMITED, CANDOVER INVESTMENTS PLC, AND DOES 1-10,<br><br>    Defendants. | Case No. 4:07-CV-4162 CW<br><br>MEMORANDUM IN OPPOSITION OF DEFENDANTS' MOTIONS TO DISMISS ON GROUNDS OF JURISDICTION AND SERVICE<br><br>Judge: Hon. Claudia Wilken<br>Date: Nov 1, 2007<br>Time: 14:00<br>Place: Courtroom 2, 4th Floor |

HILSENRATH V. EQUITY TA

## INTRODUCTION

Equity trust (Equity) and Candover are bringing an array of arguments targeted to avoid litigation in this jurisdiction and avoid litigation entirely if possible. Plaintiff is incorporating by reference Doc 50 of c*ase 07-3312CW Hilsenrath et al v. Equity trust et al* in its entirety as to matters of jurisdiction.

The main arguments not covered already in the above-related case are mainly the following:

1. Candover's statement that they are no alter ego of the alleged wrongdoer Equity trust
2. The forum is inappropriate and there is no public interst to adjudicate a matter related to plaintiff-an Israeli citizen
3. Equity not offering tax advice at all
4. The forum to adjudicate this case should be not California but Jersey/Channel Islands as the result of the formation agreements of the said entities.

## CANDOVER ALTER EGO STATEMENT

Candover's credibility with this court should have significantly diminished about what they are and what they are not after having Mr. Moberly of Candover increase his reported US business dramatically from declaration to declaration [see Doc 84 case 07-3312CW Exhibits I, J, K].

Nevertheless plaintiff alleges Candover is an integral part of Equity's management and the beneficiary of all acts, lawful or unlawful, of Equity. Those assertions are based on candover's own description of its role as "partner of management" and the very fact that they carry 100% of Equity trust's value on their books. The result of this latter argument is that Candover, the MBO lender for the purchase of Equity are the overwhelmingly largest recipient of financial benefits obtained by Equity trust.

As further alleged in case 07-3312CW, Candover are a harborer of the Janvrin conspiracy [Cases 02-1068CW, 07-3312CW]. As extensively argued in both these cases, Candover's role as a harborer of an array of unlawful acts is unrelated to Candover's definition as an alter ego. It merely alleges that Candover and Equity provided and still knowingly provide a ripe operating environment for the execution of unlawful acts by means of: personnel, legal counsel, finance, means and methods.

Candover brings the alter ego argument (and their assertions against it) merely to deflect the court's attention from the different allegations against Candover: participation, harboring and enjoyment of the financial result of the unlawful acts.

**CALIFORNIA FORUM INAPPROPRIATE TO ADJUDICATE A MATTER RELATED TO PLAINTIFF - AN ISRAELI CITIZEN**

This argument fails for a number of reasons:

1. All relevant events in this case, and related cases, occurred in California while plaintiff was a California resident. Similar to Brown in case 07-3312CW who is a citizen of New Zeeland but seeks adjudication in Jersey, the jurisdiction of his employer (see Brown declaration Doc 25 Case 07-3312CW). Defendants directed all their communication from 1996 to 2007 to plaintiff's residence in the California.

2. This court made a clear statement stressing plaintiff's California citizenship by dismissing case *07-3193CW Hilsenrath v. Nixon* to be re filed in California State Court due to lack of diversity between California citizens Hilsenrath and the firm of Nixon Peabody et al. (This case is indeed on track to be heard in California Superior Court of San Francisco.)

3. Defendant's always selected the California forum for their litigations against plaintiff. They always doubted the effectiveness of litigation in Jersey when they filed 4 cases in California federal court culminating in case *02-1068CW Janvrin v. Hilsenrath* still unfolding on this court.

4. When the abovementioned case 02-1068CW was first filed in March 2002 against plaintiff, the Hilsenrath family lived in Israel in their home (listed multiple times in these pleadings by Equity)[1]. Still, Equity et al preferred the California federal court and not the Jerusalem high court, even though one could argue that Jerusalem is only one time zone away from Jersey while California is 8 time zones away – making Jerusalem a more convenient forum.

5. Defendants destroyed the documents attesting to their acts [see Exhibit A: Correspondence between US and Jersey governments establishing the destruction of records by Equity Trust personnel]. Thus there is no purpose or savings to try this case

---

[1] Defendants opted to obtain secretly a default judgment against plaintiff far away from the Hilsenrath residence in Israel and execute that judgment directly on the assets held in trust by them.

in Jersey. The documents and witnesses are in California or in other international locations. They are a list of persons who entered similar agreements with defendants and got hurt, former executives of US Wireless and US experts.

6. Collecting reward. Defendants assert that plaintiff will not be able to collect a future judgment of this court unless the case is tried in jersey. The Court should reject such contention. Rules of international comity and the Mutual Legal Assistance agreements between jersey and the US will ascertain that collection will be successfully made.

7. Finally, the California forum is the only forum available to plaintiff *pro se* vis a vis large corporations that can afford to litigate anywhere. Once determined that plaintiff has a viable case, the court has to find this forum appropriate or else there is no other forum to litigate this matter and the matter will be unresolved. Defendants are bringing this argument in order to hamper this litigation and evade justice.

> **Deirmenjian v. Deutsche Bank, A.G., 2006 U.S. Dist. LEXIS 96772**
> We agree with the majority rule" (internal citations omitted)); *Reid-Walen v. Hansen,* 933 F.2d 1390, 1398 (8th Cir. 1991) ("As part of the *Gilbert* private interest analysis, courts must be sensitive to the practical problems likely to be encountered by plaintiffs in litigating their claim, especially when the alternative forum is in a foreign country. The district court must be alert to the realities of the plaintiff's position, financial and otherwise, and his or her ability as a practical matter to bring suit in the alternative forum.
>
> See also **Papendick v. Bosch, 410 A.2d 148**

8. There is significant public interest in the US and in the state of California to conduct this trial in this jurisdiction.

9. Defendants' business practices are primarily aimed to the US tax payer[2] resulting in diminishing resources for the US government while endangering the life, the prosperity and the freedom of individuals, US persons, like plaintiff.

10. By destroying case related documents and records, defendants acted to:
    a. Interfere with a criminal investigation that brought government agencies twice to Jersey to interview Equity/Insinger employees in 2003 and 2005;

---

[2] Equity's website: "we are catering to north American multinationals…"

    b. Obstruct justice in a criminal case in California federal court case 03:0213 WHA US v. Hilsenrath [Exhibit A];

    c. Purposely interject with the California forum, hurting both citizens and government agencies as the result of their actions;

    d. Had an expectation to be haled into this forum when their acts are uncovered.

**TUAZON V. R.J. REYNOLDS TOBACCO CO., 433 F.3D 1163**
The United States Court of Appeals for the Ninth Circuit considers two
other factors in assessing the reasonableness of jurisdiction: the extent of
purposeful interjection and the existence of an alternative forum.
Under the forum non conveniens analysis, as an initial hurdle, the
plaintiff's choice of forum is entitled to deference.
The need to apply foreign law alone is not sufficient to warrant dismissal
on grounds of forum non conveniens.

## **EQUITY TRUST IS OFFERING NOTHING BUT TAX ADVICE**

Unlike their disingenuous statements, Equity Trust, Candover's business, is offering nothing but tax advice.

Exhibit B – the widely exhibited initial solicitation of Perkins to plaintiff and his family in California, he states:

> "[p]rotection arrangements through the use of trust and corporate structures established and administered from a stable, low tax jurisdiction."

And:

> "We believe that this ownership structure itself is of significant appeal and importance to our clients, given that it avoids any ultimate connection with the main jurisdictions such as, for example, the United States of America or the United Kingdom."

And further there is Equity's "tax wrapper" to intricately use the insurance industry to save US tax dollars [Exhibit C – the Equity Trust Tax Wrapper]:

> For the **US** persons (i.e. **US** citizens or one considered a US tax "resident") finding an investment product that meets all of these goals is rather

difficult. **US** persons are subject to income tax on their worldwide income, that is, they must pay tax on all varieties of income items regardless of the geographic source. **US** persons are required to provide detailed information to the US government concerning their interests in foreign bank accounts and private foreign corporations.

And last but not least Equity's Melvyn Kalman, Perkins' superior director, advertising his own personal expertise in Exhibit D:

> \* \* \* Melvyn continues, "Specifically, we have developed a solid reputation for delivering innovative tax solutions."

As uncomfortable as it might be for the defendants at the present instance, this is what they are all about: presumably innovative, efficient and global tax advice. When they felt threatened (as the result of the widespread crackdown on off shore trust companies such as KPMG and others), and with the US government mission on its way to Jersey, they destroyed the records attesting to their advice and proposed structures and set plaintiff for a fall to protect themselves.

## FORMATION AGREEMENTS – VOID, IRRELEVANT OR OBTAINED BY FRAUD

Plaintiff includes by reference the contracts analysis brought in Doc 86 Case 07-3312CW and is adding an analysis of the Firefly contract brought in Austin's declaration in the current motion.

As presented in Doc 86, plaintiff is a well educated person but had no knowledge or previous exposure to trusts, incorporation, tax (other than through a paycheck) or stock ownership. He was introduced to the concept and inner works of trust and tax management for the first time by defendants.

> **Restat 2d of Conflict of Laws, § 187**
> b. Impropriety or mistake. A choice-of-law provision, like any other contractual provision, will not be given effect if the consent of one of the parties to its inclusion in the contract was obtained by improper means, such as by misrepresentation, duress, or undue influence, or by mistake.

HILSENRATH V. EQUITY TA.                                    -6-

All agreements ever signed with defendants were standard boilerplate forms, never negotiated or amended and always executed months or years after the entities were set up, after funds were invested and after months to years of operation. Plaintiff relied on trust and good faith.

Equity references 4 agreements, 3 of which (1 to 3) Insinger voided by themselves as the result of the Janvrin conflict of interest [Exhibit E]:

1. Aida agreement – never signed by Equity (Jardine in 1996) thus void by Kalman's own testimony to the SEC in 2003 – Doc 86;
2. Telecom Associates – contract signed in 1999 while company formed and funded in 1997 [Exhibit F: Equity's list of Hilsenrath structures and dates of setup];
3. OHFI – contract signed in 1999 but stated and fully funded will all shares of the Hilsenraths in US Wireless in 1998 {Exhibit F];
4. Firefly was set up in 2001 on the basis of fraud. (1) Defendants concealed and withheld from plaintiff the fact that Kalman and Perkins and Insinger were involved in fraud against plaintiff in 2000 (London sale of personal records). (2) Defendants had an undisclosed intent to litigate against plaintiff (second Janvrin litigation) therefore they were conflicted and could not form a new trust for plaintiff in good faith. (3) Firefly was formed with the purpose of confiscating Hilsenrath assets in order to immediately execute on plaintiff's assets held with Equity (Insinger of then).
5. In the context of Firefly:
    a. Equity refused to distribute funds to the plaintiff and his family to defend a criminal litigation in California [Exhibits xx and G]
    b. Equity is presenting an indemnification agreement signed by plaintiff under specific threat that unless signed, the home of the Hilsenraths held in trust will be taken away. Equity are concealing from this court the fact that even under threat plaintiff notified Equity in writing that he and his family do not indemnify them against lawsuits in California in various matters and that Equity will be in fact sued in the near future [Exhibit YY].
    c. Equity trust formulated (Austin declaration) their indemnification such as to indemnify them solely on liabilities resulting from the distributed assets. (E. g., a situation by which a third person might claim rights to the distributed assets).

**Lyddon v. Rocha-Albertsen**
Slip Copy, 2006 WL 3086951

Fraud in the execution occurs when a party is deceived as to the very nature of the agreement so the party does not know what he or she is signing or does not intend to enter into a contract at all. *Rosenthal v. Great Western Fin. Securities Corp.,* (1996) 14 Cal .4th 394, 419-420. Both conditions have been proved here. Fraud in the execution results in the contract (promissory note) being void ab initio. *Rosenthal,* 14 Cal.4th at p. 419-20.

Deliberately creating continuing obligations to a resident of California by contracting to provide personal services is sufficient to establish purposeful availment for Rocha-Albertsen. *T.M. Hylwa, M.D., Inc. v. Palka,* 823 F.2d 310, 314 (9th Cir.1987).

The Court has jurisdiction by virtue of Cuellar-Abundiz's knowing and intentional conduct to do injury and harm to Lyddon at the situs of Lyddon's business and residence in the Eastern District of California. Cuellar sufficiently acted to directly cause such harm and damage to Lyddon to provide a reasonable basis for jurisdiction that comports with conventional standards of fair play and substantial justice by entering into a conspiracy with Rocha-Albertsen to enforce the Lyddon note.

## SUMMARY

In summary, the attempt of defendants to hamper this adjudication by bringing it to the Jersey court on the basis of contracts fails on numerous counts:

1. All agreements were voided by Equity Trust in July 2000 as the result of the conflict of interest re Janvrin v. Hilsenrath.
2. Due to the same conflict and due to the concealed fraud against plaintiff they contracted fraudulently the new Firefly agreement.
3. The Firefly trust and its agreement were in bad faith and with malicious intent of capturing the Hilsenrath's assets in view of a new Janvrin litigation.
4. The prevention of access to funds to defend the criminal case 02-00213WHA was with a further expectation that plaintiff be fatally hurt and the assets captured by Equity [Exhibits xx and G]

**CONCLUSION**

Candover and Equity have solid contacts with the United States and have the United States at the top of their financial priorities, though both would like to avoid the US courts.

Candover and Equity have hurt a citizen of the State of California in a number of coordinated actions at the genesis of each they knew that they would be eventually haled in to the California jurisdiction.

The California forum is the only available forum for plaintiff and no contracts of the past contradict the appropriate choice of the California forum.

The contracts raised by defendants are either irrelevant or void by their own choice or obtained though fraud in furtherance of their unlawful actions.

The court should deny defendants' motion.

Dated: October 11, 2007

    Respectfully submitted,

        OLIVER HILSENRATH
        Plaintiff *PRO SE*

        /s/ Oliver Hilsenrath