1  LATHAM & WATKINS LLP
      Peter A. Wald (Bar No. 85705)
2      peter.wald@lw.com
      Darius Ogloza (Bar No. 176983)
3      darius.ogloza@lw.com
      Sarah M. Ray (Bar No. 229670)
4      sarah.ray@lw.com
      Jonathan F. Beardsley (Bar No. 240994)
5      Jonathan.beardsley@lw.com
      Katie Y. Chang (Bar No. 246247)
6      katie.chang@lw.com
   505 Montgomery Street, Suite 2000
7  San Francisco, California  94111-2562
   Telephone:  +415.391.0600
8  Facsimile:  +415.395.8095

9  Attorneys for Defendant
   EQUITY TRUST (JERSEY) LIMITED

10

11                      UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13

14  OLIVER HILSENRATH,                     CASE NO. C:07-CV-4162-CW

15                Plaintiff,               REPLY TO PLAINTIFF'S OPPOSITION TO
                                           DEFENDANT EQUITY TRUST (JERSEY)
16         v.                              LIMITED'S MOTION TO DISMISS ON
                                           GROUNDS OF INSUFFICIENT SERVICE,
17  EQUITY TRUST (JERSEY) LIMITED,         LACK OF JURISDICTION, VENUE, AND
    CANDOVER INVESTMENTS PLC, AND          *FORUM NON CONVENIENS*
18  DOES 1-10,
                                           Date:     November 1, 2007
19                Defendants.              Time:     2:00 p.m.
                                           Place:    Courtroom 2, 4th Floor
20                                         Judge:    Honorable Claudia Wilken

21                                         Complaint Filed:  August 14, 2007

22

23

24

25

26

27

28

DEFENDANT EQUITY TRUST (JERSEY)
                                                 LIMITED'S REPLY  IN SUPPORT OF
                                                 MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................................ 1

II.    ARUGMENT ............................................................................................................. 2

    A.    The Forum Selection Clauses Mandate Dismissal................................................. 2

        1.    The Forum Selection Clause Governs Plaintiff's Claims ........................ 3

        2.    The Management Agreement and Settlement Agreement are Valid................................................................................................ 3

        3.    Enforcement of the Forum Selection Clauses is Reasonable.................... 5

    B.    Personal Jurisdiction is Improper.......................................................................... 7

        1.    Plaintiff's Consent-Based Allegations Lack Merit .................................. 7

        2.    Plaintiff Fails to Show that ETJL has Purposefully Availed Itself of this Forum or to Rebut the Unreasonableness of Jurisdiction ............................................................................................ 7

        3.    A Conspiracy Theory of Personal Jurisdiction is Not Recognized by the Ninth Circuit................................................................ 10

        4.    Resolving the Jurisdictional Issue Must Precede Trial ........................... 11

    C.    Plaintiff's Service of Process was Insufficient ..................................................... 11

    D.    The Doctrine of *Forum Non Conveniens* Requires Dismissal............................. 12

III.    CONCLUSION........................................................................................................... 14

i

DEFENDANT EQUITY TRUST (JERSEY)
LIMITED'S REPLY IN SUPPORT OF MOTION TO
DISMISS

1

**TABLE OF AUTHORITIES**

2

Page(s)

3

**CASES**

4
*Amini Innovation Corporation v. JS Imports Inc.*
   2007 U.S. Dist. LEXIS 43758 (C.D. Cal. May 21, 2007) ...................................................... 6
5

6
*Brazil v. Dell Inc.*
   2007 U.S. Dist. LEXIS 59095 (N.D. Cal. 2007) ................................................................... 4

7
*Bridgeport Music, Inc. v. Rhyme Syndicate Music*
   376 F.3d 615, 623 (6th Cir. 2004) ..................................................................................... 12
8

9
*Brockmeyer v. May*
   383 F.3d 798, 801 (9th Cir. 2003) ..................................................................................... 11

10
*Core-Vent Corp. v. Nobel Indus. AB,*
   11 F.3d 1482, 1488-90 (9th Cir. 1993) ................................................................................ 9
11

12
*Dean Witter Reynolds v. Superior Court,*
   211 Cal. App. 3d 758, 770-771 (Cal. Ct. App. 1989) ........................................................... 5

13
*Deirmenjian v. Deutsche Bank,*
   A.G., 2006 U.S. Dist. LEXIS 96772 (C.D. Cal. 2006) ....................................................... 13
14

15
*FDIC v. British-American Ins. Co.,*
   828 F.2d 1439, 1444 (9th Cir. 1987) ................................................................................... 9

16
*Fields v. Sedgwick Associated Risks, Ltd.,*
   796 F.2d 299, 302-03 (9th Cir. 1986) .................................................................................. 9
17

18
*Hilsenrath v. Switzerland*
   Case No. 07-cv-02782-WHA ............................................................................................. 4

19
*In re Bulk [Extruded] Graphite Prods. Antitrust Litig.*
   2006 U.S. Dist. LEXIS 45762, at *13 (D.N.J.) ................................................................. 12
20

21
*Indemnity Ins. Co. v. Schneider Freight USA, Inc.,*
   2001 WL 1356247 at 5 (C.D. Cal. 2001) ............................................................................ 4

22
*Intershop Communications AG v. Superior Court,*
   104 Cal. App. 4th 191, 201-202 (Cal. Ct. App. 2002) ......................................................... 5
23

24
*Jumara v. State Farm Ins. Co.*
   55 F.3d 873, 880 (3d Cir. 1995) ......................................................................................... 6

25
*Karsten Mfg. Corp. v. U.S. Golf Ass'n*
   728 F. Supp. 1429 (D. Ariz. 1990) .................................................................................... 10
26

27
*Kipperman v. McCone*
   422 F. Supp. 860 (N.D. Cal. 1976) .................................................................................... 10

28

ii

LATHAM&WATKINS LLP   SF\629989.2
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT EQUITY TRUST (JERSEY)
LIMITED'S REPLY IN SUPPORT OF MOTION TO
DISMISS

*KVOS, Inc. v. Associated Press*,
    299 U.S. 269, 278 (1936)................................................................................................ 11

*Land v. Dollar*,
    330 U.S. 731, 735 (1947)................................................................................................ 11

*M/S Bremen v. Zapata Offshore Co.*,
    407 U.S. 1 (1972)............................................................................................................. 2

*Mackey v. Compass Mktg.*
    391 Md. 117 (Md. Ct. App. 2006) ................................................................................ 10

*Manetti-Farrow, Inc. v. Gucci*
    858 F.2d 509, 514 (9th Cir. 1988) .................................................................................. 4

*Mansour v. Super. Ct. of Orange County*
    38 Cal. App. 4th 1750 (Cal. Ct. App. 1995) ................................................................ 10

*McGlinchy v. Shell Chemical Co.*,
    845 F.2d 802 (9th Cir. 1988) .......................................................................................... 8

*Mid-Continent Wood Prod., Inc. v. Harris*
    936 F.2d 297, 301 (7th Cir. 1991) ................................................................................ 12

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*
    473 U.S. 614, 1629 (1985) .............................................................................................. 6

*MMCA Group, Ltd. v. Hewlett-Packard Co.*
    2007 U.S. Dist. LEXIS 37315, 21-25 (N.D. Cal. 2007) .............................................. 10

*Moore v. Brewster*,
    96 F.3d 1240, 1245-46 (9th Cir. 1996) .......................................................................... 5

*Murray v. BBC*,
    81 F.3d 287, 292 (2nd Cir. 1996)................................................................................. 13

*Northrop Corp. v. Triad Int'l Mktg, S.A.*
    811 F.2d 1265, 1270 (9th Cir. 1987) .............................................................................. 6

*Omeluk v. Langsten Slip & Batbyggeri A/S*
    52 F.3d 267, 270 (9th Cir. 1995) .................................................................................... 7

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*
    149 F.3d 1086, 1090 (10th Cir. 1998) .......................................................................... 11

*Papendick v. Bosch*,
    410 A.2d 148 (Del. 1979) ............................................................................................... 8

*Peterson v. Kennedy*,
    771 F.2d 1244, 1261 (9th Cir. 1985) .............................................................................. 8

*Piper Aircraft v. Reyno*,
    454 U.S. 235, 249 (1981)............................................................................................... 13

iii

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

SF\629989.2

DEFENDANT EQUITY TRUST (JERSEY)
LIMITED,'S REPLY IN SUPPORT OF
MOTION TO DISMISS

1  *Prewitt Enter., Inc. v. Org. of Petroleum Exporting Countries*
   353 F.3d 916, 924-925 (11th Cir. 2003) ................................................................. 12
2

  *Scherk v. Alberto-Culver Co.*
3     417 U.S. 506, 517 n.11 (1974) ................................................................................. 6

4  *Spector v. L.Q. Motor Inns, Inc.*
   517 F.2d 278, 284 (5th Cir. 1975) .......................................................................... 11
5

  *Starlight Co., Inc. v. Arlington Plastics Mach., Inc.*
6     2001 WL 677908 (N.D. Cal. June 8, 2001) ............................................................ 4

7  *T.M. Hylwa, M.D., Inc. v. Palka,*
   823 F.2d 310 (9th Cir. 1987) ................................................................................... 8
8

  *Thornhill Publishing Co. v. General Tel. & Electronics*
9     594 F.2d 730 (9th Cir. 1979) ................................................................................. 11

10 *Tuazon v. R.J. Reynolds Tobacco Co.,*
   433 F.3d 1163 (9th Cir. 2006) ................................................................. 9, 10, 13
11

  *Unisys Corp. v. Access Co., Ltd.*
12    2005 WL 3157457 (N.D. Cal.) ............................................................................... 6

13 *United States v. Hilsenrath*
   Case No. CR-03-213, WHA, Docket # 392 ............................................................ 2
14

  *Van Steenwyk v. Interamerican Management Consulting Corp.,*
15    834 F. Supp. 336 (E.D. Wash. 1993) ..................................................................... 8

16 *Vess v. Ciba-Geigy Corp. USA,*
   317 F.3d 1097, 1105 (9th Cir. 2003) ..................................................................... 5

17

18

19

20

21

22

23

24

25

26

27

28

iv

1            Defendant Equity Trust (Jersey) Limited ("ETJL") replies as follows to plaintiff

2    Oliver Hilsenrath's opposition to its motion to dismiss:

3    **I.    INTRODUCTION**

4            Rather than addressing directly the substantive points raised in ETJL's motion to

5    dismiss, plaintiff's opposition mainly incorporates by reference the arguments advanced in his

6    Opposition to All Defendants' Motions to Dismiss ("related opposition"), filed in a related case,

7    *Hilsenrath et al. v. Equity Trust, et. al.*, Case No. C-07-3312.  *See* Opposition to All Defendants'

8    Motions to Dismiss on Grounds of Insufficient Service, Lack of Jurisdiction, Venue, and Forum

9    Non Conveniens at Docket ("Related Opp.") # 50.  Nowhere does Mr. Hilsenrath address (much

10   less rebut) the fact that the forum selection clauses contained in his signed agreements with ETJL

11   designate Jersey as the proper forum to entertain this dispute.  Rather, plaintiff claims,

12   ineffectively, that these agreements were obtained by fraud.  He also repeatedly asserts—as if

13   saying it enough times will make it so—that "previous litigations" were brought in this district

14   by ETJL, even though this is demonstrably false.  ETJL has not appeared in any related

15   litigation, and in fact, this Court expressly *rejected* plaintiff's previous attempt to add moving

16   defendant, ETJL, as a party to Case No. C-02-1068.  *See* Order at Docket # 269.  Plaintiff's

17   reliance on this fiction lacks merit.

18           While an Israeli citizen and domiciliary, Mr. Hilsenrath engaged the services of a

19   Jersey trust company to provide offshore trust services for his and his family's assets.  He could

20   have maintained these assets in California or Israel or in any other jurisdiction of his choosing.

21   Instead, Mr. Hilsenrath chose to engage a Jersey trust company, signed an agreement governed

22   by Jersey law, placed their assets in trusts governed by Jersey trust law, and covenanted to

23   "submit to the jurisdiction of the courts" of Jersey.  Accordingly, plaintiff should now be

24   compelled to honor the parties' presumptively valid choice of forum, especially because the

25   Northern District of California has no genuine interest in this dispute, and, indeed, Mr.

26

27

28

1

1   Hilsenrath appears poised to leave California as soon as he serves his criminal sentence.[1] *See*

2   *M/S Bremen v. Zapata Offshore Co.,* 407 U.S. 1 (1972) (forum selection clauses in international

3   contracts are presumptively valid).

4           Plaintiff relies on the same "previous litigations" fiction to support exercise of

5   personal jurisdiction over ETJL.  Plaintiff does not attempt to controvert the sworn declaration of

6   Philip Austin establishing ETJL's lack of meaningful contacts with California.  Rather, he

7   asserts, erroneously, that the contacts of other entities involved in "previous litigations" should

8   be imputed to ETJL.

9           Lastly, plaintiff has not advanced any good reason why his defective service of

10  process should not be quashed or why this forum should be burdened with this litigation

11  involving a Jersey trust company and Israeli citizens in California for the "sole purpose" of

12  defending a criminal prosecution (and subsequently, serving a criminal sentence).  Accordingly,

13  this action should be dismissed on the alternative grounds of insufficient service of process and

14  *forum non conveniens*, respectively.[2]

15  **II.      ARUGMENT**

16          **A.      The Forum Selection Clauses Mandate Dismissal**

17          Mr. Hilsenrath does not dispute that forum selection clauses are "presumptively

18  valid" or that he bears a "heavy burden" in showing that the clauses should not be enforced.  Nor

19  does he argue that this dispute falls outside the scope of his signed contracts with ETJL or that it

20  would be unreasonable to enforce these signed agreements.  Rather, Mr. Hilsenrath argues that

21  the agreements are not enforceable by making unsupported allegations of fraud and attempting to

22  portray himself as an unsophisticated consumer of offshore trust services.  Mr. Hilsenrath also

23

---

24  [1]  *See United States v. Hilsenrath*, Case No. CR-03-213, WHA, Docket # 392:  Motion to
        Correct Sentence Under *Rule* 35 And Application To Clarify Condition of Supervision,
25      signed by Oliver Hilsenrath on July 16, 2007 (stating: "On July 9, 2007, this Court issued its
        sentence.  Oliver Hilsenrath opted to start the 12 months home confinement immediately
26      with the intention to be free to leave the United States as soon as possible thereafter").

27  [2]  A recital of the relevant facts is available in defendant ETJL's memorandum of points and
        authorities in support of its motion to dismiss at Docket #15.

28

2

1    relies on the fiction that ETJL has selected this forum by engaging in prior litigation here.  These

2    are plainly inadequate defenses to enforcement of the forum selection clauses.

3                    **1.        The Forum Selection Clause Governs Plaintiff's Claims**

4                    Mr. Hilsenrath does not dispute that in August 1999, he entered into a

5    Management Agreement with ETJL as to Telecom Associates (T.A.) Limited, a structure he

6    admits is implicated in this litigation.  *See* Austin Declaration in Support of ETJL's Motion to

7    Dismiss ("Austin Decl."), Exh. F.  The T.A. Management Agreement bears the signature of

8    Oliver Hilsenrath.  *See id.*  This Management Agreement also includes forum selection and

9    choice of law clauses requiring application of Jersey law and submission of disputes implicating

10   the Management Agreement to the Jersey courts.  Specifically, the Management Agreement

11   provides:

12               8.  THIS AGREEMENT shall be governed by construed and
                 interpreted in accordance with the laws of the Island of Jersey, and
13               all parties shall submit to the jurisdiction of the courts of the said
                 Island.
14

15   *See id.*, Exhs. F, ¶ 8.

16                   Nor does Mr. Hilsenrath dispute that in June 2001, he entered into a Settlement

17   Agreement with Insinger Trust Company Limited to form the Firefly trust, a structure that he

18   also admits is implicated in this litigation.  Austin Decl. Exh. G.  The Settlement Agreement

19   includes a forum selection and choice of law clause requiring application of Jersey law and

20   administration of the Firefly Trust in the Jersey courts:

21               [t]his Settlement is established under the laws of the Island of
                 Jersey and subject to any change in the Proper Law of this
22               Settlement duly made according to the powers and provisions
                 hereinafter declared the Proper Law of this Settlement shall be the
23               law of the Island of Jersey and the Courts of the said Island shall
                 be the forum for the administration hereof to whose non-exclusive
24               jurisdiction the Trustees shall be deemed to have submitted.

25   See id., Exh. G, ¶ 2.

26                   **2.        The Management Agreement and Settlement Agreement are Valid**

27                   Plaintiff does not dispute that he entered into agreements with ETJL that contain

28

3

LATHAM&WATKINS LLP    SF\629989.2
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT EQUITY TRUST (JERSEY)
LIMITED'S REPLY IN SUPPORT OF  MOTION TO
DISMISS

1    choice of law and choice of forum provisions applicable to this case.[3]  Rather, he relies on a

2    wholly implausible characterization of his own financial sophistication and on inapposite case

3    law to argue that the agreements are unenforceable contracts of adhesion.  This argument plainly

4    lacks merit.  Mr. Hilsenrath cites *Brazil v. Dell Inc*., 2007 U.S. Dist. LEXIS 59095 (N.D. Cal.

5    2007), involving a dispute resolution clause contained on Dell Computer's "Terms and

6    Conditions of Sale," for the proposition that the Management Agreements which he entered into

7    personally with ETJL for trust services should not be enforced.[4]  Mr. Hilsenrath's attempt to

8    liken his situation to that of an ordinary consumer of a technology product who is deemed bound

9    to a lengthy, fine print consumer contract is disingenuous.  *See* Opposition to Kalman, Perkins

10   Motions to Dismiss And/Or Strike, Docket #86.  The facts are undisputed that while a high-

11   salaried CEO of a substantial technology company, Mr. Hilsenrath chose to engage a Jersey trust

12   company with the purpose of off-shoring some of his assets, rather than maintain financial assets

13   in California or Israel.  At about this time, he also chose to maintain financial assets in

14   Switzerland, another indication of his sophistication and experience with off-shoring financial

15   assets.  *See, e.g., Hilsenrath v. Switzerland*, Case No. 07-cv-02782-WHA, currently pending in

16   the Northern District of California.  His allegations of a total lack of financial sophistication ring

17   hollow, and his reliance on *Brazil* is misplaced.  In light of this, Mr. Hilsenrath cannot credibly

18

19   [3]  To the extent that Mr. Hilsenrath is reasserting the argument made in the related opposition, that his claims fall outside the scope of their contracts with ETJL, the argument is inapt.  As made clear in ETJL's opening papers, resolution of plaintiff's tort claims against ETJL will

20   require *interpretation* of the Management Agreement and Settlement Agreement between plaintiff and ETJL.  A party "cannot avoid enforcement of the forum selection clause merely

21   by couching its claims in tort…" *Indemnity Ins. Co. v. Schneider Freight USA, Inc.*, 2001 WL 1356247 at 5 (C.D. Cal. 2001).  Under Ninth Circuit law, "[a]ny causes of action arising

22   out of or implicating the contract containing the forum selection clause are subject to that clause." *Starlight Co., Inc. v. Arlington Plastics Mach., Inc.*, 2001 WL 677908 at *4 (N.D.

23   Cal. June 8, 2001) (citing *Manetti-Farrow, Inc. v. Gucci*, 858 F.2d 509, 514 (9th Cir. 1988).  In *Manetti-Farrow*, the Ninth Circuit enforced the forum selection clause before it, reasoning

24   that plaintiff's tort claim "relate[] in some way to rights and duties enumerated in the exclusive dealership contract" and, therefore, "cannot be adjudicated without analyzing

25   whether the parties were in compliance with the contract."  858 F.2d at 514.  *Manetti-Farrow* is controlling and dispositive.

26   [4]  Plaintiff includes by reference, and thus we address to the extent applicable, his contracts

27   arguments in the Opposition to Kalman, Perkins Motions to Dismiss And/Or Strike, in a related case, *Hilsenrath et al. v. Equity Trust, et. al.,* Case No. C-07-3312, Docket #86.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\629989.2

DEFENDANT EQUITY TRUST (JERSEY)
LIMITED'S REPLY IN SUPPORT OF MOTION TO
DISMISS

1  argue that the selection of Jersey as a forum and Jersey law for disputes with a Jersey-based

2  company are unconscionable contract terms.  *See e.g. Dean Witter Reynolds v. Superior Court*,

3  211 Cal. App. 3d 758, 770-771 (Cal. Ct. App. 1989) (the availability of market choices and the

4  sophistication of the plaintiff are determinative factors in the analysis of an assertedly adhesive

5  agreement).  Moreover, even if we accept *arguendo* that these were contracts of adhesion, Mr.

6  Hilsenrath still cannot claim that the forum selection clause is not valid.  "A finding of adhesion

7  merely begins another inquiry – whether a particular provision within the contract should be

8  denied enforcement on grounds that it defeats the expectations of the weaker party or it is unduly

9  oppressive or unconscionable.  [A] forum selection clause within an adhesion contract will be

10  enforced 'as long as the clause provided adequate notice to the [part]that he was agreeing to the

11  jurisdiction cited in the contract.'"  *Intershop Communications AG v. Superior Court*, 104 Cal.

12  App. 4th 191, 201-202 (Cal. Ct. App. 2002).

13       Further, Mr. Hilsenrath asserts fraud as an affirmative defense to the enforcement

14  of the T.A. Management Agreement but fails to plead it with the particularity required under

15  applicable law.  *See* Fed. R. Civ. P. 9(b) ("In all averments of fraud…, the circumstances

16  constituting fraud…shall be stated with particularity").  He fails to allege, let alone provide

17  evidence of, specific examples of ETJL's alleged misrepresentation, knowledge of any alleged

18  falsity, intent to defraud, justifiable reliance, or damages.  *See Moore v. Brewster*, 96 F.3d 1240,

19  1245-46 (9th Cir. 1996) (finding that plaintiff failed to plead fraud with adequate particularity

20  where "Moore failed to identify any specific statements or actions, let alone explain in what way

21  such statements or actions were fraudulent").  Accordingly, Mr. Hilsenrath's allegations as to

22  fraud should be disregarded.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir.

23  2003) ("if particular averments of fraud are insufficiently pled under Rule 9(b), a district court

24  should 'disregard' those averments, or 'strip' them from the claim").

25      **3.    Enforcement of the Forum Selection Clauses is Reasonable**

26      Enforcing the forum selection clause in Mr. Hilsenrath's contract with ETJL

27  would be reasonable.  The only rebuttal plaintiff offers is to cite to a recent case out of the

28  Central District of California, *Amini Innovation Corporation v. JS Imports Inc.*, 2007 U.S. Dist.

5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\629989.2

DEFENDANT EQUITY TRUST (JERSEY)
LIMITED'S REPLY IN SUPPORT OF MOTION TO
DISMISS

1   LEXIS 43758 (C.D. Cal. May 21, 2007), apparently for the proposition that plaintiff's choice of

2   forum is to be afforded significant weight.  This case is inapposite for several reasons.  First,

3   there was no forum selection clause at issue in *Amini,* which involved a patent infringement

4   claim between parties lacking any contractual relationship.  Where the parties have not agreed in

5   advance on a forum to resolve disputes, courts may afford plaintiff's choice of forum significant

6   weight.  However, "[w]hile courts normally defer to a plaintiff's choice of forum, such deference

7   is inappropriate where the plaintiff has already freely contractually chosen an appropriate

8   venue…. [Thus,] the plaintiffs bear the burden of demonstrating why they should not be bound

9   by their contractual choice of forum."  *Unisys Corp. v. Access Co., Ltd.*, 2005 WL 3157457

10  (N.D. Cal.) at *5, (*quoting Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 880 (3d Cir. 1995)).  Mr.

11  Hilsenrath fails to make this showing.

12          Moreover, *Amini* involved a patent dispute between New York and California

13  corporations that did no business in each other's states.  The test for determining the appropriate

14  venue for that domestic dispute is inapplicable to this dispute which arises between parties whose

15  international commercial contract includes a forum selection clause.  In *Northrop Corp. v. Triad*

16  *Int'l Mktg, S.A.*, the Ninth Circuit observed:  "choice of law and choice of forum provisions in

17  international commercial contracts are an almost indispensable precondition to achievement of

18  the orderliness and predictability essential to any international business transaction, and should

19  be enforced absent strong reasons to set them aside."  811 F.2d 1265, 1270 (9th Cir. 1987).  In

20  other words, "concerns of international comity, respect for the capacities of foreign and

21  transnational tribunals, and sensitivity to the need of the international commercial system for

22  predictability in the resolution of disputes require that we enforce the parties' agreement, **even**

23  **assuming that a contrary result would be forthcoming in a domestic context**."  *Mitsubishi*

24  *Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 629 (1985) (emphasis added).  As

25  the Supreme Court has explained, in a similar context, there is "no basis for a judgment that only

26  United States laws and United States courts should determine this controversy in the face of a

27  solemn agreement between the parties that such controversies be resolved elsewhere."  *Scherk v.*

28  *Alberto-Culver Co.*, 417 U.S. 506, 517 n.11 (1974).  In short, plaintiff has failed to carry his

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

SF\629989.2

DEFENDANT EQUITY TRUST (JERSEY)
LIMITED'S REPLY IN SUPPORT OF  MOTION TO
DISMISS

1  "heavy burden" to show that the parties' forum selection clauses should not be enforced.

2        Lastly, contrary to plaintiff's assertions, most of the key documentary evidence,

3  all of the defendants and many of the likely third-party witnesses in these cases are located

4  outside of California.  Compelling discovery of third-party witnesses and defendants' employees

5  in California will be cumbersome, expensive and time-consuming.  Moreover, as the agreements

6  "shall be governed by construed and interpreted in accordance with the laws of the Island of

7  Jersey," it is plainly reasonable to have Jersey courts apply Jersey law.

8      **B.**     **Personal Jurisdiction is Improper**

9        **1.**     **Plaintiff's Consent-Based Allegations Lack Merit**

10        Plaintiff asserts that personal jurisdiction over ETJL is proper because ETJL

11  availed itself of this forum by litigating *Janvrin et al v. Hilsenrath et al.*, Case No. 4:02-cv-

12  01068-CW (filed March 5, 2002 ("*Janvrin*")), in this Court.  In advancing this argument,

13  plaintiff overlooks the fact that this Court expressly denied plaintiffs' motion to join ETJL as a

14  party in *Janvrin*.  *See* Order at Docket # 269.  In fact, ETJL never appeared in any capacity in

15  *Janvrin* and was never a party to that litigation.

16        **2.**     **Plaintiff Fails to Show that ETJL has Purposefully Availed Itself of**

17          **this Forum or to Rebut the Unreasonableness of Jurisdiction**

18        Demonstrating specific jurisdiction over a defendant requires a showing that: (1)

19  defendant performed some act by which it "purposefully avail[ed] [it[sel[f] of the privilege of

20  conducting activities in the forum," *and* (2) plaintiffs' claims "arise out of" or "result[s] from"

21  the defendant's forum-related contacts, *and* (3) the forum's exercise of personal jurisdiction in

22  the particular case comports with "fair play and substantial justice."  *Omeluk v. Langsten Slip &*

23  *Batbyggeri A/S* 52 F.3d 267, 270 (9th Cir. 1995).

24        a.     ETJL Did Not "Purposefully Avail" Itself of the Forum's Benefits

25        Plaintiff fails to establish that ETJL, a foreign entity, purposefully availed itself of

26  the benefits of conducting activities in California.  Plaintiff's allegation that ETJL "directed all

27  their communication from 1996 to 2007 to plaintiff's residence in [the] California" is not

28  sufficient to establish a basis for personal jurisdiction.  Opp. at 3.  *See Peterson v. Kennedy*, 771

7

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

SF\629989.2

DEFENDANT EQUITY TRUST (JERSEY)
LIMITED'S REPLY IN SUPPORT OF  MOTION TO
DISMISS

1    F.2d 1244, 1261 (9th Cir. 1985) ("Both this court and the courts of California have concluded

2    that ordinarily 'use of the mails, telephone, or other international communications simply do not

3    qualify as purposeful activity invoking the benefits and protection of the [forum] state'")

4    (internal citations omitted).

5            Nor is *T.M. Hylwa, M.D., Inc. v. Palka*, 823 F.2d 310 (9th Cir. 1987), applicable

6    to the assertion of personal jurisdiction over a foreign entity that operates wholly outside of the

7    United States, with respect to a relationship established by contract for services to be performed

8    expressly in a foreign jurisdiction.  In *T.M. Hylwa*, 823 F.2d 310, the Ninth Circuit found that a

9    district court in California could assert jurisdiction over a Kansas-based accountant on the basis

10   of accounting services performed for a California domicile, which included services performed

11   in the California domicile's offices for seven to ten days during each June from 1981 to 1983.

12   ETJL performed all services for Mr. Hilsenrath in Jersey, and these services bore no substantial

13   connection to California.  In fact, as in *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802 (9th Cir.

14   1988), the contractual obligations arising out of the applicable Management Agreement and

15   Settlement Agreement are to be carried out expressly outside the United States.  *See id.* at 817-

16   818 (finding no personal jurisdiction even where the contract had been signed in California and

17   defendant had sent representatives to California to use and observe the plaintiff's facilities where

18   the "substance of the relationship" was formed in England, the contract made no reference to

19   California, and no part of the contract was performed in California).[5]

20           Accordingly, exercise of jurisdiction over ETJL under these circumstances would

21   be improper.  *See Van Steenwyk v. Interamerican Management Consulting Corp.*, 834 F. Supp.

22   336 (E.D. Wash. 1993) (finding that even where defendant solicited plaintiff in Washington and

23   sent pertinent communications to his Washington home, since the contract was to be performed

24   in Indonesia and not in Washington, there was no basis for personal jurisdiction).

25   _____

     [5]   It is unclear for what reason plaintiff cites to *Papendick v. Bosch*, 410 A.2d 148 (Del. 1979).
26         *See* Opp. at 4.  This case does not constitute binding authority nor are the facts of the case,
           holding that where a foreign company creates a corporation under Delaware Corporation
27         Law, Delaware courts may assert personal jurisdiction over the foreign company, analogous
           to the present case.

28

                                                  8

1        b.        The Exercise of Specific Jurisdiction over ETJL Would Be

2              Unreasonable

3        Plaintiff asserts that documents and witnesses can be found in California or in

4  other international locations; that there is significant public interest in the United States in this

5  lawsuit; and that California is the only forum available to him. *See* Opp. 3-5.  To the extent that

6  these arguments go toward the reasonableness of this forum, they are insufficient. *See Core-Vent*

7  *Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488-90 (9th Cir. 1993) (finding specifically that

8  plaintiff bears the burden of proving the unavailability of an alternative forum and that assertions

9  as to cost and inconvenience are insufficient to support this burden; and, generally that

10  "reasonableness" requires balancing of all seven factors and where defendants are citizens of a

11  foreign country and lack connections to the United States and purposeful interjection has been

12  limited, exercise of jurisdiction over defendants is unreasonable).

13        As noted in ETJL's opening papers, the courts of Jersey have a strong interest in

14  adjudicating the issues in dispute here as they concern Jersey trust law as well as the relationship

15  between a Jersey company and the beneficial owner of structures created and administered by the

16  Jersey company pursuant to agreements governed by Jersey law. *See Fields v. Sedgwick*

17  *Associated Risks, Ltd.,* 796 F.2d 299, 302-03 (9th Cir. 1986).  California has no genuine interest

18  in the present dispute in that Mr. Hilsenrath was (and continues to be today) a foreign domicile

19  and California has no application to any purported wrongdoing by ETJL. *See FDIC v. British-*

20  *American Ins. Co.*, 828 F.2d 1439, 1444 (9th Cir. 1987) (California's interest in adjudicating is

21  small where its law does not govern the dispute).  Finally, Mr. Hilsenrath should not be heard to

22  complain that adjudication of this dispute in Jersey will be unreasonable as to him based on his

23  enforced presence in California.

24        Moreover, plaintiff's citation to *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d

25  1163 (9th Cir. 2006), provides scant support for his assertion that the exercise of jurisdiction

26  over ETJL is reasonable.  In *Tuazon*, both plaintiff and defendant were United States residents

27  and defendant had sizeable operations and sales presence in the forum state sufficient to warrant

28  the exercise of general jurisdiction over it.  Thus, unlike the present case where ETJL operates

9

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\629989.2

DEFENDANT EQUITY TRUST (JERSEY)
LIMITED'S REPLY IN SUPPORT OF  MOTION TO
DISMISS

1    wholly outside of the United States, the extent of purposeful interjection into the forum state was

2    substantial and defendant failed to make any colorable claim that there was a burden of

3    defending in the forum state. *Id.* at 1175-1177.  The court in *Tuazon* explicitly acknowledges

4    that the "reasonableness" analysis differs markedly for foreign defendants. *Id.* at *1175.

5    "Evaluation of this burden often contemplates a foreign, as in non-U.S., defendant haled to court

6    in the United States.  In such cases, 'the unique burdens placed upon one who must defend

7    oneself in a foreign legal system should have significant weight in assessing the reasonableness

8    of stretching the long arm of personal jurisdiction over national boarders.'" *Id.* (internal citations

9    omitted).

10                    **3.        A Conspiracy Theory of Personal Jurisdiction is Not Recognized by**

11                                **the Ninth Circuit**

12                    In the related opposition, plaintiff asserts that jurisdiction is proper over ETJL

13    because it was allegedly a member of a conspiracy and a co-conspirator acted in this forum.  In

14    the present case, plaintiff has not alleged conspiracy or RICO but appears to impute contacts of

15    other entities onto ETJL. *See* Opp. at 3.  To the extent that plaintiff attempts to incorporate by

16    reference its arguments in the related opposition relying on *Mackey v. Compass Mktg.,* 391 Md.

17    117 (Md. Ct. App. 2006), such reliance on *Mackey* is misplaced and inapplicable to this case

18    because the Ninth Circuit does not follow *Mackey*, 391 Md. 117. *See id.* at 128, n.3 (citing

19    *Mansour v. Super. Ct. of Orange County*, 38 Cal. App. 4th 1750 (Cal. Ct. App. 1995); *Karsten*

20    *Mfg. Corp. v. U.S. Golf Ass'n*, 728 F. Supp. 1429 (D. Ariz. 1990); *Kipperman v. McCone*, 422 F.

21    Supp. 860 (N.D. Cal. 1976).  (citing to decisions of other Ninth Circuit district courts, including

22    the Northern District of California, for the proposition that many federal courts have "declined to

23    adopt [the conspiracy theory], holding that it is inconsistent with due process").  Indeed, in

24    *Kipperman*, this very Court concluded that "personal jurisdiction over any non-resident

25    individual must be premised upon forum-related acts personally committed by the individual"

26    and that "imputed conduct is a connection too tenuous to warrant the exercise of personal

27    jurisdiction."   422 F. Supp. at 873, s*ee also, MMCA Group, Ltd. v. Hewlett-Packard Co.*, 2007

28    U.S. Dist. LEXIS 37315, 21-25 (N.D. Cal. 2007) (refusing to apply the conspiracy theory of

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

SF\629989.2

DEFENDANT EQUITY TRUST (JERSEY)
LIMITED'S REPLY IN SUPPORT OF  MOTION TO
DISMISS

1  personal jurisdiction, noting that "the majority of courts in California have held that the forum-

2  related activity of co-conspirators cannot be attributed or imputed to nonresident defendants" and

3  that in the Ninth Circuit "the validity of conspiracy theory of jurisdiction in [the] circuit is in

4  doubt").

5  **4.    Resolving the Jurisdictional Issue Must Precede Trial**

6  Plaintiff cites *Thornhill Publishing Co. v. General Tel. & Electronics*, 594 F.2d

7  730 (9th Cir. 1979), for the proposition that this Court should resolve jurisdictional issues only

8  after trial.  Related Opp. at 6.  *Thornhill*, 594 F.2d 730, which deals with the specific case of

9  *subject matter jurisdiction* arising under the Sherman Act, where the jurisdictional issue and the

10 substantive issue are at times "so intermeshed that the question of jurisdiction is dependent on a

11 decision on the merits," is plainly inapposite.  595 F.2d at 739.  Since a court without jurisdiction

12 over the parties cannot render a valid judgment, a court must generally address "Defendants'

13 personal jurisdiction arguments *before reaching the merits* of the case."  *OMI Holdings, Inc. v.

14 Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998).  Plaintiff has not even met the

15 burden necessary to survive a motion to dismiss of making a *prima facie* showing of

16 jurisdictional facts as to ETJL.  *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936).

17 Moreover, in this case, where defendant's lack of contacts with the forum are uncontroverted, the

18 decision on the jurisdictional issues is not dependent on decision on the merits as to warrant a

19 determination of personal jurisdiction at trial.  *cf. Land v. Dollar*, 330 U.S. 731, 735 (1947);

20 *Spector v. L.Q. Motor Inns, Inc.,* 517 F.2d 278, 284 (5th Cir. 1975).

21 **C.    Plaintiff's Service of Process was Insufficient**

22 Plaintiff fails to meet their burden to establish that service was proper with respect

23 to ETJL.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2003).

24 While it is true that Article 10(a) of the Hague Convention allows for service by

25 mail, plaintiff continues to ignore Ninth Circuit precedent requiring service by international mail

26 to comply, in addition, with FRCP 4(f)(2)(C)(ii) or FRCP  4(f)(3).  *See Brockmeyer,* 383 F.3d at

27 808-809.  As *Brockmeyer* makes clear, service of process should have been "sent by the clerk of

28 the court" or delivered in a manner "specifically directed by the district court" under the

11

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\629989.2

DEFENDANT EQUITY TRUST (JERSEY)
LIMITED'S REPLY IN SUPPORT OF  MOTION TO
DISMISS

1  circumstances of this case.  *Id.*

2          Plaintiff's reliance on the principle that service is merely about substance, not

3  form is misplaced.  Related Opp. at 9.  The cases upon which plaintiff relies in support of this

4  proposition involve circumstances in which parties did everything required by the rules

5  governing service of process, and *through no fault of their own*, service was ineffective.  *See,*

6  *e.g., In re Bulk [Extruded] Graphite Prods. Antitrust Litig.*, 2006 U.S. Dist. LEXIS 45762, at

7  *13 (D.N.J.) (dismissal unwarranted because plaintiffs took all the necessary steps to serve in

8  Germany but German Central Authority was delinquent).   When the defects in service are

9  attributable to the party attempting service, as here, even actual notice will not prevent dismissal.

10  *See, e.g., Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004);

11  *Prewitt Enter., Inc. v. Org.  of Petroleum Exporting Countries*, 353 F.3d 916, 924-925 (11th Cir.

12  2003); *Mid-Continent Wood Prod., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991).

13          **D.      The Doctrine of *Forum Non Conveniens* Requires Dismissal**

14          In opposing dismissal on the grounds of *forum non conveniens*, plaintiff

15  conveniently glosses over a number of important considerations:

16  •   Jersey law will govern plaintiff's claims against ETJL.  Jersey courts are best

17      equipped to decide these issues.

18  •   None of the alleged misconduct by any moving defendant occurred in the United

19      States.  The key evidence and witnesses are located in Jersey.

20  •   California has no interest in burdening its courts and citizens with litigation that bears

21      no relationship to California other than it being the temporary residence of plaintiff

22      while he serves out his federal term of incarceration.

23          Where plaintiff does argue against dismissal on grounds of *forum non conveniens*,

24  he does so by asserting that ETJL filed an earlier case, Case No. 02-1068-CW, and therefore

25  have already selected this forum as the appropriate forum to adjudicate this matter."  Opp. at 3.

26  As discussed above, this statement is demonstrably false, as ETJL has not been a party in any

27  related matter in this court, and thus could not have "selected this forum."

28          Additionally, he cites *Deirmenjian v. Deutsche Bank, A.G.,* 2006 U.S. Dist.

12

SF\629989.2

DEFENDANT EQUITY TRUST (JERSEY)
LIMITED'S REPLY IN SUPPORT OF  MOTION TO
DISMISS

1  LEXIS 96772 (C.D. Cal. 2006), for the proposition that courts must be sensitive to "the realities

2  of the plaintiff's position, financial and otherwise, and his or her ability as a practical matter to

3  bring suit in the alternative forum." *Id.* at *37-*39.  However, *Deirmenjian* referred to the

4  specific situation relating to the absence of contingency fee arrangements in foreign jurisdictions.

5  *Deirmenjian* itself notes that "The majority of courts deem a plaintiff's financial hardships

6  resulting from the absence of contingent fee to be only one factor to be weighed in determining

7  the balance of convenience after the court determines that the alternative forum is available.  We

8  agree with the majority rule."  *Id.* at *37-*38 (internal citations omitted).  Indeed, to consider the

9  financial burden on plaintiff the "determinative factor" would ignore the Supreme Court's

10  admonition that "if central emphasis [is] placed on any one factor, the *forum non conveniens*

11  doctrine would lose much of the very flexibility that makes it so valuable."  *See Murray v. BBC*,

12  81 F.3d 287, 292 (2nd Cir. 1996) (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 249 (1981)).

13  Moreover, "plaintiff's position" preventing him from bringing suit in Jersey differs markedly

14  from the absence of contingency fee arrangements in the alternative foreign forum.  ETJL should

15  not be haled into court in California, despite an enforceable forum selection clause, merely

16  because Mr. Hilsenrath has pleaded guilty to felonies in this jurisdiction and subsequently lost

17  his freedom of movement.[6]

18  //

19  //

20  //

21  //

22  //

23

24  [6] We note that plaintiff cites *Tuazon*, 433 F.3d 1163 (9th Cir. 2006), for the undisputed
propositions that plaintiff's choice of forum is entitled deference and that the choice of law
25  factor alone is not sufficient to warrant dismissal on grounds of *forum non conveniens*.  As
previously discussed, the facts of Tuazon are dissimilar to those in this case.  The court denied
26  the *forum non conveniens* motion where both parties resided in the United States and neither
resided in the Philippines; in fact, defendant company conducted business in Washington
27  sufficient to warrant the exercise of general jurisdiction; and, both private and public factors
with the exception of choice of law weighed in favor of Washington over the Philippines.

28

LATHAM&WATKINS™
ATTORNEYS AT LAW
SAN FRANCISCO

SF\629989.2

DEFENDANT EQUITY TRUST (JERSEY)
LIMITED'S REPLY IN SUPPORT OF  MOTION TO
DISMISS

**III.    CONCLUSION**

1

2          In sum, plaintiff has advanced no good reason why this forum should be burdened

3  with this foreign dispute, particularly as plaintiff agreed to litigate such disputes in Jersey in the

4  first place.  The complaint as to ETJL should be dismissed.

5

6  Dated: October 18, 2007

7                                              Respectfully Submitted,
                                                   LATHAM & WATKINS LLP
8

9                                              By  /s/ Katie Chang_____
                                                   ATTORNEYS FOR ETJL
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\629989.2

DEFENDANT EQUITY TRUST (JERSEY)
LIMITED'S REPLY IN SUPPORT OF  MOTION TO
DISMISS