1  REGINALD D. STEER (SBN 56324)
   rsteer@akingump.com
2  MARIA ELLINIKOS (SBN 235528)
   mellinikos@akingump.com
3  ANDREW CHO (SBN 240957)
   acho@akingump.com
4  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   580 California Street, 15th Floor
5  San Francisco, California 94104-1036
   Telephone:     415-765-9500
6  Facsimile:      415-765-9501

7  Attorneys for Specially Appearing Defendant
   Candover Investments PLC

8

9

10

11                    UNITED STATES DISTRICT COURT

                    NORTHERN DISTRICT OF CALIFORNIA
12
                         OAKLAND DIVISION
13

14
   OLIVER HILSENRATH,                        Case No. 07-4162 (CW)
15
                       Plaintiff,            **REPLY OF SPECIALLY APPEARING**
16                                           **DEFENDANT CANDOVER**
             v.                              **INVESTMENTS PLC IN SUPPORT OF**
17                                           **MOTION TO DISMISS FOR LACK OF**
   EQUITY TRUST (JERSEY) LIMITED,            **PERSONAL JURISDICTION AND**
18 CANDOVER INVESTMENTS PLC AND              **INSUFFICIENT SERVICE OF PROCESS**
   DOES 1-10,
19                                           Date:    November 1, 2007
                       Defendants.           Time:    2:00 p.m.
20                                           Ctrm:    2, 4th floor

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................1

II.   ARGUMENT ................................................................................................2

      A.    Plaintiff May Not Incorporate By Reference Pleadings From Separate Actions.....2

      B.    This Court Cannot Exercise Personal Jurisdiction Over Candover Investments
            PLC Because Candover Investments PLC Lacks The Requisite Contacts With
            California ...........................................................................................3

            1.    General Jurisdiction Does Not Exist..............................................3

            2.    Specific Jurisdiction Does Not Exist ............................................3

      C.    Plaintiff Failed to Show That The National Contacts of Candover Investments
            PLC Support This Court's Exercise of Personal Jurisdiction ...................5

      D.    The Court Lacks Jurisdiction Over Candover Investments PLC For the
            Independent Reason That Plaintiff Failed To Properly Serve Candover
            Investments PLC ..................................................................................6

      E.    None of the Jurisdictional Arguments Plaintiff Made in Document 50 Support
            This Court's Exercise of Personal Jurisdiction Over Candover Investments PLC..7

            1.    Other Entities' Contacts With California Do Not Subject Candover
                  Investments PLC to Personal Jurisdiction ....................................8

                  a)  Plaintiff Failed to Prove Alter Ego ......................... 8

                  b)  Plaintiff Failed to Prove Agency ............................ 10

III.  CONCLUSION................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*Abrams Shell v. Shell Oil Co.*,
    165 F. Supp. 2d 1096 (C.D. Cal. 2001)................................................................. 6

*American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert*,
    94 F.3d 586 (9th Cir. 1996) ........................................................................... 8

*Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*,
    1 F.3d 848 (9th Cir. 1993) ............................................................................ 3

*Asahi Metal Industry Co., Ltd. v. Superior Court*,
    480 U.S. 102 (1987) ................................................................................... 5

*Bancroft & Masters, Inc. v. Augusta National Inc.*,
    223 F.3d 1082 (9th Cir. 2000), 433 F.3d 1199, 1207 (9th Cir. 2006)
    *overruled on other grounds by Yahoo! Inc. v.*
    *La Ligue Contre Le Racisme Et L'Antisemitisme*,
    433 F.3d 1199 (9th Cir. 2006) ....................................................................... 3

*Bourassa v. Desrochers*,
    938 F.2d 1056 (9th Cir. 1991) ........................................................................ 6

*Brand v. Menlove Dodge*,
    796 F.2d 1070 (9th Cir. 1986) ........................................................................ 4

*Brockmeyer v. May*,
    383 F.3d 798 (9th Cir. 2004) ......................................................................... 7

*Calvert v. Huckins*,
    875 F. Supp. 674 (E.D. Cal. 1995) ................................................................... 9

*Carghani v. Pewag Austria G.m.b.H.*,
    No. CIV. S-05-0133 WBSJF, 2007 WL. 415992 (E.D. Cal. Feb. 5, 2007)................... 10

*Data Disc, Inc. v. Systems Technology Associates, Inc.*,
    557 F.2d 1280 (9th Cir. 1977) ........................................................................ 3

*Davis v. Bifani*,
    No. 07-cv-00122-MEH-BNB, 2007 U.S. Dist. LEXIS 30080
    (D. Colo. April 24, 2007) ............................................................................. 2

*Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001) ...................................................................... 6, 9

*Doe v. Unocal Corp.*,
    27 F. Supp. 2d 1174 (C.D. Cal. 1998)
    *aff'd Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) ........................................ 6

*Estate of Sumrall v. Ill. Cent. Railroad Co.*,
    No. 2:06CV166KS-MTP, 2007 U.S. Dist. LEXIS 4890 (S.D. Miss. Jan. 23, 2007)...... 10

*Floyveyor International Ltd. v. Superior Ct.*,
    59 Cal. App. 4th 789 (1997)........................................................................... 7

i

*Hilsenrath et al. v. Equity Trust et al.*, United States District Court,
   Northern District of California, San Francisco Division,
   No. C-07-3312 (filed June 25, 2007) ("*Equity Trust I*")................................... 2

*In re Automobile Antitrust Cases I & II*,
   135 Cal. App. 4th 100 (2005)................................................................. 10

*Kott v. Superior Court*,
   45 Cal. App. 4th 1126 (1996)................................................................. 7

*Levitch v. Columbia Broadcasting System Inc.*,
   94 F.R.D. 292 (S.D.N.Y. 1982) ............................................................. 2

*MMCA Group, Ltd. v. Hewlett-Packard Co.*,
   No. C-06-7067 MMC (EMC)
   2007 U.S. Dist. LEXIS 37315 (N.D. Cal. May 8,, 2007 ......................... 4-5

*Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*,
   484 U.S. 97 (1987) .............................................................................. 6

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) .............................................................. 6

*Rae Systems, Inc. v. TSA Systems, Ltd.*,
   No. C 04-2030 FMS,
   2005 U.S. Dist. LEXIS 39450 (N.D. Cal. June 24, 2005) ..................... 4, 9

*Rano v. Sipa Press, Inc.*,
   987 F.2d 580 (9th Cir. 1993) ............................................................... 5

*Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*,
   554 F. Supp. 277 (C.D. Cal. 1983) ...................................................... 9

*Shelter Mutual Ins. Co. v. Public Water Supply Dist. No. 7 of Jefferson County, Missouri*,
   747 F.2d 1195 (8th Cir. 1984) .............................................................. 2

*Sonora Diamond Corp. v. Superior Court*,
   83 Cal. App. 4th 523 (2000)............................................................. 8, 10

*Texas Water Supply Corp. v. Reconstruction Finance Corp.*,
   204 F.2d 190 (5th Cir. 1953) ............................................................... 2

*Tuazon v. R.J. Reynolds Tobacco Co.*,
   433 F.3d 1163 (9th Cir. 2006) ............................................................. 3

**STATUTES**

Fed. R. Civ. P. 4................................................................................ 2, 6, 7

Fed. R. Civ. P. 4(f) .................................................................................. 7

Fed. R. Civ. P. 4(k)(2) .............................................................................. 6

Fed. R. Civ. P. 10(c) ................................................................................ 2

Fed. R. Civ. P. 12(b)(2) .......................................................................... 10

ii

Fed. R. Civ. P. 12(b)(5) ..................................................................................................... 11

REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

I.    **INTRODUCTION**

Plaintiff's Opposition to the Motion to Dismiss of Candover Investments PLC ("Opposition" or "Opp.") fails to remedy the shortcomings of the jurisdictional allegations in Plaintiff's Complaint. Indeed, Plaintiff fails to identify a single contact of Candover Investments PLC with California or the United States to support this Court's exercise of general jurisdiction over Candover Investments PLC. Similarly, Plaintiff fails to identify a single act by Candover Investments PLC in California or the United States out of which Plaintiff's claims against Candover Investments PLC arise to support this Court's exercise of specific jurisdiction over Candover Investments PLC.

Plaintiff improperly attempts to incorporate by reference a pleading Plaintiff and his wife filed in a separate related action "in its entirety as to matters of jurisdiction." Opp. at 2. However, neither the Federal Rules of Civil Procedure, nor federal case law supports the incorporation by reference of pleadings filed in separate actions. Moreover, even if the Court were to permit Plaintiff to incorporate by reference this pleading as to matters of jurisdiction (which it should not), Plaintiff alleged no facts in this pleading sufficient to support this Court's exercise of personal jurisdiction over Candover Investments PLC.

Plaintiff then argues that Candover Investments PLC controls Equity Trust (Jersey) Limited ("Equity Trust"), seeking to hold Candover Investments PLC responsible for the allegedly wrongful acts committed by Equity Trust. Plaintiff not only fails to allege facts sufficient to support his allegations of control, but wrongly asserts that whether Equity Trust is the alter ego of Candover Investments PLC bears no relevance to the jurisdictional analysis. However, absent factual allegations demonstrating that Equity Trust is the alter ego of Candover Investments PLC, the Court may not impute Equity Trust's acts to Candover Investments PLC. Moreover, Plaintiff concedes that the majority of the allegedly wrongful acts occurred before Candover Investments PLC acquired its interest in Equity Trust Holdings SARL, which owns an indirect interest in Equity Trust. Thus, Equity Trust's acts provide no basis to support this Court's exercise of personal jurisdiction over Candover Investments PLC.

REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

1    Finally, Plaintiff concedes that he failed to properly serve Candover Investments PLC pursuant

2    to the procedures set forth in the Hague Convention or Federal Rule of Civil Procedure 4 ("Rule 4").

3    Therefore, the Court lacks personal jurisdiction over Candover Investments PLC.

4    For all these reasons, Candover Investments PLC respectfully urges the Court to grant its

5    motion to dismiss with prejudice.

6    ## II.    ARGUMENT

7    ### A.    Plaintiff May Not Incorporate By Reference Pleadings From Separate Actions

8    Plaintiff seeks to incorporate by reference "in its entirety as to matters of jurisdiction" a

9    pleading ("Document 50") he and his wife filed in a separate action, *Hilsenrath et al. v. Equity Trust et

10   al.*, United States District Court, Northern District of California, San Francisco Division, No. C-07-

11   3312 CW (filed June 25, 2007) ("*Equity Trust I*").[1]   Opp. at 2.  However, the Federal Rules of Civil

12   Procedure only permit references to pleadings and exhibits submitted in the same case.[2]  Fed. R. Civ.

13   Proc. 10(c); *see also Texas Water Supply Corp. v. Reconstruction Finance Corp.*, 204 F. 2d 190, 196

14   (5th Cir. 1953).  Moreover, federal courts addressing this precise issue have repeatedly rejected parties'

15   efforts to incorporate by reference pleadings from separate actions.  *See Texas Water Supply Corp.*, 204

16   F.2d at 196 (no rule permits a party to incorporate by reference a pleading in a separate action); *Davis*

17   *v. Bifani*, No. 07-cv-00122-MEH-BNB, 2007 U.S. Dist. LEXIS 30080, *3 (D. Colo. April 24, 2007)

18   ("the Court does not believe that it is proper to incorporate by reference wholesale the allegations in a

19   complaint in a completely separate action, even if that action is between the same parties").[3]   The

---

20   [1] Plaintiff also improperly refers the Court to claims and counter-claims he alleged in two
21   separate actions (Opp. at 2), without explicitly asking the Court to incorporate by reference any
     particular pleading filed in those actions.  For the reasons detailed below, the Court should deny
22   Plaintiff's implicit request to incorporate by reference other pleadings from separate actions.
     [2] Moreover, Fed. R. Civ. Proc. 10(c) requires a party seeking to incorporate a pleading by
23   reference to clearly identify the statements from the pleading the party seeks to incorporate and to
     attach the pleading. *See Shelter Mutual Ins. Co. v. Public Water Supply Dist. No. 7 of Jefferson*
24   *County, Missouri*, 747 F.2d 1195, 1198 (8th Cir. 1984); *Levitch v. Columbia Broadcasting Sys. Inc.*, 94
     F.R.D. 292, 294 (S.D.N.Y. 1982).  Plaintiff satisfied neither of these requirements here.
25   [3] Indeed, the instant case perfectly illustrates why federal courts reject requests to incorporate
     by reference pleadings from another action.  In Document 50, Plaintiff opposed eight defendants'
26   motions to dismiss for lack of personal jurisdiction, rendering many of the jurisdictional arguments in
     Document 50 inapplicable here.  Plaintiff's request implicitly requires the Court to determine which
27   jurisdictional arguments asserted in Document 50 Plaintiff seeks to incorporate.  No rule requires such
     an undertaking by the Court. *See Davis*, 2007 U.S. Dist. LEXIS 30080, *3.
28

2

REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

1    Court should not, therefore, permit Plaintiff to incorporate by reference any pleading, including

2    Document 50, from a separate action.

3    **B.    This Court Cannot Exercise Personal Jurisdiction Over Candover Investments**
     **PLC Because Candover Investments PLC Lacks The Requisite Contacts With**
4    **California**

5         1.    General Jurisdiction Does Not Exist

6         Plaintiff offers no evidence of any contacts of Candover Investments PLC with California in his

7    Complaint or Opposition. Plaintiff thus cannot contest that the only activity of Candover Investments

8    PLC in California is a passive investment in Lombard Investments, Inc., a California corporation. But

9    "[e]ngaging in commerce with residents of the forum state is not in and of itself the kind of activity

10   that approximates physical presence within the state's borders." *Bancroft & Masters, Inc. v. Augusta*

11   *Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *overruled on other grounds by Yahoo! Inc. v. La Ligue*

12   *Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006); *see also Tuazon v. R.J.*

13   *Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006) ("a defendant must not only step through

14   the door, it must also sit down and make itself at home"). Tellingly, Plaintiff makes no attempt to

15   argue that this single investment constitutes "substantial" or "continuous and systematic" activity in

16   California such that it is reasonable for this Court to exercise personal jurisdiction over Candover

17   Investments PLC. *See Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287

18   (9th Cir. 1977).

19        In light of the Ninth Circuit's exacting standard for general jurisdiction, and Plaintiff's apparent

20   concession that a single passive investment in a California corporation does not confer general

21   jurisdiction, this Court cannot exercise general jurisdiction over Candover Investments PLC. *See*

22   *Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993) (noting that the

23   Ninth Circuit has "regularly . . . declined to find general jurisdiction even where the contacts were

24   quite extensive").

25        2.    Specific Jurisdiction Does Not Exist

26        To support this Court's exercise of specific jurisdiction over Candover Investments PLC,

27   Plaintiff must allege that his claims arise out of an act Candover Investments PLC performed or

28
                                                    3
──────────────────────────────────────────────
REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

business it conducted in California, and that the exercise of personal jurisdiction is reasonable. *Brand*
*v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986). But Plaintiff does not allege that his claims
arise out of any direct act by Candover Investments PLC, let alone an act by Candover Investments
PLC in California.[4] Instead, Plaintiff argues that the allegedly wrongful acts of Equity Trust support
this Court's exercise of specific jurisdiction over Candover Investments PLC. Plaintiff's argument
fails for two independent reasons.

First, Plaintiff's argument consists of nothing more than conclusory allegations that Candover
Investments PLC controls Equity Trust. *See* Compl. ¶ 16 (Candover Investments PLC "is a UK
corporation that controls Equity Trust"); Opp. at 2 (Candover Investments PLC "is an integral part of
[Equity Trust's] management").[5] However, "[a]t the pleading stage, conclusory allegations that a
corporate entity is the alter ego of the defendant are insufficient to survive a motion to dismiss." *See*
*Rae Systems, Inc. v. TSA Systems, Ltd.*, No. C 04-2030 FMS, 2005 U.S. Dist. LEXIS 39450, *9-10
(N.D. Cal. June 24, 2005).

Rather than offering factual support for the allegations of control, Plaintiff argues that the alter
ego doctrine bears no relevance to the jurisdictional analysis. Opp. at 2-3. But to impute Equity
Trust's acts to Candover Investments PLC requires <u>evidence</u> that Equity Trust is the alter ego of
Candover Investments PLC.[6] *See id.* at *8. Plaintiff's failure to present any such evidence defeats his

---

[4] Although Plaintiff's Opposition seeks to attribute acts such as the alleged destruction of
documents to "defendants" (*see e.g.* Opp. at 3), Plaintiff alleges nowhere in the Complaint or
Opposition any wrongful act by Candover Investments PLC. Moreover, Plaintiff disingenuously
attributes to Candover Investments PLC acts which occurred before Candover Investments PLC even
acquired its indirect passive interest in Equity Trust. For example, Plaintiff argues "defendants"
established the Firefly Trust "on the basis of fraud" in 2001 (Opp. at 7), when in fact, as Plaintiff
admits, Candover Investments PLC owned no interest in Equity Trust in 2001 (Compl. ¶ 16).

[5] Plaintiff falsely claims that Candover Investments PLC "carr[ies] 100% of Equity Trust's
value" on its books, when in fact, Candover Investments PLC owns an approximate 5% interest in
Equity Trust Holdings SARL, which owns an indirect interest in Equity Trust. *See* Declaration of
Andrew Moberly in Support of Motion of Specially Appearing Defendant Candover Investments PLC
to Dismiss ¶ 14. The interest Candover Investments PLC owns in Equity Trust Holdings SARL has
varied between 5.2% and 5.5% since 2003. *Id.*

[6] Although Plaintiff's Complaint fails to allege a conspiracy, Plaintiff attempts to incorporate by
reference his conspiracy claim from a pleading he filed in a separate action (Opp. at 2) to hold
Candover Investments PLC responsible for Equity Trust's allegedly wrongful acts under a conspiracy
theory of jurisdiction. But Plaintiff may not incorporate by reference pleadings from other actions.
*See infra* Section I.A. Moreover, "the majority of courts in California have held that the forum-related
activity of co-conspirators cannot be attributed or imputed to nonresident defendants." *MMCA Group,*

4

1  claim that the acts of Equity Trust support this Court's exercise of specific jurisdiction over Candover

2  Investments PLC. *See infra* Section II.E.1.a.

3        Second, Plaintiff concedes that the majority of allegedly wrongful acts committed by Equity

4  Trust occurred before 2003, when Candover Investments PLC acquired its interest in Equity Trust

5  Holdings SARL. Compl. ¶¶ 29-63.

6        Finally, even if the Court attributes the acts of Equity Trust to Candover Investments PLC to

7  support its exercise of personal jurisdiction over Candover Investments PLC (which it should not), a

8  reasonableness analysis compels a contrary result. Candover Investments PLC is a holding company

9  based in the United Kingdom and conducts no business in California. The burden of defending an

10 action in California alone renders the exercise of personal jurisdiction unreasonable. *See Asahi Metal*

11 *Industry Co., Ltd. v. Superior Court*, 480 U.S. 102, 114 (1987) ("The unique burdens placed upon one

12 who must defend oneself in a foreign legal system should have significant weight in assessing the

13 reasonableness of stretching the long arm of personal jurisdiction over national borders."); *Rano v.*

14 *Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993) ("Litigation against an alien defendant requires a

15 higher jurisdictional barrier than litigation against a citizen from a sister state.").

16       In sum, this Court should not exercise specific jurisdiction over Candover Investments PLC

17 because Plaintiff failed to establish that Candover Investments PLC directed an activity at California or

18 its residents out of which his claims arise, or that it would be reasonable for this Court to exercise

19 personal jurisdiction.

20     **C.**    **Plaintiff Failed to Show That The National Contacts of Candover Investments**
                    **PLC Support This Court's Exercise of Personal Jurisdiction**
21

22       Plaintiff argues that Candover Investments PLC has "solid contacts with the United States and

23 [has] the United States at the top of [its] financial priorities" (Opp. at 9) but provides no evidence of

24 the national contacts of Candover Investments PLC. Plaintiff further fails to argue how any supposed

25

26

27 *Ltd. v. Hewlett-Packard Co.*, No. C-06-7067 MMC (EMC), 2007 U.S. Dist. LEXIS 37315, *21 (N.D.
   Cal. May 8, 2007).
28                            5

1  national contacts support this Court's exercise of personal jurisdiction over Candover Investments

2  PLC.

3        Indeed, Plaintiff does not contest the inapplicability of Rule 4(k)(2).  Rule 4(k)(2) requires

4  Plaintiff to prove that: (1) his claims arise out of federal law; (2) the defendant is not subject to the

5  personal jurisdiction of any state court of general jurisdiction; and (3) the federal court's exercise of

6  personal jurisdiction comports with due process.  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th

7  Cir. 2006).  Plaintiff nowhere disputes his burden to satisfy these requirements, nor his failure to satisfy

8  them.  For the reasons stated herein and in the Motion to Dismiss of Candover Investments PLC, the

9  Court may not exercise personal jurisdiction pursuant to Rule 4(k)(2).

10        Moreover, federal courts do not have nationwide personal jurisdiction; "[a] federal court has

11  powers of personal jurisdiction as broad as the courts of the state in which it sits, but no broader."

12  *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1104 (C.D. Cal. 2001) (*citing Omni Capital*

13  *International, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104-05 (1987)); *see also Doe v. Unocal*

14  *Corp.*, 27 F. Supp. 2d 1174, 1183 (C.D. Cal. 1998) *aff'd Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir.

15  2001).  However, in cases that arise out of statutes which permit nationwide or worldwide service of

16  process, so long as the properly served defendant has minimum contacts with the United States as a

17  whole, the defendant may be subject to personal jurisdiction in any federal district.  *See Doe v. Unocal*

18  *Corp.*, 27 F. Supp. 2d at 1182; *Bourassa v. Desrochers*, 938 F.2d 1056, 1058 (9th Cir. 1991).  Here,

19  Plaintiff's claims against Candover Investments PLC do not arise under any statute authorizing

20  worldwide service of process so the national contacts of Candover Investments PLC are irrelevant to

21  the jurisdictional analysis.

22      **D.**    **The Court Lacks Jurisdiction Over Candover Investments PLC For the**
               **Independent Reason That Plaintiff Failed To Properly Serve Candover**

23                 **Investments PLC**

24        "Before a federal court may exercise personal jurisdiction over a defendant, the procedural

25  requirement of service of [process] must be satisfied." *Omni Capital Interational, Ltd. v. Rudolf Wolff*

26  *& Co., Ltd.*, 484 U.S. 97, 104 (1987).  Rule 4 and the Hague Convention on the Service Abroad of

27

28

REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

Judicial and Extra-judicial Documents in Civil or Commercial Matters[7] ("Hague Convention") govern service in the instant action. Plaintiff does not dispute that he tried to serve Candover Investments PLC via Federal Express without obtaining the Court's permission, and that his method of service failed to satisfy the requirements of Rule 4.[8] Nor does Plaintiff dispute that he failed to comply with the provisions of the Hague Convention.[9] *See e.g. Floyveyor Int.'l Ltd. v. Superior Ct.*, 59 Cal. App. 4th 789, 794 (1997); *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1136 (1996). Accordingly, because Plaintiff failed to properly serve Candover Investments PLC, the Court lacks personal jurisdiction over Candover Investments PLC.

**E.    None of the Jurisdictional Arguments Plaintiff Made in Document 50 Support This Court's Exercise of Personal Jurisdiction Over Candover Investments PLC**

For the reasons set forth above (*see supra* Section II.A.), the Court need not address the jurisdictional arguments that Plaintiff erroneously sought to incorporate by reference from Document 50.[10] However, if the Court is inclined to address these arguments, they compel the same result because Plaintiff failed to allege facts sufficient to support this Court's exercise of personal jurisdiction over Candover Investments PLC.

---

[7] 20 U.S.T. 1361, 658 U.N.T.S. 163, T.I.A.S. No. 6638, 28 U.S.C.A. (Appendix following Fed. R. Civ. Proc. 4 (2007).

[8] Rule 4 authorizes service by international mail only "if sent by the clerk of the court" or "if directed by the court". *See* Fed. R. Civ. Proc. 4(f).

[9] The Hague Convention authorizes service by a Central Authority. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

[10] The Court also need not address Plaintiff's meritless claim that Candover Investments PLC dramatically increased its reported business with the United States in the declarations of Andrew Moberly filed in support of the motion of Candover Investments PLC to dismiss Plaintiff's complaint in *Equity Trust I* and in support of its reply to Document 50. Moreover, as discussed above (*see supra* Section II.C.), the national contacts of Candover Investments PLC are not relevant to the jurisdictional analysis, and the parties agree that the passive interest Candover Investments PLC owns in Lombard Investments Inc. is the only contact of Candover Investments PLC with California (*see supra* Section II.B.1.).

1.    <u>Other Entities' Contacts With California Do Not Subject Candover Investments PLC to Personal Jurisdiction[11]</u>

Plaintiff seemingly asked the Court to impute the contacts of entities in which Candover Investments PLC invested and the contacts of its subsidiaries to Candover Investments PLC under the doctrines of alter ego or agency. But Plaintiff failed to establish that any of these entities are the alter egos or agents of Candover Investments PLC.

a)    Plaintiff Failed to Prove Alter Ego

To prove alter ego, Plaintiff must show that: (1) there is "such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist"; and (2) the failure to disregard their separate identities would lead to "an inequitable result". *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000); *see also American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 591 (9th Cir. 1996). When applying the alter ego doctrine, courts consider the "commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other." *Sonora Diamond*, 83 Cal. App. 4th at 538-39.

None of these factors are present here. With respect to Equity Trust, Plaintiff again offered only conclusory allegations that Candover Investments PLC controls Equity Trust. *See* Document 50 at 17 (Candover Investments PLC acts as the "*de facto* management" of Equity Trust).[12] However, "[a]t the pleading stage, conclusory allegations that a corporate entity is the alter ego of the defendant

---

[11] Because Plaintiff's claims fail to implicate the application of the national contacts test (*see supra* Section II.C.), other entities' national contacts contribute nothing to the jurisdictional analysis.

[12] Plaintiff also claimed that abstract statements made in the 2006 Report and Accounts of the Candover Group, and published on the website of a subsidiary of Candover Investments PLC, aptly describe the relationship between Candover Investments PLC and Equity Trust. Document 50 at 17. However, the corporate websites of the subsidiaries of Candover Investments PLC are prepared by its subsidiaries and are not controlled by Candover Investments PLC. *See* Declaration of Andrew Moberly in Support of Reply of Candover Investments PLC ("Moberly Decl."), ¶ 2. Plaintiff improperly attributed these statements to Candover Investments PLC without the necessary evidence that its subsidiary is the alter ego or agent of Candover Investments PLC.

8

1  are insufficient to survive a motion to dismiss." *See Rae Systems, Inc.*, 2005 U.S. Dist. LEXIS 39450,

2  *9-10.

3        Similarly, Plaintiff claimed that Candover Investments PLC owns and operates "$2 billion

4  worth of business in the United States" (Document 50 at 18), but merely listed companies in which

5  Candover Investments PLC owns non-controlling minority interests.[13]   That Candover Investments

6  PLC owns non-controlling minority interests in these companies negates Plaintiff's alter ego theory.[14]

7        Moreover, the contacts of the subsidiaries of Candover Investments PLC do not confer personal

8  jurisdiction over Candover Investments PLC.  "There is a presumption of corporate separateness that

9  must be overcome by clear evidence that the parent in fact controls the activities of the subsidiary."

10  *Calvert v. Huckins*, 875 F. Supp. 674, 678 (E.D. Cal. 1995).  "Sole ownership of the subsidiary by the

11  parent is not enough."  *Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*, 554 F. Supp. 277, 279

12  (C.D. Cal. 1983).  Rather, the record must indicate that "the parent dictates every facet of the

13  subsidiary's business – from broad policy decisions to routine matters of day-to-day operations."  *Doe*

14  *v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001) (citations omitted); *see also Calvert*, 875 F. Supp. at

15  679.[15]  Plaintiff presented no evidence that Candover Investments PLC dictates the business of its

16  subsidiaries or is involved in their day-to-day operations.  Plaintiff relied solely on the websites of

17  Candover Investments PLC or its subsidiary, and publications found on these websites, but nothing on

18    [13] Candover Investments PLC owns a 6.0% (fully diluted) indirect passive interest in Wood
19  Mackenzie Group Limited, a 4.0% (fully diluted) passive interest in Springer Science + Business
Media SA, a 1.4% (fully diluted) passive interest in Wellstream Holdings plc, and a 0.9% (fully
20  diluted) passive interest in Aspen Insurance Holdings Limited.  Moberly Decl., at ¶¶ 3-6.  Candover
Investments PLC does not control these entities.  *Id.*  Moreover, between September 1986 and
21  September 2007, Candover Investments PLC owned approximately an 8.5% (fully diluted) passive
interest in Dakota, Minnesota & Eastern Railroad Corporation ("DMERC").  *Id.* at ¶ 7.  Candover
22  Investments PLC recently sold its interest in DMERC to Canadian Pacific Railroad.  *Id.*  Candover
Investments PLC did not control DMERC.  *Id.*  Between July 2004 and August 2007, Candover
23  Investments PLC owned approximately a 2.5% (fully diluted) passive interest in Vetco International
Limited, a British corporation.  *Id.* at ¶ 8.  Candover Investments PLC subsequently sold its interest.
24  *Id.*  Candover Investments PLC did not control Vetco International Limited.  *Id.*
       [14] Notably, Plaintiff failed to even allege what, if any, contacts these entities have with
25  California to impute to Candover Investments PLC to support this Court's exercise of personal
jurisdiction.
26       [15] Under California law, inadequate capitalization of a subsidiary may alone be a basis for
holding the parent corporation liable for the acts of its subsidiary, but Plaintiffs offer no evidence that
27  any of the subsidiaries of Candover Investments PLC are undercapitalized.  *See Doe v. Unocal Corp.*,
248 F.3d at 927.
28

REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

1   these websites indicates that Candover Investments PLC exercises any control over the operations of

2   its subsidiaries. *See Carghani v. Pewag Austria G.m.b.H.*, No. CIV. S-05-0133 WBSJF, 2007 WL

3   415992, *6-7 (E.D. Cal. Feb. 5, 2007).

4       Simply put, Plaintiff's alter ego argument lacks factual support, and the Court cannot therefore

5   impute to Candover Investments PLC the contacts of Equity Trust, other companies in which Candover

6   Investments PLC invested, or subsidiaries of Candover Investments PLC to support its exercise of

7   personal jurisdiction.

8                    b)      Plaintiff Failed to Prove Agency

9       To prove agency, Plaintiff must show by substantial credible evidence, that "the alleged

10  principal had the right to control the activities of the alleged agent." *In re Automobile Antitrust Cases I*

11  *& II*, 135 Cal. App. 4th 100, 120 (2005); *see also Sonora Diamond*, 83 Cal. App. 4th at 541 ("Control

12  is the key characteristic of the agent/principal relationship."). The foreign company must exercise "a

13  highly pervasive degree of control over the local subsidiary" and "veer into management and day-to-

14  day operations of the local subsidiary." *In re Automobile Antitrust Cases I & II*, 135 Cal. App. 4th at

15  120. Moreover, "jurisdiction will not lie when the parent is a true holding company, the business of

16  which is not operations but passive investment in a subsidiary company." Id. at 121. "Investment

17  alone is not a sufficient ground to exercise general jurisdiction, even if the foreign corporation could

18  have chosen to simply run the local business itself." Id. at 121.

19      But Plaintiff alleged no facts establishing that Candover Investments PLC participated in the

20  day-to-day activities of either the companies in which it invested, including Equity Trust, or of its

21  subsidiaries. *See infra* Sections II.E.1.a. Moreover, Candover Investments PLC is a holding company

22  in the business of investing.[16] The facts do not support this Court's exercise of personal jurisdiction

23  over Candover Investments PLC under an agency theory.

---

24  

25      [16] Notably, *Estate of Sumrall v. Ill. Cent. Railroad Co.*, on which Plaintiff relied, is inapposite.
    No. 2:06CV166KS-MTP, 2007 U.S. Dist. LEXIS 4890 (S.D. Miss. Jan. 23, 2007). In *Sumrall*, the

26  court held that the exercise of personal jurisdiction over the holding company was proper because the
    holding company's own documents stated that it served Mississippi and the plaintiff's claims arose out

27  of the holding company's contacts with Mississippi. *Id.* at *18-19. Plaintiff's claims, however, do not
    arise out of any acts of Candover Investments PLC, and Plaintiff offers no documents published by

28  Candover Investments PLC stating that it conducts business in California or the United States.

REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

1

III.   **CONCLUSION**

2
        For all the reasons set forth above and in its motion to dismiss, Candover Investments PLC

3
respectfully requests that this Court grant its Motion to Dismiss For Lack of Personal Jurisdiction and

4
Insufficient Service of Process pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5).

5

6
Dated:  October 18, 2007                    AKIN GUMP STRAUSS HAUER & FELD LLP

7

8
                                            By_____/s/_____
                                                      Maria Ellinikos
9                                           Attorneys for Specially Appearing Defendant
                                            Candover Investments PLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28